1  J. KEVIN LILLY, Bar No. 119981
   klilly@littler.com
2  KARA L. JASSY, Bar No. 198846
   kjassy@littler.com
3  SCOTT M. LIDMAN, Bar No. 199433
   slidman@littler.com
4  LITTLER MENDELSON, P.C.
   2049 Century Park East
5  5th Floor
   Los Angeles, CA  90067.3107
6  Telephone:  310.553.0308
   Facsimile:  310.553.5583
7
   Attorneys for Defendants
8  ASHLEY FURNITURE INDUSTRIES, INC. AND
   STONELEDGE FURNITURE LLC
9

FILED
CLERK, U.S. DISTRICT COURT

OCT  5 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12  RICARDO BERMUDEZ VAQUERO,      Case No.  CV12 - 08590 PA(MANx)
    on behalf of himself and all others
13  similarly situated,                      DEFENDANTS' NOTICE TO
                                             FEDERAL COURT OF REMOVAL
14                Plaintiff,                  OF CIVIL ACTION FROM STATE
                                             COURT PURSUANT TO 28 U.S.C.
15  v.                                       § 1332 (a) (DIVERSITY
                                             JURISDICTION) AND PURSUANT
16  ASHLEY FURNITURE                         TO 28 U.S.C. § 1332 (d)(2) (CAFA)
    INDUSTRIES, INC., A Wisconsin
17  Corporation; STONELEDGE
    FURNITURE LLC, a Wisconsin
18  Limited Liability Corporation, and
    DOES 1 through 10, Inclusive,           Trial Date:  None Set
19
                  Defendant.
20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

1    TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2    CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF AND HIS ATTORNEYS OF

3    RECORD:

4         PLEASE TAKE NOTICE that Defendants Ashley Furniture Industries,

5    Inc. ("Ashley") and Stoneledge Furniture LLC ("Stoneledge") (Ashley and Stoneledge

6    are collectively referred to herein as "Defendants")[1] hereby remove the above-

7    captioned action from the Los Angeles Superior Court in the State of California to the

8    United States District Court for the Central District of California.

9         This removal is based on 28 U.S.C. §§ 1441, and 1446.  This Notice is

10   based upon the original jurisdiction of this Court over the parties under 28 U.S.C

11   §1332(a) and the existence of complete diversity of citizenship among the parties, as

12   well as 28 U.S.C. § 1332(d) (Class Action Fairness Act).

13                    **STATEMENT OF JURISDICTION**

14        1.    This Court has original jurisdiction over this action under the

15   diversity of citizenship statute.   *See* 28 U.S.C. § 1332(a).   In relevant part, the

16   diversity statute grants district courts original jurisdiction over civil actions where the

17   matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

18   costs, and is between citizens of different states.   As set forth below, this case meets

19   all of the diversity statute's requirements for removal and is timely and properly

20   removed by the filing of this Notice. *See* 28 U.S.C. §§ 1332, 1441(a), and 1446.

21        2.    This Court also has original jurisdiction over this action under the

22   Class Action Fairness Act of 2005 ("CAFA").   *See* 28 U.S.C. section 1332(d).   In

23   relevant part, CAFA grants district courts original jurisdiction over class actions filed

24   under federal or state law in which any member of a class of plaintiffs is a citizen of a

25   state different from any defendant and where the amount in controversy for the

26   ───────────────

27   [1] Plaintiff worked as a Sales Associate for Stoneledge Furniture LLC ("Stoneledge"). Accordingly, the putative class members are Sales Associates employed in

28   Stoneledge's fourteen (14) California locations.  Declaration of Troy Muller ("Muller Decl.") ¶9.

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

1.

putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs.  As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.  *See* 28 U.S.C. §§ 1332, 1441(a), and 1446.

## VENUE

3.     The action was filed in Los Angeles Superior Court.   Venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 84(a), and 1441(a) and 1446. Venue of this action is also proper pursuant to 28 U.S.C. section 1391, providing that an action may be venued in a judicial district where a substantial part of the event or omissions giving rise to the claim occurred.  *See* 28 U.S.C. § 1391(a).

## PLEADINGS, PROCESS AND ORDERS

4.     On August 24, 2012, Plaintiff Ricardo Vaquero ("Plaintiff") filed a class action complaint in the Superior Court for the County of Los Angeles entitled *Ricardo Bermudez Vaquero, on behalf of himself and all others similarly situated v. Ashley Furniture Industries, Inc., a Wisconsin Corporation; Stoneledge Furniture LLC, a Wisconsin Limited Liability Corporation, and DOES 1 through 10, inclusive,* Los Angeles Superior Court Case No. BC490678 (herein referred to as the "Complaint").   Plaintiff purports to represent himself and all of "Defendants' California Sales Associates who worked under a pay plan which compensated them only with sales commissions during the four years before the filing of this Complaint through the time of trial."  Complaint, ¶ 22.

5.     Plaintiff asserts the following causes of action in his Complaint: (1)  Failure to Pay Minimum/Overtime Wages (Labor Code §§ 510, 1194); (2) Failure to Provide Meal Periods or Compensation in Lieu of (Labor Code § 226.7); (3) Failure to Provide Paid Rest Periods or Compensation in Lieu of (Labor Code §§ 226.7, 512); (4) Failure to Timely Pay Wages at Separation (Labor Code §§201-203); (5) Failure to Provide Accurate Itemized Wage Statements (Labor Code § 226(a)(b)); (6) Violation

LITTLER MENDELSON, P.C.
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

2.

1  of Unfair Business Practices Act (Business & Professions Code §§ 17200-17208); and

2  (7) Violation of Private Attorneys General Act (PAGA) (Labor Code §§ 2698, et

3  seq.).  A true and correct copy of the Complaint is attached hereto as Exhibit A.

4        6.    Defendants' agent for service of process was served on September

5  5, 2012 with the Complaint, together with accompanying Summons and pleadings.

6  True and correct copies of the Summons and accompanying documents are attached

7  collectively as Exhibit B: Summons, Civil Case Cover Sheet and Civil Case Cover

8  Sheet Addendum and Statement of Location, Complaint, Superior Court of California,

9  County of Los Angeles Notice of Case Assignment – Class Action Cases, Superior

10  Court of California, County of Los Angeles Alternative Dispute Resolution (ADR)

11  Information Package, and Voluntary Efficient Litigation Stipulations.

12        7.    On October 3, 2012, Defendants filed an Answer to the Complaint,

13  a true and correct copy of which is attached hereto as Exhibit C.

14        8.    Defendants all join in this Notice of Removal.

15        9.    Since the Doe defendants have not yet been served, they need not

16  join or consent to Defendants' notice of removal.  *Salveson v. Western States*

17  *Bankcard Ass'n*, 731 F.2d 1426, 1429 (9th Cir. 1984) (named defendants not yet

18  served in state court action need not join the notice of removal).  Furthermore, CAFA

19  permits any defendant to unilaterally remove the action if requirements of CAFA for

20  removal are met, as they are here.  *See* 28 U.S.C. § 1453(b).

21        10.   To Defendants' knowledge, no further process, pleadings, or

22  orders related to this case have been filed in Los Angeles County Superior Court.

23                  **TIMELINESS OF REMOVAL**

24        11.   An action may be removed from state court by filing a notice of

25  removal, together with a copy of all process, pleadings, and orders served on the

26  defendant, within thirty days of defendant receiving the initial pleading.  *See* 28

27  U.S.C. § 1446(a), (b).  Removal of this action is timely because this Notice has been

28  filed within thirty days from September 5, 2012, when Defendants were served with

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

3.

1    the Complaint and first became aware that the action was removable. *See* 28 U.S.C. §

2    1446(b).  As referenced above, this Notice also contains all process, pleadings and

3    orders that were served on Defendants, and the Answer served by Defendants on

4    October 3, 2012. *See* Exhibits A - C.

5    **DIVERSITY JURISDICTION**

6         12.   The diversity of citizenship statute provides in pertinent part that

7    "[t]he district courts shall have original jurisdiction of all civil actions where the

8    matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

9    costs, and is between — (1) citizens of different States . . . ." *See* 28 U.S.C. § 1332(a).

10       **A.**    **Diversity of Citizenship.**

11        13.   For diversity purposes, a person is a "citizen" of the state in which

12    he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th

13    Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001)

14    (citizenship determined at the time the lawsuit is filed); *see also Lundquist v.*

15    *Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991).  A person's domicile is

16    the place he or she resides with the intention to remain, or to which he or she intends

17    to return. *See Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

18        14.   Plaintiff was at the time of the filing of this action, and currently is,

19    a resident and citizen of the State of California.  Complaint, ¶ 11 (Plaintiff alleges he

20    is a resident of Los Angeles County, California); *see Lew v. Moss*, 797 F.2d 747, 751

21    (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting

22    diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514,

23    519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency

24    "created a presumption of continuing residence in [state] and put the burden of coming

25    forward with contrary evidence on the party seeking to prove otherwise"); *see also*

26    *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of

27    residence provides "prima facie" case of domicile).

28        15.   "[T]he citizenship of an LLC for purposes of the diversity

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4.

1    jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F3d 729,

2    731 (7th Cir. 1998); *GMAC Comm'l Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F3d

3    827, 829 (8th Cir. 2004); *Johnson v. Columbia Properties Anchorage, LP*, 437 F3d

4    894, 899 (9th Cir. 2006).

5            16.    At the time the action was commenced, Defendant Stoneledge was,

6    and still is, a Wisconsin limited liability company with its principle place of business

7    and headquarters located in Arcadia, Wisconsin.  Stoneledge Furniture LLC consists

8    of one member - Ashley Furniture Industries, Inc. - which was at all times a citizen of

9    the State of Wisconsin.  Declaration of Troy Muller ("Muller Decl.") ¶¶3, 7.

10           17.    Stoneledge's human resources, finance, information technology,

11   legal and sales and marketing are managed from the Arcadia headquarters.    Muller

12   Decl. ¶7.  Most of the corporate-wide decisions relating to Stoneledge are made from

13   Arcadia.    The types of corporate decisions made in Arcadia include: decisions

14   regarding corporate policy; decisions regarding the purchase, financing and leasing of

15   real properties; legal decisions; significant decisions regarding contracts and other

16   purchasing;  decisions  regarding  Stoneledge's  press  releases  and  public  affairs;

17   decisions regarding banking relationships and cash management accounts; decisions

18   regarding accounting policies; decisions regarding revenue management; decisions

19   regarding safety and security policy-making; and setting budget limits or making

20   policy decisions regarding advertising and marketing.  Muller Decl. ¶8.

21           18.    For purposes of § 1332, a corporation is deemed to be a citizen of

22   any State by which it has been incorporated and of the State where it has its principal

23   place of business. *See* 28 U.S.C. § 1332(c)(1).  As recently clarified by the United

24   States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. ___ , 130 S. Ct. 1181; 175 L.

25   Ed. 2d 1029 (2010), "the phrase 'principal place of business' in § 1332(c)(1) refers to

26   the place where a corporation's high level officers direct, control, and coordinate the

27   corporation's activities, *i.e.*, its 'nerve center,' which will typically be found at its

28   corporate headquarters."

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

5.

19.    At the time the action was commenced, Defendant Ashley was, and still is incorporated under the laws of the State of Wisconsin and is therefore a citizen of the State of Wisconsin.  *See* 28 U.S.C. § 1332(c)(1); Muller Decl. ¶5.

20.    Ashley has its headquarters at One Ashley Way, Arcadia, Wisconsin.  Muller Decl. ¶5.

21.    Ashley's operations management, human resources, finance, information technology, distribution operations, legal and sales and marketing are managed from the Arcadia headquarters.  Muller Decl. ¶5.

22.    Most of the corporate-wide decisions relating to Ashley's are made from Arcadia.  Muller Decl. ¶6.  The types of corporate decisions made in Arcadia include: decisions regarding corporate policy; decisions regarding the purchase, financing and leasing of real properties; legal decisions; significant decisions regarding contracts and other purchasing; decisions regarding Ashley's press releases and public affairs; decisions regarding banking relationships and cash management accounts; decisions regarding payroll; decisions regarding revenue management; decisions regarding safety and security policy-making; and policy decisions regarding advertising and marketing.  *Id.*  Ashley's "nerve center" and, thus, its principal place of business, is located in Arcadia, Wisconsin.  *See Hertz*, 130 S. Ct. at 1192.

23.    Because, as detailed above, Defendant Ashley is a citizen of the State of Wisconsin, diversity of citizenship exists as between Ashley and Plaintiff.

24.    Because Defendant Stoneledge has one member – Ashley – and that member is a citizen of the State of Wisconsin, Stoneledge is deemed a citizen of Wisconsin and diversity of citizenship exists as between Stoneledge and Plaintiff.

25.    Defendants Does 1 through 10 are fictitious.  Pursuant to 28 U.S.C. section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction.  *See Newcombe v. Adolf Coors Co.*, 157 F. 3d 686, 690-91 (9th Cir. 1998).

26.    As set forth above, Plaintiff is a citizen of California, and

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

6.

1   Defendants Stoneledge and Ashley are citizens of Wisconsin.   Accordingly, the

2   complete diversity requirement of 28 U.S.C. § 1332(a) is satisfied.

3          **B.      Key Statistics and Facts Used To Calculate Amount In**

4                 **Controversy.**

5          27.    Defendant Stoneledge maintains personnel files and other records

6   for current and former employees which are kept in the ordinary course of business

7   regarding and which, among other things, track dates of employment, and time and

8   wage records.  Muller Decl. ¶4.   Based upon a review of the available data which

9   includes electronic timekeeping records and personnel data, Defendants were able to

10  make individualized calculations to calculate the amounts in controversy.

11         28.    Plaintiff Ricardo Vaquero was employed as a Sales Associate by

12  Stoneledge Furniture LLC and worked at a Stoneledge store in Los Angeles,

13  California.   Stoneledge operates fourteen (14) stores throughout California.   Muller

14  Decl. ¶9.

15         29.    Vaquero was paid solely by commissions.  However, if in a given

16  week he did not earn enough commission to trigger payment under the relevant

17  commission agreement, he was paid a draw on commissions that was that was greater

18  than $12.00 for each hour worked in a given week.  Muller Decl., ¶10.   During the

19  class period, Vaquero was active for 52 workweeks.  Muller Decl. ¶11.

20         30.    From the time period beginning August 24, 2008 and up to and

21  including September 22, 2012, Stoneledge employed approximately 569 California

22  Sales Associates, each of whom was paid pursuant to a commission plan.  ("Class

23  Members").   Muller Decl. ¶14.   California Sales Associates are classified by

24  Stoneledge as exempt from overtime under the commission sales exemption under

25  applicable law. *Id.*

26         31.    Each Sales Associate is paid solely by commissions; provided,

27  however, that if a Sales Associate does not earn enough commission to trigger

28  payment in a given week under the relevant commission agreement, that Sales

LITTLER MENDELSON, P.C
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

7.

1  Associate has at all times been paid on average a draw on commissions that was

2  greater than $12.00 for each hour worked in a given week.  Muller Decl. ¶15.

3          32.    Stoneledge's  California  Sales  Associates  receive  weekly

4  paychecks.  Muller Decl. ¶16.

5          33.    Stoneledge's California Sales Associates track their time worked

6  using the Harris electronic timekeeping system.  Employees electronically badge start

7  and stop times into this system.  The recorded time is then loaded into the Ultipro

8  payroll system. Muller Decl. ¶17.

9      **C.    Plaintiff's Individual Amount in Controversy Exceeds $75,000.**

10         34.    This Court has jurisdiction over this case because the amount

11  placed in controversy by Plaintiff's alleged claims for penalties plainly exceeds

12  $75,000, exclusive of interests and costs.  28 U.S.C. § 1332(a).

13         35.    In a blatant attempt to plead around the federal jurisdictional

14  minimum, Plaintiff alleges in his Complaint that "the individual members of the

15  classes herein are under the seventy-five thousand dollar ($75,000.00) jurisdictional

16  threshold for Federal Court..."  *See* Complaint, ¶ 10.  Were plaintiffs permitted to

17  unilaterally and conclusively evade removal with a simple one-line allegation that less

18  than $75,000 is at issue in the case, such transparent tactics would completely

19  undermine the removability of nearly every case.  To the contrary, courts have found

20  that statements such as those contained in Plaintiff's Complaint do nothing more than

21  create a rebuttable presumption the case places less than the jurisdictional minimum in

22  controversy.

23         36.    Despite Plaintiff's allegation of less than $75,000 in controversy,

24  the  removal  statute,  as  amended  effective  January  2012,  provides  that  the

25  preponderance of the evidence standard applies.  H.R. 394-2 (amending subsection c

26  of 28 U.S.C. § 1332 to confirm that the amount in controversy for traditional diversity

27  removal should be evaluated under the preponderance of evidence standard, regardless

28  of whether the plaintiff pleads a lesser amount in the complaint.); 28 U.S.C. § 1332(c).

LITTLER MENDELSON, P.C.
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

8.

37.     Defendants can establish the amount in controversy by relying upon the allegations in the Complaint, and by setting forth facts in the Notice of Removal that demonstrate that the amount in controversy exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005) ("[T]he amount in controversy . . . may be established either from the viewpoint of the plaintiff or the viewpoint of the defendant."). Further, the Court properly considers "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations, in assessing the amount in controversy. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *Singer v. State Farm Mut. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

38.     In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict in favor of Plaintiff on all claims asserted in her Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount that is put "in controversy" by Plaintiff's Complaint, and not how much, if anything, Defendants will actually owe. *Rippee*, 408 F. Supp. 2d at 986; *see also Schere v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint).

39.     Defendants deny the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based and the alleged claims for monetary and other relief that flow therefrom. However, for purposes of removal only, and without conceding that Plaintiff or any of the allegedly aggrieved individuals he purports to represent is entitled to any damages or penalties whatsoever, it is readily apparent that the amount damages sought by Plaintiff as an individual, coupled with PAGA penalties Plaintiff seeks on behalf of "aggrieved

ER MENDELSON, P.C.
ROFESSIONAL CORPORATION
649 Century Park East
5th Floor
Angeles, CA  90067.3107
310.553.0308

9.

1    employees," exceeds the jurisdictional minimum of $75,000.

### 1.    Unpaid Overtime

3    40.    Plaintiff's first cause of action also alleges a violation of California
Labor Code section 510 (Unpaid Overtime).  Plaintiff alleges that "[b]y their failure to
[pay] wages for hours during which non-sales work was performed, Defendants failed
to pay ... overtime wages..."  *See* Complaint ¶ 40.  Plaintiff further alleges, Sales
Associates "were not paid overtime wages for hours worked in excess of eight per day
or forty per week during workweeks they were not paid at least 1.5 times minimum
wage for all hours worked."  Complaint ¶ 25.

10    41.    For his first cause of action, Plaintiff prays for, among other things,
unpaid overtime wages and attorneys' fees pursuant to Labor Code section 1194.  *See*
Complaint ¶¶ 40, 42.  Vaquero was paid solely by commissions.  However, if in a
given week he did not earn enough commission to trigger payment under the relevant
commission agreement, he was paid a draw on commissions that was greater than
$12.00 for each hour worked in a given week.[2]  Muller Decl., ¶10.  During the class
period, Vaquero was active for 52 workweeks.  Muller Decl., ¶11.  During Plaintiff's
52 weeks of active work with Stoneledge, he worked approximately 510.5 hours in
excess of 8 in a day and approximately 1.55 hours in excess of 12 in a day.  Muller
Decl. ¶12.  Defendants deny the validity and merit of Plaintiff's overtime claims.
However, for purposes of removal only, based upon a review of electronic
timekeeping data for workweeks worked by Plaintiff, Defendants calculate that if
Plaintiff were to be eligible for overtime, the amount of overtime and double-time
owed to him would be **$3,084.00** [(510.5 x $12.01 x .5) + (1.55 x $12.01 x 1) =
$3,084.00)].

---

[2] At all times during his employment, Vaquero earned commissions that exceeded the
minimum draw but for purposes of removal and to be conservative, we are using the
minimum amount of $12.01.  Actual amounts are likely to be higher because
Vaquero's commissions would often equate to a higher hourly wage rate.

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

### 2.     Missed Meal Periods

42.     Plaintiff's second cause of action alleges violation of California Labor Code sections 226.7 and 512 (Unpaid Meal Period Premium). Plaintiff alleges that "[b]y failing to provide a thirty-minute uninterrupted meal period to Plaintiff and members of the meal period Subclass, Defendants willfully violated the provisions of [the] Labor Code...". Complaint ¶ 45. Plaintiff further seeks to certify a class of Sales Associates "who worked periods exceeding five hours without an uninterrupted, off-duty, 30-minute meal period and/or periods in excess of ten hours without a second uninterrupted, off-duty, 30-minute meal periods, and (2) were not provided compensation of one hour's pay ("premium wage") at the employee's regular rate for each such day that a meal period was not provided." Complaint ¶ 26.

43.     Defendants deny the validity and merit of Plaintiff's missed meal period claims. Vaquero was paid solely by commissions. However, if in a given week he did not earn enough commission to trigger payment under the relevant commission agreement, he was paid a draw on commissions that was equal to $12.01 for each hour he worked in a given week. Muller Decl., ¶10. During the class period, Vaquero was active for 52 workweeks. Muller Decl., ¶11. However, for purposes of removal only, conservatively assuming that Plaintiff missed one meal break per workweek, the amount in controversy for this claim is **$624.52** [$12.01 (one hour for a missed meal period) x 1 missed meal break per week x 52 workweeks].

### 3.     Missed Rest Breaks

44.     Plaintiff's third cause of action alleges violation of California Labor Code section 226.7 (Unpaid Rest Period Premiums). Plaintiff alleges that "[b]y failing to provide paid ten-minute rest periods for every four (4) hours or major fraction thereof worked per day, and by failing to provide compensation for these periods, Defendants willfully violated the provisions of [the] Labor Code...". Complaint ¶ 48. Plaintiff further seeks to certify a class of Sales Associates "who worked periods of four hours or a major fraction thereof without a duty free rest

LITTLER MENDELSON, P.C.
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

period of at least 10-minutes and who were not compensated one hour's pay ("premium wage") at the employee's regular rate for each such day that a meal period was not provided." Complaint ¶ 27.

45.     Defendants deny the validity and merit of Plaintiff's missed meal period claims.  Vaquero was paid solely by commissions.  However, if in a given week he did not earn enough commission to trigger payment under the relevant commission agreement, he was paid a draw on commissions that was greater than $12.00 for each hour worked in a given week.  Muller Decl., ¶10.  During the class period, Vaquero was active for 52 workweeks.  Muller Decl., ¶11.  However, for purposes of removal only, conservatively assuming that Plaintiff missed one rest period per workweek, the amount in controversy for this claim is **$624.52** [$12.01 (one hour for a missed rest break) x 1 missed rest period per week x 52 workweeks].

### 4.    Waiting Time Penalty

46.     Plaintiff's fourth cause of action alleges violation of Labor Code sections 201 - 203 (Final Wages Not Timely Paid).  Plaintiff alleges that "Defendant had a consistent and uniform policy, practice and procedure of willfully failing to lawfully pay the earned and unpaid wages of Defendants'' former employees."  *See* Complaint ¶ 52.  Plaintiff also alleges "Defendant willfully failed to pay Waiting Time Subclass Members a sum due at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for thirty (30) days thereafter."  Complaint ¶ 54.

47.     Defendants deny the validity and merit of Plaintiff's waiting time penalties claims.  However, for purposes of removal only, Defendants determine the amount in controversy by applying the maximum penalty authorized.

48.     Vaquero was paid solely by commissions.  However, if in a given week he did not earn enough commission to trigger payment under the relevant commission agreement, he was paid a draw on commissions that was greater than $12.00 for each hour worked in a given week.  Muller Decl., ¶10.  The amount in

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

12.

1 │ controversy for this claim is therefore **$2,882.40** [(30 days x 8 hours per day x

2 │ $12.01)].

### 5.    Alleged Wage Statement Violation

4 │       49.    Plaintiff's fifth cause of action alleges violation of Labor Code

5 │ section 226(a) (Non-Compliant Wage Statements).  Plaintiff alleges that "Defendant

6 │ has knowingly and intentionally failed to comply with Labor Code section 226(a) on

7 │ wage statements provided to Plaintiff and members of the Wage Statement Subclass

8 │ because the wage statements failed to accurately set forth all hours worked." *See*

9 │ Complaint ¶ 58.   Plaintiff further alleges that "Defendants knowingly provided

10 │ inaccurate wage statements to Sales Associates, including Plaintiff, that did not

11 │ correctly include, among other things, the number of hours worked, including

12 │ overtime hours, the hourly rate of pay, or compensation for meal periods not provided

13 │ and rest periods not authorized or permitted." Complaint ¶ 5.

14 │       50.    The statute of limitations for this claim is one year. *See Singer v.*

15 │ *Becton, Dickinson and Co.*, 2008 U.S. Dist. LEXIS 56326, *11-14 (S.D. Cal. July 23,

16 │ 2008).   Labor Code section 226(c) provides for penalties in the amount of "fifty

17 │ dollars ($50) for the initial pay period in which a violation occurs and one hundred

18 │ dollars ($100) per employee for each violation in a subsequent pay period, not

19 │ exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an

20 │ award of costs and reasonable attorney's fees." During the applicable one year statute

21 │ of limitations, Plaintiff received 14 wage statements.  During that time, and for each

22 │ week, Plaintiff worked at least some amount of time in excess of 8 hours in a day.

23 │ Muller Decl. ¶13.  Based upon a review of the available data and the individualized

24 │ calculations which have been run, Defendants calculate that the amount in controversy

25 │ for this claim totals **$1,350.00** [(1 x $50) + (13 x $100) = $1,350.00].

LITTLER MENDELSON, P.C
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

6. **PAGA Penalties.**

    a. **Plaintiff's Claim for PAGA Penalties On Behalf Of Allegedly Aggrieved Employees Must Be Aggregated.**

51. Plaintiff's claim seeks relief pursuant to the Private Attorneys General Act ("PAGA"). Enacted in 2004, the PAGA allows an individual to stand in the shoes of the Labor Workforce Development Agency (LWDA) to seek civil penalties previously only recoverable by the LWDA. Pursuant to the PAGA, civil penalties may be recovered for Labor Code violations for which a civil penalty is not otherwise expressly provided. CAL. LAB. CODE § 2699.3, *et seq.* Specifically, the PAGA's default provision provides for a civil penalty of $100 for each aggrieved employee per pay period for an initial violation, and $200 for each aggrieved employee for each subsequent violation. *Id.* at § 2699(f)(2). The statute of limitations for PAGA claims is one year. See CAL. CIV. PROC. CODE § 340(a); *see also Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003, 1008 (N.D. Cal. 2007).

52. The Eastern District of California recently confirmed that, in assessing the amount in controversy in a "non-class representative PAGA action," the Court properly considers the "aggregation of all PAGA penalties sought by the named plaintiff and the group of aggrieved employees on whose behalf Plaintiff brings suit." *Thomas v. Aetna Health of Cal., Inc.*, 2011 U.S. Dist. LEXIS 59377, at *26 (E.D. Cal. June 2, 2011). Therein, the court expressly rejected the argument that the named plaintiff must satisfy the amount in controversy exclusively based on his/her potential PAGA penalties alone. *Id.* Rather, the *Thomas* court confirmed that "the amount at stake in a PAGA claim is predicated on the total amount of the penalties that can be sought by the aggrieved employees as the proxy of the LWDA." *Id.* at *58 .

53. The *Thomas* court's reasoning was based on the fact that Labor Code section 2699(a) "requires that PAGA actions be brought in a representative form on behalf of all aggrieved employees." *Id.* at *51 (citing *Machado v. M.A.T. & Sons*

LITTLER MENDELSON, P.C.<br>A PROFESSIONAL CORPORATION<br>2049 Century Park East<br>5th Floor<br>Los Angeles, CA 90067-3107<br>310.553.0308

1  *Landscape, Inc.*, 2009 U.S. Dist. LEXIS 63414, at *2-3 (E.D. Cal. July 23, 2009)).  In

2  other words, "aggrieved employees are deputized to step into the shoes of the LWDA

3  and pursue its interests in enforcement of the Labor Code," and thus, "[p]rivate PAGA

4  plaintiffs' interests are only tangential and derivative of the LWDA." *Id.* at *53-54.

5  The court concluded:

6            In sum, a PAGA claim is common and undivided because the right

7            to pursue the action derives solely from the LWDA's interest in

8            enforcement of the Labor Code.  Aggrieved employees have no

9            right to seek any individual recovery under PAGA and are

10           precluded from bringing repeated PAGA suits.  As a result,

11           aggrieved employees have no separate and individual rights to

12           pursue under PAGA that would transform it from a law

13           enforcement action that furthers the interests of the LWDA into a

14           myriad of separate and distinct claims of the aggrieved employees.

15  *Id.* at *57-58.

16           54.    Against this backdrop, it is clear that the aggregate amount of

17  PAGA penalties Plaintiff seeks on behalf of aggrieved employees readily exceeds the

18  $75,000 jurisdiction threshold under 28 U.S.C. § 1332(a).

19                       **b.    Plaintiff's PAGA Claims Far Exceed The $75,000**

20                              **Threshold.**

21           55.    Plaintiff does not specifically define "aggrieved employees,"

22  however he defines the class as "California Sales Associates".    Complaint ¶22.

23  Stoneledge estimates that there are approximately 569 individuals that comprise the

24  "aggrieved employees" Plaintiff seeks to represent herein.  Muller Decl., ¶14.  Of the

25  569 putative Class Members, 345 of them were employed by Stoneledge throughout

26  the one year period between August 24, 2011 and August 24, 2012.    Muller Decl.,

27  ¶21.

28           56.    Plaintiff seeks to recover penalties for several alleged violations of

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

15.

the California Labor Code.  Specifically, Plaintiff seeks to recover penalties resulting from the alleged failures to pay overtime, to provide meal and rest periods, to pay minimum wages, to timely pay wages upon termination, to timely pay wages during employment, to provide compliant wage statements and to keep complete and accurate payroll records.

57.    Stoneledge[3] pays its Sales Associates —the alleged "aggrieved employees" Plaintiff seeks to represent—every week, resulting in 52 pay periods per year.  Muller Decl., ¶16.  This Court need not make any assumptions about the number of violations occurring per week.  Plaintiff alleges that neither himself nor any of the Sales Associates employed in California were paid for, among other things, time spent in non-sales activities.  Complaint ¶ 16.  Plaintiff further claims that he and the California Sales Associates were not paid for all hours worked, including overtime hours. *Id.*

58.    Plaintiff places in controversy a potential violation in every pay period where Stoneledge did not pay Sales Associates for hours worked in excess of 8 a day pursuant to CAL. LAB. CODE § 510, because the individuals were not paid as non-exempt employees, i.e., thereby entitling Plaintiff to recover potential PAGA penalties for each pay period during the relevant time period where overtime was not paid.

59.    During the class period, it is generally true that for each week any California Sales Associate worked, he or she worked at least one hour in excess of 8 in a day that week.  Muller Decl. ¶19.  Based upon the individualized calculations, taking into consideration the data set forth in paragraphs 27-33, above, if each of these 345 individuals suffered only one violation in each pay period during that year-long

---

[3]  Defendant Stoneledge was the actual employer of Plaintiff and all other individuals employed as California Sales Associates that Plaintiff seeks to represent in this action. Muller Decl., ¶¶9, 14.

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

period, this would result in aggregated PAGA penalties of **$1,967,100.00**.  *See* CAL. LAB. CODE § 2699(f)(2) (providing for a penalty of $100 "for each aggrieved employee per pay period for the initial violation").[4]  ([345 (number of initial alleged violations) x $100 (penalty for initial violation)] + [9,663 (subsequent alleged violations) x $200 (penalty for subsequent violation)] = $1,967,100).

60.   Defendants assert that the named plaintiff's individual recovery should be aggregated with the recovery of other grieved employees when determining the amount in controversy.  *Urbino v. Orkin Services of California, Inc.*. 2011 U.S. Dist. LEXIS 114746 (C.D. Cal. 2011).[5]

61.   If this Court were to include any of the potential penalties available for the allegedly aggrieved employees he seeks to represent for the other alleged Labor Code violations—failure to pay minimum wages, failure to provide meal breaks, failure to permit rest breaks, failure to timely pay wages, and failure to provide accurate itemized wage statements, the potential amount in controversy would be even greater.

### 7.   Attorneys' Fees.

62.   Plaintiff also seeks to recover attorneys' fees pursuant to California Labor Code § 1194(a), among other statutory provisions.  Complaint, Prayer for Relief, ¶10.  It is well settled that, in determining whether a complaint meets the

---

[4] Although included within this Notice for purposes of determining the amount in controversy, Defendants expressly deny that Plaintiff and/or the aggrieved employees he seeks to represent are entitled to recover for subsequent penalties without first establishing an initial violation and reserve the right to assert all legal defenses available about Plaintiff's ability to seek civil penalties for purported subsequent violations.  Lab. Code § 2699.

[5] However, Defendants recognize other district courts have taken the approach that only 25% of the total possible recovery under PAGA can be attributed to plaintiff. *See Smith v. Brinker Int'l, Inc.*, No. C 10-0213 VRW, 2010 WL 1838726, *2, *5 (N.D. Cal. May 5, 2010).  Applying this more conservative standard, 25% of the potential PAGA recovery for just one violation in each pay period during that year-long statutory period is **$491,775.00**.  Even if that were the case, the amount sought by Plaintiff far exceeds the $75,000 threshold.

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

17.

amount in controversy requirement, the Court should consider the aggregate value of claims for damages *as well as* attorneys' fees. *See, e.g., Lowdermilk.*, 479 F.3d at 1000; *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 127 S. Ct. 157 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998)(attorneys' fees may be taken into account to determine jurisdictional amounts). Assuming an estimated attorney's fee award of 25% of the aforementioned amounts in controversy, the amount of attorneys' fees recovered by Plaintiff should he prevail will likely exceed **$125,471.93**. "[I]t is well established that the Ninth Circuit 'has established 25% of the common fund as a benchmark award for attorney fees.'" *See Jasso*, 2012 U.S. Dist. LEXIS 27215, at *20-21 (gathering cases).

### 8.  Total Amount In Controversy.

63.  Based on the foregoing, the total potential recovery for Plaintiff on his claims for unpaid overtime, doubletime, meal and rest breaks, wage statement violations and waiting time penalties, plus the aggregated PAGA penalties pursuant to his Complaint, plus his claim for attorneys' fees, is no less than **$2,469,581.80**, as summarized below:

| Plaintiff's Claim | Amount In Controversy |
|---|---|
| Unpaid Overtime and Doubletime | $3,084.00 |
| Unpaid Meal Period Premium (assumes 1 per workweek) | $624.52 |
| Unpaid Rest Break Premium (assumes 1 per workweek) | $624.52 |
| Wage Statement Violation | $1,350.00 |
| Waiting Time Penalties | $2,882.40 |
| Labor Code §2699 Penalties | $1,967,100.00 |
| **Amount In Controversy Subtotal** | $1,975,665.44 |
| Attorneys' Fees (assumes 25% of total recovery) | $493,916.36 |
| **Amount In Controversy Grand Total** | **$2,469,581.80** |

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

64.     Based on the foregoing, Plaintiff's individual claims for penalties and other monetary relief easily exceed the $75,000 jurisdictional limit of this Court required by the diversity statute, 28 U.S.C. § 1332(a).

65.     Accordingly, this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332, and removal of this case is appropriate pursuant to the provisions of 28 U.S.C. § 1441(a), as there is complete diversity between Plaintiff and Defendants and the total amount in controversy for Plaintiff exceeds $75,000.00.

## ALTERNATIVELY, THERE IS JURISDICTION PURSUANT TO CAFA

66.     This Court also has jurisdiction over this case under the Class Action Fairness Act of 2005 ("CAFA").  CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the matter in controversy exceeds $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d).  CAFA authorizes removal of such actions in accordance with 28 U.S.C. section 1446.  As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this notice.

67.     This Court has original jurisdiction over this action pursuant to CAFA because (1) at least one member (if not all) of Plaintiff's putative class is a citizen of a state different from the Defendants; (2) it is a class action filed on behalf of more than 100 putative class members; and (3) the amount in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d).

**A.     Diversity Exists Because Plaintiff Is A California Citizen, Stoneledge Is An LLC With One Member – Ashley Furniture, Inc., And Ashley Is Incorporated And Has Its Principal Place Of Business Outside Of California.**

68.     CAFA diversity jurisdiction exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant."   28 U.S.C. § 1332(d)(2)(A), 1453.

LITTLER MENDELSON, P.C
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

19.

69.     As is more fully stated in paragraphs 13-26, above, this action satisfies the CAFA diversity requirements because Plaintiff is a citizen of the State of California, Defendant Ashley is a Wisconsin corporation and Defendant Stoneledge is a Wisconsin LLC.  *See* 28 U.S.C. § 1332(d)(2)(A).

**B.     Plaintiff Alleges Claims On Behalf Of More Than 100 Putative Class Members.**

70.     The CAFA provides that "the number of members of all proposed plaintiff classes in the aggregate [not be] less than 100."  28 U.S.C. § 1332(d)(5)(B). CAFA defines "class members" as those "persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action."  28 U.S.C. § 1332(d)(1)(D).

71.     Plaintiff alleges that his lawsuit is brought on a class-wide basis, in which he seeks to represent "[a]ll Defendants' California Sales Associates who worked under a pay plan which compensated them only with sales commissions, during the four years before the filing of this Complaint through the time of trial." Complaint ¶ 22.

72.     Plaintiff alleges that "the Class and Subclasses number [is] in excess of 100 individuals."  *See* Complaint ¶ 34.   In fact, Stoneledge employed approximately 569 California Sales Associates during the Class Period ("Class Members").  *See* Muller Decl. ¶14.  CAFA's numerosity requirement is thus satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

**C.     The Amount In Controversy Is Over $5 Million Based On The Relief Sought By Plaintiff.**

73.     Defendants deny the validity and merit of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them.   Nevertheless, assuming Plaintiff's claims to be true for purposes of this removal only, Plaintiff seeks monetary relief exceeding the CAFA jurisdictional minimum.

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

20.

74.     The CAFA requires the "matter in controversy" to exceed "the sum or value of $5,000,000 exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

75.     Plaintiff alleges that "...the aggregate claim is under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005." *See* Complaint ¶ 10.  That allegation is presumably made in an attempt to invoke the legal certainty test, *i.e.*, when a Complaint explicitly limits any potential judgment to less than $5,000,000, removal is proper upon demonstration to a legal certainty that the amount in controversy exceeds $5,000,000.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).  However, the legal certainty test does not apply here because the Complaint does not unambiguously and clearly limit the potential judgment.

76.     Assuming, *arguendo*, that the legal certainty test did apply, its application would not defeat removal.  This is evident from *Jasso v. Money Mart Express, Inc. et al.*, 2012 U.S. Dist. LEXIS 27215 (N.D. Cal. March 1, 2012), in which the United States District Court, Northern District of California, denied plaintiff's motion to remand.  The *Jasso* court held that while the preponderance of the evidence standard applied, the defendant demonstrated the amount in controversy to a legal certainty using once per week violation rates.  The court further held that those weekly violation rates were properly applied given the *Jasso* complaint's allegations, of violations occurring "at all material times," the allegation that "Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees," and that "[t]his scheme involved,

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

21.

1    *inter alia*, failing to pay them for all hours worked, missed meal periods and rest

2    breaks in violation of California law". Here, removal is based on violation rates or

3    similar to those applied in *Jasso* and are based similar allegations as those in *Jasso*.

4    Here, Plaintiff claims that Defendants had a "consistent policy" of failing to pay for

5    all hours worked, of requiring Sales Associates to work through meal periods, of

6    failing to authorize or permit rest periods, and of failing to pay all wages due at

7    termination. Complaint, ¶¶ 2-4, 6. As in *Jasso*, removal is proper under either the

8    legal certainty or preponderance of the evidence test.

9           77.    Even so, the preponderance of the evidence standard is correctly

10   applied because Plaintiff's allegation of the amount in controversy is not made in

11   good faith and is therefore accorded less deference. *St. Paul Mercury Indemnity Co.*

12   *v. Red Cab Co.*, 303 U.S. 283, 289, 291 (1938) (plaintiff's allegations of jurisdictional

13   facts do not control unless made in good faith); *Lowdermilk v. U.S. Bank National*

14   *Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007) (same).

15          78.    To invoke the legal certainty test, the complaint must allege the

16   amount in controversy *clearly* and *unambiguously*, and if it does not do so the

17   preponderance of the evidence test applies instead. *See Guglielmino v. McKee Foods,*

18   *Inc.*, 506 F.3d 696, 700-01 (9th Cir. 2007) (preponderance of the evidence standard

19   applied due to ambiguity created by the fact that the complaint alleged that "damages"

20   were less than the jurisdictional amount but also included non-damages relief

21   including attorneys' fees, an accounting of moneys and payment of back taxes and

22   benefits in the prayer); *Jasso*, 2012 U.S. Dist. LEXIS 27215.

23          79.    A complaint does not clearly and unambiguously allege an amount

24   in controversy lower than the jurisdictional limit where, as here, the complaint alleges

25   a limited amount in controversy but also seeks additional types of relief. *See*

26   *Guglielmino*, 506 F.3d at 700-01; *see also Trahan v. U.S. Bank National Assoc.*, 2009

27   U.S. Dist. LEXIS 119310, at *8 (N.D. Cal. Nov. 30, 2009) (preponderance of the

28   evidence standard applied due to ambiguity created from the fact that although

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

22.

1    plaintiff contended aggregate "damages" were less than the jurisdictional amount, he

2    did not repeat that disclaimer in his Prayer for Relief and he sought non-damages

3    relief including statutory penalties and attorneys' fees on behalf of the class); *Ray v.*

4    *Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 53155 (C.D. Cal. May 9, 2011)

5    (preponderance of the evidence standard applied due to ambiguity created by the fact

6    that the prayer for relief alleged that total "damages" did not exceed the amount in

7    controversy but sought non-damages relief including restitution, statutory penalties,

8    attorneys' fees, and injunctive relief, all of which are properly elements of the total

9    amount in controversy); *Lyon v. W.W. Grainger Inc.*, 2010 U.S. Dist. LEXIS 69587

10   (N.D. Cal. June 15, 2010) (preponderance of the evidence standard applied due to

11   ambiguity created by the fact that while plaintiff alleged that the amount in

12   controversy was less than the jurisdictional requirement, she did not include the

13   financial burden of taxes and injunctive relief to defendant).

14        80.    Here, Plaintiff purports to limit the amount in controversy to less

15   than $5,000,000, but seeks damages beyond compensatory damages, restitution,

16   penalties, interest, and attorneys' fees.   In his Prayer for Relief, Plaintiff seeks

17   additional remedies including a demand for injunctive relief, and "any other relief as

18   this court deems proper." Complaint, Prayer for Relief, ¶¶ 6, 7 and 13.  The value of

19   any injunctive relief sought is properly included in the amount in controversy, but is

20   not included in Plaintiff's limited amount for "compensatory damages, restitution,

21   penalties, interest, and attorneys' fees." *See In re Ford Motor Co./Citibank (South*

22   *Dakota), NA*, 264 F.3d 952, 958 (9th Cir. 2001).

23        81.    Plaintiff therefore has not clearly and unambiguously alleged that

24   the amount in controversy is less than the jurisdictional minimum.

25        82.    Plaintiff also fails to clearly and unambiguously limit *in good faith*

26   the amount in controversy because he concedes that he has no basis for any such

27   limitation on recovery with his admission that "The number of members of the Class

28   and Subclasses is unknown to Plaintiff at this time...." *See* Complaint ¶ 34.  Given the

LITTLER MENDELSON, P.C
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

23.

nature of the claims alleged, a determination of the amount in controversy depends entirely on the number of putative class members.  Plaintiff cannot in good faith allege both that the amount in controversy is below the jurisdictional limit *and* that he does not know how many individuals are in the alleged class.  *See e.g. Buttersworth v. American Eagle Outfitters, Inc.*, 2011 U.S. Dist. LEXIS 132816 (E.D. Cal. Nov. 17, 2011("plaintiff cannot simply rest on his desire to be in state court" and must have a good faith basis for limiting the amount in controversy given the claims and the number of class members).

83.     Under application of either test, Defendants may estimate violation rates based on the allegations in the Complaint.  Here, Plaintiff's allegations on behalf of himself and the Class Members include that the alleged violations are "knowing" and "willful," as a result of a "consistent policy."  *See* Complaint, *passim*.  In addition to *Jasso*, discussed above, courts have held that descriptive allegations of how often violations occur may be relied on to support a frequency rate of at least once per week.  *See Ray*, 2011 U.S. Dist. LEXIS 53155, at *16-17 (denying motion to remand premised upon finding that defendant's estimate of one hour of unpaid overtime compensation per week for each class member was "reasonable and conservative" based on plaintiff's allegation of "consistent" overtime work);  *Witkowsky v. Home Depot USA, Inc.*, 2009 U.S. Dist. LEXIS 109320, at *5-6 (C.D. Cal., Nov. 5, 2009) (finding that plaintiff's claim that defendant "systematically" overcharged for floor installation constituted an allegation that the defendant overcharged the customer every time a transaction occurred); *Alvarez v. Ltd. Express, LLC*, 2007 U.S. Dist. LEXIS 58148, at *8-9 (S.D. Cal., Aug. 8, 2007) (finding that despite plaintiff's failure to specify a frequency rate, she had "effectively" alleged that defendant did not allow any of its employees to take meal and rest periods and accepted a 100% violation rate); *Muniz v. Pilot Travel Centers, LLC*, 2007 U.S. Dist. LEXIS 31515, at *12-13 (E.D. Cal., Apr. 30, 2007) (finding 100% violation rate based on plaintiff's choice not to include "fact specific allegations that would result in a putative class or violation

LITTLER MENDELSON, P.C.
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

rate that is discernibly smaller than 100% used by defendant in its calculations"); *Navarro v. Servisair, LLC*, 2008 U.S. Dist. LEXIS 62513 (N.D. Cal. Aug. 14, 2008) (approving use of a 100% violation rate where plaintiffs alleged that they "regularly" worked through their meal periods); *Lippold v. Godiva Chocolatier, Inc.*, 2010 U.S. Dist. LEXIS 67912 (S.D. Cal. July 6, 2010) (permitting assumption that plaintiffs worked "13 hours a day every day" based on their allegation that employees "regularly and/or consistently" worked in excess of 12 hours a day); *Wilson v. Best Buy Company, Inc.*, 2011 U.S. Dist. LEXIS 14400, at *5-6 (E.D. Cal., Feb. 8, 2011) (denying motion to remand and finding that defendant's estimate of one hour of overtime per week was supported by plaintiff's allegation of working more than eight hours in a day and in excess of forty hours in a week); *Lyon*, 2010 U.S. Dist. LEXIS 50979, at *10 (assuming 2.5 hours of overtime based on allegations that class members "regularly" worked more than 40 hours per week), petition for interlocutory appeal denied; and *Gardner v. GC Services, LP*, 2010 U.S. Dist. LEXIS 67912, at *9 (S.D. Cal., July 6, 2010) (accepting assumption of 30 minutes of overtime per day).

### 1.    Unpaid Overtime Wages.

84.    Plaintiff's first cause of action alleges a violation of California Labor Code sections 510 (Unpaid Overtime).  Plaintiff alleges that "By their failure to [pay] wages for hours during which non-sales work was performed, Defendants failed to pay ... overtime wages..."  *See* Complaint ¶ 40.  Furthermore, in defining his UCL Subclass, Plaintiff alleges that Class Members were subjected to "unfair and/or deceptive business acts/and or practices by Defendants."  *Id.* ¶ 30.  In paragraphs incorporated by reference into the first cause of action, Plaintiff alleges that "During the class period, Defendants had a consistent policy of failing to pay for all hours worked, including time spent on non-sales activities.  Defendants failed to pay wages, including ... overtime wages ... for all hours worked to Sales Associates in California, including Plaintiff, in violation of California state wage and hour laws."  Complaint ¶ 2.  Plaintiff seeks to certify a Subclass of Sales Associates who "were not paid

LITTLER MENDELSON, P.C.
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

1   overtime wages for hours worked in excess of eight per day or forty per week during

2   workweeks they were not paid at least 1.5 times minimum wage for all hours

3   worked." Complaint ¶ 25.

4          85.    For his first cause of action, Plaintiff prays for, among other things,

5   unpaid overtime wages and attorneys' fees pursuant to Labor Code section 1194. *See*

6   Complaint ¶¶ 40, 42. The statute of limitations on this claim when combined with an

7   Unfair Competition Law ("UCL") claim is four years. *See Cortez v. Purolator Air*

8   *Filtration Products Co.*, 23 Cal.4th 163, 178-79 (2000). Class Members employed by

9   Defendant during the statutory period from August 24, 2008 up to and including

10  October 2, 2012 collectively worked approximately 28,300 workweeks. Muller Decl.,

11  ¶18. During that time, California Sales Associates collectively worked approximately

12  206,130 hours in excess of 8 in a day and approximately 326 hours in excess of 12 in

13  a day.[6] *Id*. Defendants deny the validity and merit of the putative class members'

14  overtime claims. However, for purposes of removal only, based upon a review of the

15  available data and the individualized calculations which have been run, Defendants

16  calculate that the amount in controversy for this claim is **$1,240,701.46** [(206,130.2

17  hours in excess of 8 in one day x .5 x $12.00) + (326.678 hours in excess of 12 in one

18  day x 1 x $12.00) = $1,240701.46].

19          **2.    Missed Meal Periods.**

20          86.    Plaintiff's second cause of action alleges violation of California

21  Labor Code sections 226.7 and 512 (Unpaid Meal Period Premium). Plaintiff alleges

22  that "[b]y failing to provide a thirty-minute uninterrupted meal period to Plaintiff and

23

24  ─────────────────────────

25  [6] The putative class members have been and are paid solely by commissions;
    provided, however, that if a Sales Associate does not earn enough commission to
    trigger payment in a given week under the relevant commission agreement, that Sales
    Associate has at all times been paid on average a draw on commissions that was
    greater than $12.00 for each hour worked in a given week. As commissioned
    employees, the putative class member's actual effective rate of pay would be adjusted
    based on the amount of commissions earned. However, for purposes of removal,
    Defendant has elected to use the extremely conservative assumption of $12.00 per
    hour as the operative rate of pay.

26

27

28

LITTLER MENDELSON, P.C.
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

26.

1   members of the meal period Subclass, Defendants willfully violated the provisions of
2   [the] Labor Code...".   Complaint ¶ 45.   Furthermore, in defining his UCL Subclass,
3   Plaintiff alleges that Class Members were subjected to "unfair and/or deceptive
4   business acts/and or practices by Defendants."   Complaint ¶ 30.   In paragraphs
5   incorporated by reference into the first cause of action, Plaintiff alleges that "During
6   the class period, Defendants had a consistent policy requiring Sales Associates to
7   work through meal periods or work without a meal period for at least five (5) hours of
8   a shift and of failing to pay such employees one (1) hour of pay at the employees'
9   regular rate of compensation ...."   Complaint ¶ 3.   Plaintiff further seeks to certify a
10  Subclass of Sales Associates "who worked periods exceeding five hours without an
11  uninterrupted, off-duty, 30-minute meal period and/or periods in excess of ten hours
12  without a second uninterrupted, off-duty, 30-minute meal periods, and (2) were not
13  provided compensation of one hour's pay ("premium wage") at the employee's
14  regular rate for each such day that a meal period was not provided."   Complaint ¶ 26.

15          87.   The statute of limitations on this claim when combined with an
16  Unfair Competition Law ("UCL") claim is four years.   *See Murphy v. Kenneth Cole*
17  *Prods.*, 40 Cal. 4th 1094, 1099 (2007).   Class Members employed by Defendant
18  during the statutory period from August 24, 2008 up to and including October 2, 2012
19  collectively worked approximately 28,300 workweeks.   *See* Muller Decl. ¶18.   At all
20  times, Sales Associate have been paid on average a draw on commissions that was
21  greater than $12.00 for each hour worked in a given week.   Muller Decl., ¶15.
22  Plaintiff's allegations reasonably support a frequency rate of at least once per week.
23  *See Jasso*, 2012 U.S. Dist. LEXIS 27215 and Paragraph 83, above (collecting cases).
24  Defendants deny the validity and merit of the putative class members' meal period
25  claims.   However, for purposes of removal only, assuming one missed meal break per
26  workweek, the amount in controversy for this claim is **$339,600.00** [$12.00 (one hour
27  for a missed meal period) x 28,300 workweeks].

28          88.   The amount could be even higher if Plaintiff is seeking recovery

LITTLER MENDELSON, P.C.
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

27.

1  for more than one missed meal period per workweek.

2        **3.    Missed Rest Breaks.**

3        89.    Plaintiff's third cause of action alleges violation of California

4  Labor Code section 226.7 (Unpaid Rest Period Premiums).  Plaintiff alleges that "[b]y

5  failing to provide paid ten-minute rest periods for every four (4) hours or major

6  fraction thereof worked per day, and by failing to provide compensation for these

7  periods, Defendants willfully violated the provisions of [the] Labor Code...".

8  Complaint ¶ 48.  Furthermore, in defining his UCL Subclass, Plaintiff alleges that

9  Class Members were subjected to "unfair and/or deceptive business acts/and or

10  practices by Defendants."  Complaint ¶ 30.  In paragraphs incorporated by reference

11  into the first cause of action, Plaintiff alleges that "During the class period,

12  Defendants had a consistent policy of failing to authorize, or permit Sales Associates

13  in California, including Plaintiff, rest periods of at least ten (10) minutes per four (4)

14  hours, or major fraction, worked, and failing to pay such employees one (1) hour of

15  pay at their regular rate of compensation for each workday that the rest period is not

16  provided...."  Complaint ¶ 4.  Plaintiff further seeks to certify a Subclass of Sales

17  Associates "who worked periods of four hours or a major fraction thereof without a

18  duty free rest period of at least 10-minutes and who were not compensated one hour's

19  pay ("premium wage") at the employee's regular rate for each such day that a meal

20  period was not provided."  Complaint ¶ 27.

21        90.    The statute of limitations on this claim when combined with an

22  Unfair Competition Law ("UCL") claim is four years.  *See Murphy v. Kenneth Cole*

23  *Prods.*, 40 Cal. 4th 1094, 1099 (2007).  Class Members employed by Defendant

24  during the statutory period from August 24, 2008 up to and including October 2, 2012

25  collectively worked approximately 28,300 workweeks.  *See* Muller Decl. ¶18.  At all

26  times, Sales Associate have been paid on average a draw on commissions that was

27  greater than $12.00 for each hour worked in a given week.  Muller Decl., ¶15.

28  Plaintiff's allegations reasonably support a frequency rate of at least once per week.

LITTLER MENDELSON, P.C
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

See *Jasso*, 2012 U.S. Dist. LEXIS 27215 and Paragraph 83, above (collecting cases). Defendants deny the validity and merit of the putative class members' rest break claims. However, for purposes of removal only, assuming one missed rest break per workweek, the amount in controversy for this claim is **$339,600.00** [$12.00 (one hour for a missed rest break) x 28,300 workweeks].

91. The amount could be even higher if Plaintiff is seeking recovery for more than one missed rest break per workweek.

### 4.   Waiting Time Penalties.

92. Plaintiff's fourth cause of action alleges violation of Labor Code sections 201 - 203 (Final Wages Not Timely Paid). Plaintiff alleges that "Defendant had a consistent and uniform policy, practice and procedure of willfully failing to lawfully pay the earned and unpaid wages of Defendants'' former employees." *See* Complaint ¶ 52. Plaintiff also alleges "Defendant willfully failed to pay Waiting Time Subclass Members a sum due at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for thirty (30) days thereafter." Complaint ¶ 54. Plaintiff seeks to certify a Subclass of Sales Associates "to whom Defendants improperly failed to pay all wages due to them upon termination or resignation..." Complaint ¶ 28.

93. Defendants deny the validity and merit of the putative class members' waiting time penalties claims. However, for purposes of removal only, Defendants determine the amount in controversy by applying the maximum penalty authorized. The statute of limitations on a claim for waiting time penalties is three years. *See Pineda v. Bank of America, N.A.*, 50 Cal.4th 1389 (2010). There are approximately 254 Class Members who were employed from August 24, 2009 up to and including September 22, 2012 who separated from employment with Stoneledge. *See* Muller Decl. ¶20. Assuming an average rate of pay for all Class Members of $12.00 per hour, the amount in controversy for this claim is **$731,520.00** (30 days x 8 hours per day x $12.00 x 254).

LITTLER MENDELSON, P.C
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310.553.0305

### 5.    Alleged Wage Statement Violations.

94.    Plaintiff's fifth cause of action alleges violation of Labor Code section 226(a) (Non-Compliant Wage Statements).  Plaintiff alleges that "Defendant has knowingly and intentionally failed to comply with Labor Code section 226(a) on wage statements provided to Plaintiff and members of the Wage Statement Subclass because the wage statements failed to accurately set forth all hours worked."  *See* Complaint ¶ 58.  Plaintiff further alleges that "Defendants knowingly provided inaccurate wage statements to Sales Associates, including Plaintiff, that did not correctly include, among other things, the number of hours worked, including overtime hours, the hourly rate of pay, or compensation for meal periods not provided and rest periods not authorized or permitted."  Complaint ¶ 5.  Plaintiff seeks to certify a Subclass of Sales Associates "to whom Defendants improperly failed to provide accurate itemized wage statements under Labor Code section 226(b)."  Complaint ¶ 29.

95.    The statute of limitations for this claim is one year.  *See Singer v. Becton, Dickinson and Co.*, 2008 U.S. Dist. LEXIS 56326, *11-14 (S.D. Cal. July 23, 2008).  Of the approximate 569 putative Class Members, approximately 345 of them were employed by Stoneledge throughout the one year period between August 24, 2011 and August 24, 2012.  Muller Decl. ¶21.  Labor Code section 226(c) provides for penalties in the amount of "fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."  Defendants deny the validity and merit of the putative class members' alleged wage statement violations.  However, for purposes of removal and based upon a review of the available data and individualized calculations which have been run, Defendants calculate that during the applicable statute of limitations, there were 345 Class Members who received an allegedly inaccurate wage statement and that the amount in

LITTLER MENDELSON, P.C.
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

30.

1  controversy for this claim totals **$887,900.00.** This total was determined by taking the
2  applicable pay periods for each class member and calculating an initial penalty of $50
3  for the employee's first pay period in the statute of limitations and $100 for each
4  subsequent pay period, up to a total of $4,000.00 in aggregate penalties for each
5  employee.

6       96.    For his sixth cause of action, Plaintiff alleges a claim for violation
7  of California Business and Professions Code sections 17200 *et seq*.  As the factual
8  predicate for this cause of action, he alleges "[t]he actions of Defendants in failing to
9  pay Plaintiff and members of the Plaintiff Class in a lawful manner, constitute false,
10  unfair, fraudulent and deceptive business practices." *See* Complaint ¶ 63.  His Prayer
11  for Relief for this claim includes a request for injunctive relief. *See* Complaint, Prayer
12  for Relief ¶ 6.  The value of any injunctive relief sought is properly included in the
13  amount in controversy. *In re Ford Motor Co.*, 264 F.3d at 958.  This inclusion would
14  only add to value of the amount in controversy.

15       **6.    PAGA Penalties.**

16       97.    Plaintiff's claim seeks relief pursuant to the Private Attorneys
17  General Act ("PAGA").  Enacted in 2004, the PAGA allows an individual to stand in
18  the shoes of the Labor Workforce Development Agency (LWDA) to seek civil
19  penalties previously only recoverable by the LWDA.  Pursuant to the PAGA, civil
20  penalties may be recovered for Labor Code violations for which a civil penalty is not
21  otherwise expressly provided.  CAL. LAB. CODE § 2699.3, *et seq*.  Specifically, the
22  PAGA's default provision provides for a civil penalty of $100 for each aggrieved
23  employee per pay period for an initial violation, and $200 for each aggrieved
24  employee for each subsequent violation. *Id.* at § 2699(f)(2).  The statute of limitations
25  for PAGA claims is one year.  See CAL. CIV. PROC. CODE § 340(a); *see also Thomas
26  v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003, 1008 (N.D. Cal. 2007).

27       98.    Plaintiff seeks to recover penalties for several alleged violations of
28  the California Labor Code.  Specifically, Plaintiff seeks to recover penalties resulting

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

31.

1   from the alleged failures to pay overtime, to provide meal and rest periods, to pay

2   minimum wages, to timely pay wages upon termination, to timely pay wages during

3   employment, to provide compliant wage statements and to keep complete and accurate

4   payroll records.

5             99.    Stoneledge [7] pays its Sales Associates —the "aggrieved

6   employees" Plaintiff seeks to represent—every week, resulting in 52 pay periods per

7   year.  Muller Decl., ¶16.  This Court need not make any assumptions about the

8   number of violations occurring per week.  Plaintiff alleges that neither himself nor any

9   of the Sales Associates employed in California were paid for, among other things,

10  time spent in non-sales activities.  Complaint ¶ 16.  Plaintiff claims that he and the

11  California Sales Associates were not paid for all hours worked, including overtime

12  hours. *Id.*

13            100.   The putative class members place into controversy a potential

14  violation in every pay period where Stoneledge did not pay Sales Associates for hours

15  worked in excess of 8 a day pursuant to Cal. Lab. Code § 510, because the

16  individuals were not paid as non-exempt employees, i.e., thereby entitling the putative

17  class members to recover potential PAGA penalties for each pay period during the

18  relevant time period where overtime was not paid.

19            101.  Based upon the individualized calculations, taking into

20  consideration the data set forth in paragraphs 27-33, above, if each of these 345

21  individuals suffered only one violation in each pay period during that year-long

22  period, this would result in aggregated PAGA penalties of $1,967,100.00. *See* Cal.

23  Lab. Code § 2699(f)(2) (providing for a penalty of $100 "for each aggrieved

24  employee per pay period for the initial violation"). [8]   Accordingly, Defendants

25  _____

26  [7] Defendant Stoneledge was the actual employer of Plaintiff and all other individuals
    employed as California Sales Associates that Plaintiff seeks to represent in this action.
27  Muller Decl., ¶¶9, 14.

28  [8] Although included within this Notice for purposes of determining the amount in

LITTLER MENDELSON, P.C.
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

32.

1  calculate that the amount in controversy for this claim totals **$1,967,100.00** ([345

2  (number of initial alleged violations) x $100 (penalty for initial violation)] + [9,663

3  (subsequent alleged violations) x $200 (penalty for subsequent violation)] =

4  $1,967,100).

5        **7.   Attorney's Fees.**

6        102.   Plaintiff also seeks an award of attorneys' fees and costs.  *See*

7  Complaint, ¶¶ 42, 49, 59, and Prayer for Relief, ¶ 8.  In determining whether a

8  complaint meets the amount in controversy requirement, a court should also consider

9  attorneys' fees.  *See, e.g., Bell v. Preferred Life*, 320 U.S. 238 (1943); *Goldberg v.*

10  *C.P.C. Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken

11  into account to determine jurisdictional amounts).  "[I]t is well established that the

12  Ninth Circuit 'has established 25% of the common fund as a benchmark award for

13  attorney fees.'"  *See Jasso*, 2012 U.S. Dist. LEXIS 27215, at *20-21 (gathering cases).

14  The amount in controversy for Plaintiff's claim for attorneys' fees is therefore

15  **$1,376,605.37**  [$5,506,421.46 (total amount in controversy) x .25].

16        **8.   Total Amount in Controversy.**

17        103.   Based on the foregoing, the total potential recovery for the Class

18  on their claims for unpaid overtime, doubletime, meal and rest breaks, wage statement

19  violations and waiting time penalties, plus the aggregated PAGA penalties pursuant to

20  the Complaint, plus the claim for attorneys' fees, is no less than **$6,883,026.83**, as

21  summarized below:

22

| Plaintiff's Claim | Amount In Controversy |
|---|---|
| Unpaid Overtime and Doubletime | $1,240,701.46 |

26  controversy, Defendants expressly deny that Plaintiff and/or the aggrieved employees
he seeks to represent are entitled to recover for subsequent penalties without first
27  establishing an initial violation and reserve the right to assert all legal defenses
available about Plaintiff's ability to seek civil penalties for purported subsequent
28  violations.  Lab. Code § 2699.

LITTLER MENDELSON, P.C.
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

| Plaintiff's Claim | Amount In Controversy |
|---|---|
| Unpaid Meal Period Premium (assumes 1 per workweek) | $339,600.00 |
| Unpaid Rest Break Premium (assumes 1 per workweek) | $339,600.00 |
| Wage Statement Violation | $887,900.00 |
| Waiting Time Penalties | $731,520.00 |
| Labor Code §2699 Penalties | $1,967,100.00 |
| **Amount In Controversy Subtotal** | $5,506,421.46 |
| Attorneys' Fees (assumes 25% of total recovery) | $1,376,605.37 |
| **Amount In Controversy Grand Total** | **$6,883,026.83** |

104.   Removal of this action is therefore proper as the aggregate value of Plaintiff's claims for statutory penalties and attorneys' fees is well in excess of the CAFA jurisdictional requirement of $5 million. *See* 28 U.S.C. § 1332(d)(2).

## NOTICE TO PLAINTIFF AND THE STATE COURT

105.   Contemporaneously with the filing of this Notice in this Court, written notice of such filing will be provided to Plaintiff's counsel of record, Michael Singer of Cohelan Khoury & Singer; Kevin T. Barnes of The Law Offices of Kevin T. Barnes; and Raphael Katri, of the Law Offices of Raphael A. Katri.

106.   A copy of the Notice of Removal will also be filed with the Clerk of the Superior Court of the County of Los Angeles, California.

## CONCLUSION

LITTLER MENDELSON, P.C.
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

1        WHEREFORE, having provided notice as required by law, Defendants

2  remove the action now pending against them in the Superior Court of the State of

3  California, County of Los Angeles, to this Honorable Court, and requests that this

4  Court retain jurisdiction for all further proceedings.

5

6  Dated:   October 5, 2012

7

8                           J. Kevin Lilly

9                           Scott M. Lidman
                              Kara L. Jassy

10                         LITTLER MENDELSON, P.C.
                           A Professional Corporation

11                         Attorneys for Defendant
                           ASHLEY FURNITURE INDUSTRIES,

12                         INC. AND STONELEDGE
                           FURNITURE LLC

13

14

15

16  Firmwide:114962145.1 061736.1008

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

35.

# EXHIBIT A

**COHELAN KHOURY & SINGER**
Isam C. Khoury, Esq. (SBN 58759)
Michael D. Singer, Esq. (SBN 115301)
Jeff Geraci, Esq., (SBN 151519)
605 "C" Street, Suite 200
San Diego, CA 92101
Tel: (619) 595-3001/ Fax: (619) 595-3000

**LAW OFFICES OF KEVIN T. BARNES**
Kevin T. Barnes, Esq. (SBN 138477)
Gregg Lander, Esq. (SBN 194018)
5670 Wilshire Boulevard, Suite 1460
Los Angeles, CA 90036-5664
Tel: (323) 549-9100 / Fax: (323) 549-0101

**LAW OFFICES OF RAPHAEL A. KATRI**
Raphael Katri, Esq. (SBN 221941)
264 S. La Cienega Blvd, Ste 200
Beverly Hills, CA 90211
Tel: (310) 940-2034 / Fax: (310) 733-5644

Attorneys for Plaintiff RICARDO BERMUDEZ VAQUERO, on behalf of himself,
and all others similarly situated

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

AUG 2 4 2012

John A. Clarke, Executive Officer/Clerk
BY _____ Deputy
Iskavlia Chambers

## SUPERIOR COURT OF CALIFORNIA

**B C 4 9 0 6 7 3**

### COUNTY OF LOS ANGELES – CENTRAL CIVIL WEST

| | |
|---|---|
| RICARDO BERMUDEZ VAQUERO, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ASHLEY FURNITURE INDUSTRIES, INC., a Wisconsin Corporation; STONELEDGE FURNITURE LLC, a Wisconsin Limited Liability Corporation, and DOES 1 through 10, Inclusive,<br><br>    Defendants. | **CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF**<br><br>1. **Failure to Pay Minimum/Overtime Wages (Lab. Code §§ 510, 1194);**<br>2. **Failure to Provide Meal Periods or Compensation in Lieu of (Lab. Code §§226.7);**<br>3. **Failure to Provide Paid Rest Periods or Compensation in Lieu of (Lab. Code §§226.7, 512);**<br>4. **Failure to Timely Pay Wages at Separation (Lab. Code §§201-203);**<br>5. **Failure to Provide Accurate Itemized Wage Statements (Lab. Code §226(a)(b));**<br>6. **Violation of Unfair Business Practices Act (Bus. & Prof. Code §§17200-17208);**<br>7. **Violation of Private Attorneys General Act (PAGA) (Lab. Code §§ 2698, et seq.)**<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -

Plaintiff RICARDO BERMUDEZ VAQUERO, on behalf of himself, and all others similarly situated, complains and alleges as follows:

## I.

## INTRODUCTION

1.     This case arises from Defendants' use of compensation policies which result in the failure to pay employees minimum wages for all hours worked, failure to pay overtime compensation, failure to provide meal periods, failure to authorize and permit paid rest periods, failure to provide proper wage statements, and failure to pay all wages owed to separated employees in a timely manner.  Plaintiff was employed with Defendants in California from December 2010 to June 2012 as a Sales Associate and this action is brought on behalf of Sales Associates and other similarly situated California employees of Defendants ASHLEY FURNITURE INDUSTRIES, INC., STONELEDGE FURNITURE LLC, and Does 1-10 (referred to as "ASHLEY FURNITURE" "Company," or "Defendants").

2.     During the class period, Defendants had a consistent policy of failing to pay for all hours worked, including time spent on non-sales activities.  Defendants failed to pay wages, including minimum wages and overtime wages for all hours worked to Sales Associates in California, including Plaintiff, in violation of California state wage and hour laws.

3.     During the class period, Defendants had a consistent policy requiring Sales Associates in California, including Plaintiff, to work through meal periods or work without a meal period for at least five (5) hours of a shift and of failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period was not provided, or other compensation, as required by California state wage and hour laws.

4.     During the class period, Defendants had a consistent policy of failing to authorize, or permit Sales Associates in California, including Plaintiff, rest periods of at least ten (10) minutes per four (4) hours, or major fraction, worked, and failing to pay such employees one (1) hour of pay at their regular rate of compensation for each workday that the rest period is not provided, or other compensation, as required by California state wage and hour laws.

5.     During the class period, Defendants knowingly provided inaccurate wage

- 2 -

Class Action Complaint

1  statements to Sales Associates, including Plaintiff, that did not correctly include, among other

2  things, the number of hours worked, including overtime hours, the hourly rate of pay, or

3  compensation for meal periods not provided and rest periods not authorized or permitted.

4        6.      During the class period, Defendants had a consistent policy of failing to pay

5  Sales Associates in California, including Plaintiff, all wages due at termination, in violation of

6  California state wage and hour laws.

7        7.      Plaintiff, on behalf of himself and all Class Members, brings this

8  action pursuant to Labor Code §§ 201, 202, 203, 204, 226.7, 510, 1194, and 1194.2 seeking

9  unpaid wages, penalties, equitable relief, and reasonable attorneys' fees and costs.

10        8.      Plaintiff, on behalf of himself and all Class members, brings this action

11  pursuant to Business and Professions Code §§ 17200-17208, seeking injunctive relief, restitution,

12  and disgorgement of all benefits obtained by Defendants by failing to pay minimum and

13  overtime wages.

14        9.      Plaintiff brings this case as a representative action seeking penalties for the

15  State of California in a representative capacity, as provided by the Private Attorneys General Act

16  ("PAGA") to the extent permitted by law.  A copy of the Notice of Labor Code Violations

17  showing compliance with Labor Code §2699.3 is attached as Exhibit "A" and demonstrates

18  Plaintiff is an aggrieved employee and has standing to bring a representative action on behalf of

19  the State of California and the Labor and Workforce Development Agency (LWDA). Defendants

20  did not provide a notice of cure and no notice of investigation was received from the LWDA in

21  the statutorily prescribed 33-day period since mailing of the Notice.

22  **II.**

23  **JURISDICTION AND VENUE**

24        10.      Venue as to each Defendant is proper in this judicial district, pursuant to Code

25  of Civil Procedure, § 395. Defendants conduct business and commit Labor Code violations in

26  Los Angeles County, and each Defendant is within the jurisdiction of this Court for service of

27  process purposes. The unlawful acts alleged have a direct effect on Plaintiff and those similarly

28  situated within the State of California and within Los Angeles County. Plaintiff was employed

- 3 -

1  by Defendants and suffered the alleged Labor Code violations in Los Angeles County.

2  Defendants employ numerous Class Members in Los Angeles County. The California Superior

3  Court also has jurisdiction in this matter because the individual members of the classes herein are

4  under the seventy-five thousand dollar ($75,000.00) jurisdictional threshold for Federal Court

5  and the aggregate claim is under the five million dollar ($5,000,000.00) threshold of the Class

6  Action Fairness Act of 2005. Further, there is no federal question at issue, as the issues are based

7  solely on California statutes and law, including the Labor Code, IWC Wage Orders, Code of

8  Civil Procedure, Civil Code, and Business and Professions Code.

9  **III.**

10  **THE PARTIES**

11  **A.  The Plaintiff**

12        11.     Plaintiff RICARDO BERMUDEZ VAQUERO is a resident of Los Angeles

13  County, California, and was employed by Defendants in Los Angeles County as a Sales

14  Associate from December 2010 through June 2012.

15  **B.  The Defendants**

16        12.     Plaintiff is informed and believes, and based thereon alleges, that ASHLEY

17  FURNTIURE INDUSTRIES, INC. and STONELEDGE FURNITURE LLC are Wisconsin

18  corporations, have conducted business in California, and were the employers of Plaintiff and the

19  members of Plaintiff Class and Subclasses, during the Class Period.  Plaintiff is informed and

20  believes, and based thereon alleges, that ASHLEY FURNTIURE INDUSTRIES, INC. operates

21  retail outlets selling furniture and related products in California, including as STONELEDGE

22  FURNITURE LLC.

23        13.     The true names and capacities, whether individual, corporate, associate, or

24  otherwise, of Defendants sued here in as DOES 1 through 10, inclusive, are currently unknown

25  to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil

26  Procedure § 474.  Plaintiff is informed and believes, and based on that alleges, that each of the

27  Defendants designated as a DOE is legally responsible in some manner for the unlawful acts

28  alleged.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and

- 4 -

1  capacities of the Defendants designated as DOES when those identities become known.

2      14.      Plaintiff is informed and believes, and based thereon alleges, that each

3  Defendant acted in all respects pertinent to this action as the agent of the other Defendants,

4  carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of

5  each Defendant are legally attributable to the other Defendants.

6                          **IV.**

7                  **GENERAL ALLEGATIONS**

8      15.      At all times during the liability period, Defendants have conducted business by

9  operating retail stores and selling furniture and related products in Los Angeles County and

10 elsewhere within California.

11     16.      Defendants' stores are staffed by, among other positions, Sales Associates.

12 Sales Associates are compensated solely by commission based on sales of Defendants' products,

13 but are not paid for time spent in non-sales activities, such as cleaning the store, dis-assembling

14 and assembling furniture, delivering and loading furniture into the cars of Defendants'

15 customers, and attending meetings.  Upon information and belief, these employees have not been

16 paid wages for all hours worked, including overtime hours worked, have not been provided

17 uninterrupted thirty-minute meal periods for work periods of at least five (5) hours, and have not

18 been permitted to take paid ten-minute rest periods for work periods of four (4) hours or major

19 fractions, pursuant to the Labor Code, Industrial Welfare Commission Wage Order 7-2001

20 ("Wage Order"), and other applicable Wage Orders

21     17.      During all, or a substantial portion, of the proposed Class Period, Plaintiff and

22 each member of the Plaintiff Class was employed by Defendants, and each of them, in the State

23 of California.

24     18.      Plaintiff and each Plaintiff Class member were Sales Associates covered under

25 one or more Industrial Welfare Commission (IWC) Wage Orders, including Wage Order 7-2001,

26 Labor Code § 510, and/or other applicable wage orders, regulations and statutes, which imposed

27 an obligation on the part of Defendants to pay Plaintiff and Plaintiff Class members for all hours

28 worked, including overtime hours worked, provide uninterrupted thirty-minute meal periods for

- 5 -

Class Action Complaint

1  work periods of at least five (5) hours, and paid ten-minute rest periods for work periods of four

2  (4) hours or major fractions, throughout the Class Period.

3      19.      Plaintiff is informed and believes, and based thereon alleges that Defendants

4  failed to maintain necessary records to failed to monitor and record time and tasks showing when

5  Plaintiff and the members of the Plaintiff Class engaged in non-sales activities.

6      20.      During the class period, Plaintiff and members of the Plaintiff Class were

7  employed by Defendants and paid on a commission or minimum wage basis.

8      21.      During the class period, Plaintiff and members of the Plaintiff Class were

9  required to report to work, remain on the premises, and perform tasks for which they were not

10  compensated.

## V.

## CLASS ACTION ALLEGATIONS

13      22.      Plaintiff brings this action on behalf of himself, the general public and all other

14  similarly-situated persons as a class action pursuant to California Code of Civil Procedure §

15  382. The class which Plaintiff seeks to represent is composed of and defined as follows:

16      **Plaintiff Class**

17      All Defendants' California Sales Associates who worked under a
        pay plan which compensated them only with sales commissions,
18      during the four years before the filing of this Complaint through
        the time of trial.

19

20      23.      Plaintiff seeks to certify a subclass of employees defined as follows:

21      **Plaintiff "Supplemental Minimum Wage Subclass"**

22      All members of the Plaintiff Class who were not paid supplemental
        minimum wage for hours worked performing non-sales duties.

23      24.      Plaintiff seeks to certify a subclass of employees defined as follows:

24      **Plaintiff "Minimum Wage Subclass"**

25      All members of the Plaintiff Class who were not paid for all hours
        worked during workweeks they were not paid at least 1.5 times
26      minimum wage for all hours worked.

27

28

- 6 -

Class Action Complaint

25.     Plaintiff seeks to certify a subclass of employees defined as follows:

**Plaintiff "Overtime Subclass"**

All members of the Plaintiff Class who were not paid overtime wages for hours worked in excess of eight per day or forty per week during workweeks they were not paid at least 1.5 times minimum wage for all hours worked.

26.     Plaintiff seeks to certify a subclass of employees defined as follows:

**Plaintiff "Meal Period Subclass"**

All members of the Plaintiff Class who (1) worked periods exceeding five hours without an uninterrupted, off-duty, 30-minute meal period and/or periods in excess of ten hours without a second uninterrupted, off-duty, 30-minute meal periods, and (2) were not provided compensation of one hour's pay ("premium wage") at the employee's regular rate for each such day that a meal period was not provided.

27.     Plaintiff seeks to certify a subclass of employees defined as follows:

**Plaintiff "Rest Period Subclass"**

All members of the Plaintiff Class who worked periods of four hours or a major fraction thereof without a duty free rest period of at least 10-minutes and who were not compensated one hour's pay ("premium wage") at the employee's regular rate for each day that a rest period was not permitted.

28.     Plaintiff seeks to certify a subclass of employees defined as follows:

**Plaintiff "Waiting Time Subclass"**

All members of the Plaintiff Class to whom Defendants failed to pay all wages due to them upon termination or resignation under Labor Code, §§ 201-203.

29.     Plaintiff seeks to certify a subclass of employees defined as follows:

**Plaintiff "Wage Statement Subclass"**

All members of the Plaintiff Class to whom Defendants improperly failed to provide accurate itemized wage statements under Labor Code § 226(b).

30.     Plaintiff seeks to certify a subclass of employees defined as follows:

**Plaintiff "UCL Subclass"**

All members of the "Supplemental Minimum Wage," "Minimum Wage," "Overtime," "Meal Period," and the "Rest Period" Subclasses who (1) were subject to unlawful, illegal, unfair and/or deceptive business acts /and or practices by Defendants and (2) are entitled to restitution of unpaid wages.

- 7 -

31.     Plaintiff reserves the right under Rule 3.765(b), California Rules of Court, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

32.     This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure § 382 because there is a well-defined common interest of many persons and it is impractical to bring them all before the court.

33.     **Ascertainable Class:** The proposed class and each subclass are ascertainable in that their members can be identified and located using information contained in Defendants' payroll and personnel records.

34.     **Numerosity:** The potential members of the Class and Subclasses as defined is so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The number of members of the Class and Subclasses is unknown to Plaintiff at this time, however, it is estimated that the Class and Subclasses number in excess of 100 individuals. The number and identity of the members is readily ascertainable through inspection of Defendants' records.

35.     **Typicality:** The claims of Plaintiff are typical of the claims of all members of the Class and Subclasses because all members of the Class and Subclasses sustained similar injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the Class and Subclasses were caused by Defendants' wrongful conduct in violation of law, as alleged.

36.     **Adequacy:** Plaintiff is an adequate representative of the Class and Subclasses, will fairly protect the interests of the members of the Class and Subclasses, has no interests antagonistic to the members of the Class and Subclasses, and will vigorously pursue this suit. Plaintiff's attorneys are competent, skilled and experienced in litigating large employment law class actions.

37.     **Superiority:** A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over questions

Class Action Complaint

1  affecting only individual Class members.  Each Class member has been damaged and is entitled

2  to recovery by reason of Defendants' illegal policy and/or practice of failing to pay minimum

3  and overtime wages, and provide meal and rest periods. A Class action will allow those similarly

4  situated to litigate their claims in the most efficient and economical manner for the parties and

5  the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the

6  management of this action that would preclude its maintenance as a class action.

7       38.     There are common questions of law and fact as to the members of the Class

8  and Subclasses which predominate over questions affecting only individual members of the

9  Class and Subclasses including, without limitation:

10       a.     Whether Defendants violated California law and IWC Wage Order 7-2001 by

11            failing to properly compensate Plaintiff Class members for all hours worked;

12       b.     Whether Defendants violated California labor laws by failing to pay Plaintiff

13            Class members for hours worked in non-sales activities;

14       c.     Whether Defendants violated California labor law and IWC Wage Order 7-2001

15            by failing to provide Plaintiff Class members with paid ten-minute rest periods for

16            each four hours, or major fraction thereof, worked;

17       d.     Whether Defendants violated California labor law and IWC Wage Order 7-2001

18            by failing to provide Plaintiff Class members with thirty-minute meal periods for

19            work of over five hours;

20       e.     Whether the Plaintiff Class is entitled to waiting time penalties under § 203;

21       f.     Whether Defendants violated California labor law by failing to provide Plaintiff

22            Class members with accurate itemized wage statements;

23       g.     Whether Defendants violated §§ 17200, *et. seq.* of the Business and Professions

24            Code; Labor Code §§ 226, 1194; IWC Wage Order 7-2001, and other applicable

25            IWC Wage Orders which constitutes a violation of fundamental public policy;

26       h.     Whether Plaintiff Class and Subclasses are entitled to equitable relief pursuant to

27            Business and Professions Code, §§ 17200, *et seq.*

28

-9-

## VI.

### CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Failure to Pay Minimum and Overtime Wages [Labor Code § 510, 1194]**

**(Plaintiff and of the Minimum Wage and Overtime Subclasses against each Defendant)**

39.     Plaintiff incorporates the preceding paragraphs of this Complaint.

40.     By their failure to wages for hours during which non-sales work was performed, Defendants failed to pay minimum  and overtime wages and violated provisions of Labor Code §1194 and IWC Wage Order 7-2001.

41.     Labor Code § 1194.2 provides for liquidated damages equal to unlawfully unpaid minimum wages, with interest.

42.     Defendants' unlawful acts deprived Plaintiff and the Class and Subclasses Plaintiff seeks to represent of minimum, straight time and overtime wages in amounts to be determined at trial, and they are entitled to recover these amounts, along with liquidated damages, interest, attorneys' fees, and costs.

43.     Plaintiff and the Class and Subclasses Plaintiff seeks to represent request relief as described below.

### SECOND CAUSE OF ACTION

**Failure to Provide Meal Periods Or Compensation In Lieu Thereof**

**[Labor Code § 226.7, IWC Wage Order 7-2001(11)]**

**(Plaintiff and the Meal Period Subclass against each Defendant)**

44.     Plaintiff incorporates the preceding paragraphs of this Complaint.

45.     By failing to provide a thirty-minute uninterrupted meal period to Plaintiff and members of the meal period Subclass, Defendants willfully violated the provisions of Labor Code §§ 226.7, 512, and IWC Wage Order 7-2001, § 11.

46.     Plaintiff and the Class and Subclasses Plaintiff seeks to represent request relief as described below.

///

///

///

## THIRD CAUSE OF ACTION

### Failure to Provide Rest Periods or Compensation In Lieu Thereof
### [Labor Code § 226.7, IWC Wage Order 7-2001(12)]
### (Plaintiff and the Rest Period Subclass against each Defendant)

47.     Plaintiff incorporates the preceding paragraphs of this Complaint.

48.     By failing to provide paid ten-minute rest periods for every four (4) hours or major fraction thereof worked per day, and by failing to provide compensation for these periods, Defendants willfully violated the provisions of Labor Code § 226.7, and IWC Wage Order No. 7-2001.

49.     Defendants' unlawful acts deprived Plaintiff and the members of the Plaintiff Class and Subclasses Plaintiff seeks to represent of premium wages and/or other compensation in amounts to be determined at trial, and they are entitled to recover such amounts, plus interest, attorneys' fees, and costs.

50.     Plaintiff and the members of the Plaintiff Class and Subclasses Plaintiff seeks to represent request relief as described below.

## FOURTH CAUSE OF ACTION

### Failure to Pay Wages Due at Termination [Labor Code § 203]
### (Plaintiff and the Waiting Time Subclass against each Defendant)

51.     Plaintiff incorporates the preceding paragraphs of this Complaint.

52.     Defendant had a consistent and uniform policy, practice and procedure of willfully failing to lawfully pay the earned and unpaid wages of Defendants' former employees. Labor Code §§ 201 and 202 require Defendant to pay its employees all wages due within 72 hours of termination of employment.  Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced.  The penalty cannot exceed 30 days of wages.

53.     Members of the Waiting Time Subclass are no longer employed by Defendant.

54.     Defendant willfully failed to pay Waiting Time Subclass Members a sum due at the time of their termination or within seventy-two (72) hours of their resignation, and failed to

Class Action Complaint

1  pay those sums for thirty (30) days thereafter.

2      55.  Defendants' willful failure to pay wages to the Waiting Time Subclass Members

3  violates Labor Code § 203 because Defendant knew wages were due to the Subclass Members,

4  but Defendant failed to pay them.

5      56.  Plaintiff and the members of the Plaintiff Class and Subclasses Plaintiff seeks to

6  represent request relief as described below.

7  **FIFTH CAUSE OF ACTION**

8  **Failure to provide itemized wage statements [Labor Code § 226(a)]**

9  **(Plaintiff and the Wage Statement Subclass against each Defendant)**

10      57.  Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

11      58.  Section 226(a) of the California Labor Code requires Defendant to itemize in

12  wage statements all deductions from payment of wages and to accurately report total hours

13  worked by Plaintiff and the members of the proposed Class.  Defendant has knowingly and

14  intentionally failed to comply with Labor Code § 226(a) on wage statements provided to Plaintiff

15  and members of the Wage Statement Subclass because the wage statements failed to accurately

16  set forth all hours worked.

17      59.  As a consequence of Defendants' knowing and intentional failure to comply with

18  Labor Code § 226(a), Plaintiff and the members of the Wage Statement Subclass are entitled to

19  actual damages or penalties not to exceed $4,000 for each employee pursuant to Labor Code §

20  226(b), together with interest and attorneys' fees and costs.

21      60.  Plaintiff and the members of the Plaintiff Class and Subclasses Plaintiff seeks to

22  represent request relief as described below.

23  **SIXTH CAUSE OF ACTION**

24  **Violations of the Unfair Competition Law**
**[Business and Professions Code §§ 17200 et seq.]**

25  **(Plaintiff and the Class and Subclasses as against each Defendant)**

26      61.  Plaintiff incorporates all preceding paragraphs of this Complaint.

27      62.  Defendants' failure to pay Plaintiff and members of the Plaintiff Class and sub-

28  classes for all hours worked, as required by Wage Orders and the Labor Code, as alleged,

- 12 -

Class Action Complaint

1   constitutes unlawful activity prohibited by Business and Professions Code §§ 17200 *et seq.*

2       63.     The actions of Defendants in failing to pay Plaintiff and members of the

3   Plaintiff Class in a lawful manner, constitute false, unfair, fraudulent and deceptive business

4   practices, within the meaning of Business and Professions Code, §§ 17200, *et seq.*

5       64.     Plaintiff is entitled to an injunction, specific performance under Business and

6   Professions Code, § 17202, and/or other equitable relief against such unlawful practices in order

7   to prevent future loss, for which there is no adequate remedy at law, and to avoid a multiplicity

8   of lawsuits.  Plaintiff brings this cause individually and as a member of the general public as a

9   representative of all others subject to Defendants' unlawful acts and practices.

10      65.     This cause of action is brought as a cumulative remedy as provided in Business

11  and Professions Code § 17205, and is intended as an alternative remedy for restitution for

12  Plaintiff, each Plaintiff Class Member and each Plaintiff Subclass Member, for the time period

13  starting four (4) years before the filing of this Complaint, and as the primary remedy during the

14  fourth year before the filing of this Complaint.

15      66.     As a result of Defendants' unlawful and unfair business practice of failing to pay

16  earned wages, each Plaintiff Class Member and Subclass Member has suffered damages and is

17  entitled to restitution in an amount according to proof.

18      67.     The illegal conduct alleged is continuing and there is no indication that

19  Defendants will discontinue such activity in the future.  Plaintiff alleges that if Defendants are

20  not enjoined from the conduct set forth in this Complaint, they will continue to fail to provide

21  minimum and overtime wages as required by law.

22      68.     Plaintiff further requests the court issue a preliminary and permanent injunction

23  prohibiting Defendants from continuing to fail to pay minimum and overtime wages.

24      69.     Plaintiff and the members of the Plaintiff Class and sub-classes Plaintiff seeks to

25  represent request relief as described below.

26  ///

27  ///

28  ///

Class Action Complaint

### SEVENTH CAUSE OF ACTION

**Violations of PAGA - Labor Code § 2698, et seq.**

**(Plaintiff, as a Representative of the General Public, on behalf of all aggrieved Employees, against each Defendant)**

70.   Plaintiff incorporates the preceding paragraphs of this Complaint.

71.   Plaintiff, by virtue of his employment with Defendants and their failure to pay all overtime wages and unlawful classification scheme, is an aggrieved employee with standing to bring an action under the Private Attorneys General Act (PAGA).   Plaintiff has satisfied all prerequisites to serve as a representative of the general public to enforce California's labor laws, including, without limitation,  the penalty provisions identified in Labor Code § 2699.5. See Exhibit "A" attached. Since the LWDA took no steps within the time period required to intervene and because Defendants gave no notice of cure, Plaintiff, as a representative of the people of the State of California, will seek any and all penalties otherwise capable of being collected by the Division of Labor Standards Enforcement (DLSE).

72.   Plaintiff is informed and believes Defendants have violated and continue to violate provisions of the California Labor Code and applicable Wage Orders related to the provision of wages, meal and rest periods, accurate itemized wage statements, and the timely payment of wages due to terminated employees.   Although Plaintiff mailed Exhibit "A" at least 33-days prior to the filing of this Complaint, no state agency has accepted the Complaint for investigation. By operation of law, Plaintiff is entitled to commence this cause of action in the California Superior Court as a representative action under PAGA.

73.   In addition to restitution, the recovery of unpaid straight and overtime wages, and interest on wages owed and violations of the applicable Wage Orders, Plaintiff, as a representative of the general public, seeks to recover all penalties for each and every violation during the proposed Class Period, in an amount according to proof, as to those penalties that are otherwise only available through public agency enforcement actions.   Funds recovered will be distributed in accordance with the PAGA, with at least 75% of the PAGA penalties recovered distributed to the Labor and Workforce Development Agency (LWDA).

- 14 -

# VI.

## PRAYER FOR RELIEF

Plaintiff prays for judgment as follows:

1.    That the Court determine this action may be maintained as a class action and certify the Plaintiff Class and each Plaintiff Sub-Class;

2.    That the Court determine that the failure of the Defendants to pay minimum and overtime compensation to the Plaintiff and each Plaintiff Class member be adjudged and decreed to violate the applicable IWC Wage Orders, regulations and statutes;

3.    That Defendants be ordered to pay and judgment be entered for minimum and overtime wages for Plaintiff and each Plaintiff Class member on the First Cause of Action, according to proof;

4.    That Defendants be ordered to pay and judgment be entered for Labor Code §203 penalties to Plaintiff and each Plaintiff Sub-Class member, according to proof;

5.    That Defendants be found to have engaged in unfair competition in violation of Business and Professions Code § 17200;

6.    That Defendants be ordered and enjoined to pay restitution to Plaintiff, each Plaintiff Class member and each Plaintiff Sub-Class member due to Defendants' unlawful and unfair competition, including disgorgement of their wrongfully obtained profits, wrongfully withheld wages according to proof, and interest thereon pursuant to Business and Professions Code, §§ 17203 and 17204;

7.    That Defendants be enjoined from further acts of unfair competition and specifically from failing to pay minimum and overtime compensation to Class members;

8.    That Plaintiff, Plaintiff Class members, and Plaintiff Sub-Class members be awarded attorneys' fees and costs pursuant to statute, including but not limited to, Labor Code § 1194 and Code of Civil Procedure,§ 1021.5;

9.    Otherwise determine the appropriate remedy to compensate Plaintiff, and each Plaintiff Class and Sub-Class member, as required to promote fairness and justice, including but not limited to establishing procedures for compensation, amounts of compensation, and fluid

- 15 -

1  recovery if appropriate;

2      10.    To declare this action a Representative Action brought on behalf of the LWDA

3  and the general public;

4      11.    To award Penalties as provided, per violation, under the Private Attorneys

5  General Act (PAGA) Labor Code § 2698, et seq.;

6      12.    Prejudgment Interest; and

7      13.    Any other relief as this court deems proper.

8

9  Dated:  August 23, 2012              COHELAN KHOURY & SINGER
                                        LAW OFFICE OF KEVIN T. BARNES
10                                       LAW OFFICES OF RAPHAEL A. KATRI

11

12                              By: _____
                                        Michael D. Singer, Esq.
13                                       Jeff Geraci, Esq.
                                    Attorneys for Plaintiff RICARDO BERMUDEZ
14                                  VAQUERO and the putative class

15                        DEMAND FOR JURY TRIAL

16

17  Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

18  Dated:  August 23, 2012              COHELAN KHOURY & SINGER
                                        LAW OFFICE OF KEVIN T. BARNES
19                                       LAW OFFICES OF RAPHAEL A. KATRI

20

21                              By: _____
                                        Michael D. Singer, Esq.
22                                       Jeff Geraci, Esq.
23                                  Attorneys for Plaintiff RICARDO BERMUDEZ
                                    VAQUERO and the putative class

24

25

26

27

28

- 16 -

Class Action Complaint

Stock # EXA-5-B

**EXHIBIT A**

LAW OFFICES OF
# KEVIN T. BARNES

KEVIN T. BARNES
GREGG LANDER

OF COUNSEL:
JOSEPH ANTONELLI

5670 WILSHIRE BOULEVARD, SUITE 1460
LOS ANGELES, CALIFORNIA 90036-5664

TELEPHONE: (323) 549-9100
TOLL-FREE: (877) 309-3577 / FAX: (323) 549-0101

A PROFESSIONAL LAW CORPORATION
—
WWW.KBARNES.COM
—
BARNES@KBARNES.COM

July 19, 2012

**VIA CERTIFIED MAIL**

RECEIVED
JUL 26 2012
COHELAN KHOURY & SINGER

Deputy Secretary, Special Counsel
California Labor & Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

    Re:   Stoneledge Furniture LLC (the "Employer")

**NOTICE OF LABOR CODE VIOLATIONS PURSUANT TO LABOR CODE §2699.3**

    To:   California Labor and Workforce Development Agency

    From:  Ricardo Bermudez (the "Employee"), who was subjected to the wage and hour practices set forth below

    The Employee submits this Notice, pursuant to and in compliance with the requirements of California Labor Code §2699.3(a), and alleges as follows:

    The Employer employed the Employee during the applicable time period. During this time period, the Employer utilized consistent policies and procedures, allegedly in violation of Labor Code §1194, et seq., Labor Code §200, et seq., Labor Code §500, et seq., Labor Code §§2698, et seq., and the applicable Wage Orders issued by the California Industrial Welfare Commission, as follows:

    The Employer employed the Employee as a "Sales Associate" and paid him in the form of commissions with a draw against commissions, also using sales requirements to determine how he was ultimately paid. The Employee and all others similarly situated were also required by the Employer to perform various non-sales activities during their shifts. As such, due to the large number of hours that the Employee and all others similarly situated were required to be under the control of the Employer, the Employee and all others similarly situated did not always earn at least minimum wage for all hours worked and/or overtime wages for all overtime hours worked. Further, the Employer also failed to provide to the Employee and all others similarly situated all requisite meal periods, failed to authorize and permit all rest periods, failed to timely furnish itemized wage statements and violated Labor Code §203.

    Therefore, pursuant to Labor Code §2699.3(a)(2)(A), please advise within thirty (30) calendar days of the postmark date of this notice whether the LWDA intends to investigate the violations alleged above. We understand that if we do not receive a response within thirty-three (33) calendar days of the postmark date of this notice that the LWDA intends to investigate these allegations, that the aggrieved employee may immediately thereafter commence a civil action against the Employer pursuant to Labor Code §2699.

    Thank you for your consideration.

Very Truly Yours,

Kevin T. Barnes
Gregg Lander

cc:  (via Certified Mail)
STONELEDGE FURNITURE LLC
One Ashley Way
Arcadia, WI 54612

Michael D. Singer, Esq.
J. Jason Hill, Esq.
COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101-5305

Raphael A. Katri, Esq.
LAW OFFICES OF
RAPHAEL A. KATRI
246 S. La Cienega Blvd., Ste. 200
Beverly Hills, CA 90211-3302

# EXHIBIT B

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ASHLEY FURNITURE INDUSTRIES, INC., a Wisconsin Corporation;
STONELEDGE FURNITURE LLC, a Wisconsin Limited Liability Corporation,
and DOES 1 through 10, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RICARDO BERMUDEZ VAQUERO, on behalf of himself and all
others similarly situated

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

AUG 24 2012

John A. Clarke, Executive Officer/Clerk

BY _____ Deputy
Ishaylia Chambers

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Superior Court of California, County of Los Angeles, Central District Stanley Mosk, 111 North Hill Street, Los Angeles, CA 90012 | BC 490 673 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Cohelan Khoury & Singer, Jeff Geraci, 605 C Street, Ste. 200, San Diego, CA 92101, 619-595-3001

| DATE: *(Fecha)* | John A. Clarke | Clerk, by *(Secretario)* | Ishaylia Chambers | , Deputy *(Adjunto)* |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

AUG 24 2012

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* ASHLEY FURNITURE INDUSTRIES, INC, a WISCONSIN CORPORATIONS

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

2.25~ — 9/5/12

| | SUM-100 |

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ASHLEY FURNITURE INDUSTRIES, INC., a Wisconsin Corporation;
STONELEDGE FURNITURE LLC, a Wisconsin Limited Liability Corporation,
and DOES 1 through 10, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RICARDO BERMUDEZ VAQUERO, on behalf of himself and all
others similarly situated

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

AUG 24 2012

John A. Clarke, Executive Officer/Clerk
BY _____ Deputy
Ishaylia Chambers

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Superior Court of California, County of Los Angeles, Central District<br>Stanley Mosk, 111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br><br>BC 490673 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Cohelan Khoury & Singer, Jeff Geraci, 605 C Street, Ste. 200, San Diego, CA 92101, 619- 595-3001

| DATE:<br>*(Fecha)* | **John A. Clarke** | Clerk, by<br>*(Secretario)* | Ishaylia Chambers | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

AUG 24 2012

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* STONELEDGE FURNITURE a WISCONSIN LIMITED LIABILITY CORPORATION

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☒ other *(specify):* a LIMITED LIABILITY COMPANY
4. ☐ by personal delivery on *(date):*

| | | Page 1 of 1 |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| COHELAN KHOURY & SINGER<br>Jeff Geraci, Esq. (SBN 151519)<br>605 "C" Street, Suite 200<br>San Diego, CA 92101<br>TELEPHONE NO.: 619-595-3001     FAX NO.: 619-595-3000<br>ATTORNEY FOR *(Name)*: Plaintiff Ricardo Bermudez Vaquero | **CONFORMED COPY**<br>**ORIGINAL FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>AUG 24 2012<br><br>John A. Clarke, Executive Officer/Clerk<br>BY _____ Deputy<br>Ishaylia Chambers |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Vaquero v. Ashley Furniture Industries, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC490673 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply)*: a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

**4.** Number of causes of action *(specify)*: Seven (7)

**5.** This case [✓] is  [ ] is not   a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 23, 2012
Jeff Geraci, Esq.
_____
(TYPE OR PRINT NAME)                               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

| SHORT TITLE:<br>Vaquero v. Ashley Furniture Industries, Inc., et al. | CASE NUMBER | BC490673 |
|---|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5 ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(check only one) | | C<br>Applicable Reasons –<br>See Step 3 Above |
|---|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ | A7100  Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ | A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ | A6070  Asbestos Property Damage | 2. |
| | | ☐ | A7221  Asbestos – Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ | A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ | A7210  Medical Malpractice – Physicians & Surgeons | 1., 4. |
| | | ☐ | A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ | A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ | A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ | A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ | A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Vaquero v. Ashley Furniture Industries, Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Vaquero v. Ashley Furniture Industries, Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 | Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 | Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 | Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 | Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 | Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 | Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 | Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 | Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 | Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 | Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 | Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 | Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 | Sister-State Judgment | 2., 9. |
| | | ☐ A6160 | Abstract of Judgment | 2., 6. |
| | | ☐ A6107 | Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 | Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 | Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 | Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 | Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 | Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 | Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 | Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 | Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 | Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 | Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 | Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 | Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 | Election Contest | 2. |
| | | ☐ A6110 | Petition for Change of Name | 2., 7. |
| | | ☐ A6170 | Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 | Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: Vaquero v. Ashley Furniture Industries, Inc., et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: 401 N. 1st Street |
|---|---|
| ☑1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: Burbank | STATE: CA | ZIP CODE: 91502 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the CCW _____ courthouse in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: August 23, 2012 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES**

Case Number _____

**BC490673**

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge Kenneth Freeman | 322 | 1702 |
| Judge William F. Highberger | 307 | 1402 |
| Judge Jane Johnson | 308 | 1415 |
| Judge Anthony J. Mohr | 309 | 1409 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| OTHER | | |

## Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding* arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

**CIVIL:**
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.890-3.898 Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

**FAMILY LAW (non-custody):**
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

**PROBATE:**
- **Mediation**
- **Settlement Conference**

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

| | |
|---|---|
| **Party Select Panel** | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Random Select Panel** | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Private Neutral** | The market rate for private neutrals can range from $300-$1,000 per hour. |

## ADR ASSISTANCE

**For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.**

| COURTHOUSE | ADDRESS | ROOM | | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273. | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5695 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

LAADR 005 (Rev.12-09)
LASC Approved 05-09

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

**Information About Alternative Dispute Resolution:**

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act ("DRPA"), to provide information about the availability of local dispute resolution programs funded under DRPA. In Los Angeles County, these services are made possible through major support from the Los Angeles County Department of Community and Senior Services through DRPA. The list of the local dispute resolution programs funded in Los Angeles County is set forth below.

Superior Court of California, Los Angeles County, ADR Office (213) 974-5425
www.lasuperiorcourt.org/ADR

**Staff and volunteers of the following identified agencies are not employees of the Los Angeles Superior Court:**

Asian-Pacific American Dispute Resolution Center (213) 250-8190 www.apadrc.org

California Academy of Mediation Professionals (818) 377-7250 www.mediationprofessionals.org

California Lawyers for the Arts, Arbitration and Mediation Service (310) 998-5590 www.calawyersforthearts.org/

Center for Conflict Resolution (818) 705-1090 www.ccr4peace.org

Inland Valleys Justice Center (909) 621-7479 www.ivjc.org

Korean American Coalition 4.29 Center (213) 365-5999 www.kacla.org

Los Angeles City Attorney's Office Dispute Resolution Program (213) 485-8324
www.lacity.org/mediate

Los Angeles County Bar Association Dispute Resolution Services
(877) 473-7658 (323) 930-1841 (888) 922-1322 (562) 570-1019 www.lacba.org/drs

Los Angeles County Department of Consumer Affairs (213) 974-0825

The Loyola Law School Center for Conflict Resolution (213) 736-1145 www.lls.edu/ccr

City of Norwalk Dispute Resolution Program (562) 929-5603
www.ci.norwalk.ca.us/socialservices2.asp

---

***These programs do not offer legal advice or help you respond to a summons, but they can assist in resolving your problem through mediation.***

**Dispute Resolution Programs Act
Contracts Administration Office: (213) 738-2621**

---

LAADR 007 (Rev. 04/10)
LASC Approved 07-04

## INFORMATION ABOUT
## ALTERNATIVE DISPUTE RESOLUTION

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
 Click on the button to select the appropriate court address.

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

- ☐ Mediation
- ☐ Non-Binding Arbitration
- ☐ Binding Arbitration
- ☐ Early Neutral Evaluation
- ☐ Settlement Conference
- ☐ Other ADR Process (describe): _____

Dated: _____

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

| Short Title | Case Number |
|---|---|
| | |

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 2 of 2

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):      FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
     (INSERT DATE)                                        (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____         ➤ _____
(TYPE OR PRINT NAME)                                       (ATTORNEY FOR PLAINTIFF)

Date:

_____         ➤ _____
(TYPE OR PRINT NAME)                                       (ATTORNEY FOR DEFENDANT)

Date:

_____         ➤ _____
(TYPE OR PRINT NAME)                                       (ATTORNEY FOR DEFENDANT)

Date:

_____         ➤ _____
(TYPE OR PRINT NAME)                                       (ATTORNEY FOR DEFENDANT)

Date:

_____         ➤ _____
(TYPE OR PRINT NAME)                                       (ATTORNEY FOR _____)

Date:

_____         ➤ _____
(TYPE OR PRINT NAME)                                       (ATTORNEY FOR _____)

Date:

_____         ➤ _____
(TYPE OR PRINT NAME)                                       (ATTORNEY FOR _____)

LACIV 229 (new)
LASC Approved 04/11          **STIPULATION – EARLY ORGANIZATIONAL MEETING**          Page 2 of 2

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):  FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____     ➤     _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR PLAINTIFF)

Date:

_____     ➤     _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤     _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤     _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤     (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date:

_____     ➤     (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date:

_____     ➤     (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):  FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, _briefly_ describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, _briefly_ describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):    FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine.  Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine.  In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions.  If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues.  For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference.  Each side's portion of the short joint statement of issues may not exceed three pages.  The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____     ➤  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR PLAINTIFF)

Date:

_____     ➤  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤  (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____     ➤  (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____     ➤  (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

## THE COURT SO ORDERS.

Date:   _____

_____
JUDICIAL OFFICER

# EXHIBIT C

1   J. KEVIN LILLY, Bar No. 119981
    SCOTT M. LIDMAN, Bar No. 199433
2   KARA L. JASSY, Bar No. 198846
    LITTLER MENDELSON, P.C.
3   2049 Century Park East
    5th Floor
4   Los Angeles, CA 90067.3107
    Telephone:   310.553.0308
5
    Attorneys for Defendants
6   ASHLEY FURNITURE INDUSTRIES, INC. AND
    STONELEDGE FURNITURE LLC
7

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

OCT 03 2012

John A. Clarke, Executive Officer/Clerk
BY Luis Barahona, Deputy

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF LOS ANGELES, CIVIL CENTRAL WEST

| | |
|---|---|
| 10  RICARDO BERMUDEZ VAQUERO, on behalf of himself and all others similarly 11  situated, | Case No.  BC490673 (Assigned for All Purposes to Hon. Jane L. Johnson, Dept. 308) |
| 12                      Plaintiff, | **DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT FOR DAMAGES** |
| 13          v. | |
| 14  ASHLEY FURNITURE INDUSTRIES, INC., a Wisconsin Corporation; 15  STONELEDGE FURNITURE LLC, a Wisconsin Limited Liability Corporation, 16  and DOES 1 through 10, Inclusive, | Trial Date:  None Set Complaint Filed:  8/24/2012 |
| 17                      Defendants. | |

18

19

20

21

22

23

24

25

26

27

28

Firmwide:114901691.1 061736.1008

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

1    COME NOW Defendants Ashley Furniture Industries, Inc. ("Ashley") and Stoneledge

2    Furniture LLC ("Stoneledge") (Ashley and Stoneledge are collectively referred to herein as

3    "Defendants") by and through their attorneys, to Answer to the Complaint filed by Plaintiff Ricardo

4    Vaquero on behalf of himself and other members of the general public similarly situated

5    ("Plaintiff").

6    **GENERAL DENIAL**

7    Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendants hereby

8    answer Plaintiff's unverified Complaint by generally denying each and every allegation contained

9    therein, by denying Plaintiff has been damaged or has sustained any damages as a result of the

10    conduct alleged therein, and by asserting the following separate and distinct defenses.

11    **AFFIRMATIVE DEFENSES**

12    Without admitting any of the allegations of the complaint and without admitting or

13    acknowledging that Defendants bear any burden of proof as to any of them, Defendants assert the

14    following affirmative defenses.  Defendants intend to rely upon any additional defenses that become

15    available or apparent during pretrial proceedings and discovery in this action and hereby reserve the

16    right to amend this Answer to assert all such further defenses.

17    **FIRST AFFIRMATIVE DEFENSE**

18    1.    As a separate and distinct affirmative defense, Defendants allege that the Complaint

19    and each and every alleged cause of action therein, is barred in whole or in part by the equitable

20    doctrines of laches.

21    **SECOND AFFIRMATIVE DEFENSE**

22    2.    As a separate and distinct affirmative defense, Defendants allege that the Complaint

23    and each and every alleged cause of action therein, is barred in whole or in part by the equitable

24    doctrine of unclean hands.

25    **THIRD AFFIRMATIVE DEFENSE**

26    3.    As a separate and distinct affirmative defense, Defendants allege that the Complaint

27    and each and every alleged cause of action therein, is barred in whole or in part by the equitable

28    doctrine of estoppel.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107

Firmwide:114901691.1 061736.1008

1.

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

## FOURTH AFFIRMATIVE DEFENSE

4.      As a separate and distinct affirmative defense, Defendants allege that Plaintiff has failed to and cannot satisfy the requirements for the maintenance of a class action, including without limitation numerosity, ascertainability, predominance, superiority, typicality, adequacy of both the proposed class representatives and proposed class counsel, and Defendants further allege that public policy considerations do not favor such a certification.

## FIFTH AFFIRMATIVE DEFENSE

5.      Defendants allege that Plaintiff's Complaint, and every cause of action therein, is barred by the applicable statutes of limitations set forth in California Code of Civil Procedure sections 337, 338(a) and 340(a), California Labor Code section 2699, California Business and Professions Code section 17208, and/or any other applicable statute of limitations

## SIXTH AFFIRMATIVE DEFENSE

6.      As a separate and distinct affirmative defense to the Complaint, Defendants allege that Plaintiff and/or putative class member claims are barred by their own breach of duties owed to Defendants, including but not limited to those under California Labor Code sections 2853, 2854, 2856, 2857 and 2859.

## SEVENTH AFFIRMATIVE DEFENSE

7.      As a separate and distinct affirmative defense to the Complaint, Defendants allege there exists a bona fide dispute as to whether any additional compensation is actually due to Plaintiff or to any putative class member, and if so, the amount thereof.

## EIGHTH AFFIRMATIVE DEFENSE

8.      As a separate and distinct affirmative defense to the Complaint, Defendants allege that, even if Plaintiff or any putative class member are entitled to any additional compensation, which Defendants deny, they have not willfully or intentionally failed to pay any such additional compensation to Plaintiff or any putative class member to justify an award of penalties or fees, whether under California Labor Code section 203, California Labor Code section 226 or otherwise.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107

Firmwide:114901691.1 061736.1008                    2.

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NINTH AFFIRMATIVE DEFENSE**

9.     Defendant alleges that Plaintiff's Complaint, and each cause of action set forth therein, is barred because Plaintiff failed to timely and completely exhaust the requisite administrative, statutory and/or contractual remedies and/or prerequisites under the California Labor Code or otherwise prior to commencing this action.

**TENTH AFFIRMATIVE DEFENSE**

10.     As a separate and distinct affirmative defense to the Complaint, Defendants allege that some or all of the hours worked by Plaintiff and/or the putative class and claimed as causing a violation of California Labor Code section 1197 and/or any other laws relating to minimum wage requirements were de minimis and do not qualify as compensable hours worked within the meaning of the California Labor Code and the Wage Order(s) issued by the California Industrial Wage Commission.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.     As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action are barred because the applicable statutes and the applicable wage orders of the California Industrial Welfare Commission are unconstitutionally vague ambiguous as applied to the facts and circumstances of this case.

**TWELFTH AFFIRMATIVE DEFENSE**

12.     As a separate and distinct affirmative defense to the Complaint, Defendants allege that the claims asserted are barred to the extent Plaintiff and/or putative class members released the claims and damages sought and/or acknowledged an accord and satisfaction of any claim asserted in the Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff's Complaint cannot be maintained against Defendants because any alleged losses or harms sustained by Plaintiff and any putative class members, if any, which Defendants deny, resulted from causes other than any act or omission, if any, by Defendants.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107

Firmwide:114901691.1 061736.1008                          3.

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.     Defendant alleges that any purported failure of Plaintiff to take meal or rest periods was the result of his exercise of discretion, independent judgment, and self-determination.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.     Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that the Complaint is barred because Plaintiff and/or the putative class members he seeks to represent, or some of them, are exempt from the payment of overtime compensation pursuant to the commission sales exemption arising under the California Labor Code, applicable Wage Order(s) and all applicable regulations, taking into account appropriate tacking of exemptions.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.     Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that the Complaint, and each cause of action set forth therein, or some of them, is barred to the extent that Plaintiff and/or the putative class members he seeks to represent, or some of them, did not perform their duties in accordance with the reasonable expectations of Defendants and/or in the manner directed by Defendants, and accordingly such acts or omissions cannot deprive Defendants the benefit of the exemption from overtime pursuant to *Ramirez v. Yosemite Water Co.*, 20 Cal. 4th 785 (2000).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.     As a separate and distinct affirmative defense to the Complaint, Defendants allege that any recovery by Plaintiff and/or any putative class member(s) is limited in whole or in part by their failure and/or refusal to mitigate their purported damages, if any.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18.     As a separate and distinct affirmative defense to the Complaint, Defendants allege that any recovery by Plaintiff and/or any putative class member(s) is barred in whole or in part by the avoidable consequences doctrine.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107

Firmwide:114901691.1 061736.1008                    4.

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

### NINETEENTH AFFIRMATIVE DEFENSE

19.     As a separate and distinct affirmative defense to the Complaint, Defendants allege that Plaintiff lacks standing as representative of the proposed class and does not and cannot adequately represent the putative class members as to some or all claims.

### TWENTIETH AFFIRMATIVE DEFENSE

20.     As a separate and distinct affirmative defense, Defendants allege that even if Plaintiff and/or the putative class members are entitled to any compensation as a result of the Complaint and each cause of action set forth therein, which Defendants deny, any such compensation must be setoff in an amount equal to the amount(s) recovered by and/or previously paid to Plaintiff and/or putative class members for the same or similar claims asserted in any related cases or charges, so as to prevent unjust enrichment of Plaintiff and the putative class members.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Defendants allege that to the extent Plaintiff and/or the putative class seeks civil or statutory penalties, such claims violate the Fifth, Fourteenth and Eighth Amendments of the United States Constitution and also violate Article 1, sections 17 and 8 of the California Constitution, including the prohibition against excessive fines.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Defendants allege that, assuming *arguendo* that Plaintiff and/or the putative class members he seeks to represent were entitled to meal and/or rest breaks, the Complaint is barred because they (1) failed to take breaks that were provided to them in compliance with California law, (2) chose not to take the rest breaks that were authorized and permitted or (3) waived their right to meal breaks under California Labor Code Section 512(a).

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Defendants allege that the imposition of replicating individual penalties would deprive Defendants of their fundamental constitutional rights to due process under the Fourteenth Amendment of the United States Constitution and under the Constitution and laws of the State of California.  *See State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408

LITTLER MENDELSON, P.C.
2048 Century Park East
5th Floor
Los Angeles, CA 90067.3107

Firmwide:114901691.1 061736.1008                    5.

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

1  (2003); *People ex. rel. Lockyer v. R.J. Reynolds*, 37 Cal. 4th 707 (2005); *Ratner v. Chemical Bank*
2  *New York Trust Co.*, 54 F.R.D. 412 (S.D.N.Y. 1972).

3  **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

4  24.  Defendant alleges that the prosecution of a representative action on behalf of the
5  general public under California Business and Professions Code section 17200, *et seq.*, as applied to
6  the facts and circumstances of this case, would constitute a denial of Defendant's due process rights,
7  both substantive and procedural, in violation of the California Constitution and the Fourteenth
8  Amendment to the United States Constitution.

9  **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

10  25.  Defendants are informed and believe that a reasonable opportunity for investigation
11  and discovery will reveal, and on that basis allege, that any purported violation of the Labor Code or
12  Order of the Industrial Welfare Commission was an act or omission made in good faith, and
13  Defendants had reasonable grounds for believing that their practices complied with applicable laws
14  and that any act or omission was not a violation of the Labor Code or any Order of the Industrial
15  Welfare Commission, such that Plaintiff and/or the putative class members he seeks to represent are
16  not entitled to any damages.

17  **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

18  26.  Defendants allege that Plaintiff lacks standing to bring claims for civil penalties on
19  behalf of others because he is not an "aggrieved employee," pursuant to the Private Attorneys
20  General Act, California Labor Code Section 2698, *et seq.*

21  **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

22  27.  Defendants are informed and believe that a reasonable opportunity for investigation
23  and discovery will reveal, and on that basis allege, that Plaintiff's cause of action based upon the
24  Private Attorneys General Act, California Labor Code section 2698, *et seq.* in Plaintiff's Complaint
25  is unconstitutional on the basis that it violates the separation of powers doctrine by empowering
26  private attorneys to prosecute public claims, thereby impairing the judiciary's inherent power to
27  regulate attorney conduct.

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107

Firmwide:114901691.1 061736.1008                6.

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.    As a separate and distinct affirmative defense to the Complaint, Defendants allege that certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief as follows:

1.    That Plaintiff takes nothing and that the Complaint is dismissed in its entirety with prejudice;

2.    That judgment is entered in Defendants' favor;

3.    That Defendants are awarded their reasonable attorneys' fees and costs of suit here; and

4.    That Defendants are awarded such other and further relief as the Court deems just and proper.

Dated: October 3 , 2012

J. Kevin Lilly
Scott M. Lidman
Kara L. Jassy
LITTLER MENDELSON, P.C.
A Professional Corporation
Attorneys for Defendants
ASHLEY FURNITURE INDUSTRIES, INC.
AND STONELEDGE FURNITURE LLC

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107

Firmwide:114901691.1 061736.1008                    7.

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

## PROOF OF SERVICE

I am employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 2049 Century Park East, 5th Floor, Los Angeles, California  90067.3107.  I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  On **October 3, 2012,** I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT FOR DAMAGES**

☒    by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

| | |
|---|---|
| Isam C. Khoury, Esq.<br>Michael D. Singer, Esq<br>Jeff Geraci, Esq.<br>COHELAN KHOURY & SINGER 605 "C"<br>Street, Suite 200<br>San Diego, CA 92101 | Kevin T. Barnes, Esq.<br>Gregg Lander, Esq.<br>LAW OFFICES OF KEVIN T. BARNES<br>5670 Wilshire Boulevard, Suite 1460<br>Los Angeles, CA 90036-5664 |

Raphael Katri, Esq.
LAW OFFICES OF RAPHAEL A. KATRI
264 S. La Cienega Blvd, Ste 200
Beverly Hills, CA 90211

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **October 3, 2012,** at Los Angeles, California.

_Barbara Nikitas_
Barbara Nikitas

Firmwide:114501186.1 061736.1000

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV12- 8590 PA (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| RICARDO BERMUDEZ VAQUERO, on behalf of himself and all other similarly situated | ASHLEY FURNITURE INDUSTRIES, INC.; STONELEDGE FURNITURE, LLC |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Michael D. Singer/Jeff Geraci/Isam C. Khoury<br>COHELAN KHOURY & SINGER<br>605 C Street, Ste. 200<br>San Diego, CA 92101<br>(619) 595-3000 | J. Kevin Lilly/Scott M. Lidman/Kara L. Jassy<br>LITTLER MENDELSON<br>2049 Century Park East, Fifth Floor<br>Los Angeles, CA 90067<br>(310) 553-0308 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. SECTIONS 1332, 1441 and 1446

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number:

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                    CIVIL COVER SHEET

American LegalNet, Inc.<br>www.FormsWorkflow.com

Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Ashley Furntiure Industries, Inc. (Wiscosin);<br>Stoneledge LLC, (Wisconsin) |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Signed_      Date October 5, 2012

Scott M. Lidman

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)      CIVIL COVER SHEET      Page 2 of 2

American LegalNet, Inc.
www.FormsWorkflow.com