Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
5670 Wilshire Boulevard, Suite 1460
Los Angeles, CA 90036-5664
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

Raphael A. Katri, Esq. (#221941)
LAW OFFFICES OF RAPHAEL A. KATRI
264 South La Cienega Boulevard, Suite 200
Beverly Hills, CA 90211 -3302
Tel.:(310) 940-2034/Fax: (310) 733-5644
Email: RKatri@socallaborlawyers.com

Michael D. Singer, Esq. (#115301)
Jeff Geraci, Esq. (#151519)
COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego. CA 92101 – 5305
Tel.: (619) 595-3001/ Fax: (619) 595-3000
Email: msinger@ckslaw.com

Attorneys for Plaintiff RICARDO BERMUDEZ VAQUERO,
on behalf of herself and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO BERMUDEZ VAQUERO, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ASHLEY FURNITURE INDUSTRIES, INC., a Wisconsin Corporation; STONELEDGE FURNITURE LLC, a Wisconsin Limited Liability Corporation, and DOES 1 through 10, Inclusive, <br><br> Defendants. | Case No.: 2:12-cv-08590-PA-MAN <br><br> **CLASS ACTION** <br><br> **PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE DATE TO FILE FOR CLASS CERTIFICATION (LOCAL RULE 23-3), OR IN THE ALTERNATIVE, COMPEL DISCOVERY** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

  **PLEASE TAKE NOTICE OF THE FOLLOWING:**

  Plaintiff RICARDO BERMUDEZ VAQUERO, on behalf of himself and all others similarly situated ("Plaintiff") applies *ex parte* to this Court to waive and/or continue the Local Rule 23-3 requirements for the filing of Plaintiff's Class Certification Motion currently set for January 3, 2013.

  Good cause exists to grant this Application in that, despite the best efforts of counsel, the discovery necessary to bring and defend a motion for class certification cannot reasonably be completed in time to file the motion on January 3, 2013.

  Plaintiff filed his complaint on August 24, 2012 in California state court on behalf of himself and Defendant's Sales Associates employed during the previous four years. On October 5, 2012, Defendants removed the case to this Court. Plaintiff's Motion for Remand was denied without hearing. Counsel conducted the Early Meeting on November 15, 2012, and submitted their Joint Report on November 26, 2012.

  On September 20, 2012, Plaintiff served an initial set of Special Interrogatories (two interrogatories) and Requests for Production of Documents (four requests) to each of the two Defendants in the state court action. Defendants were not obligated to respond after removal.

  On November 8, 2012, the parties submitted a Joint Stipulation to Continue Class Certification Filing Date. The Court denied the Joint request.

  During the Early Meeting of Counsel conducted on November 15, 2012, the parties agreed Plaintiff would serve a second set of Interrogatories and Requests for Production of Documents to Defendant Stoneledge Furniture LLC only. The discovery was served via electronic mail on November 15, 2012 and Stoneledge's responses are currently due December 18, 2012.

///

One of Plaintiff's initial interrogatories requests contact information for the putative class. Defendant agreed to produce the names and addresses for the putative class, subject to the entry of a protective order, by December 7, 2012. The parties drafted a Joint Stipulation requesting a Protective Order be entered and filed it with the court on November 28, 2012. As of the filing of this Ex Parte Application, the Court has not acted on the proposed Order,

Plaintiff also served a Notice of Deposition of Defendant Stoneledge Furniture LLC on that date. The deposition was noticed for November 30, 2012 but Defense advised Plaintiff that a witness could not be produced on that date. The parties met and conferred on available dates but all the necessary depositions could not go forward before the January 3, 2013 Local Rule 23-3 class certification filing date.

Plaintiff agreed to significantly reduce the number of PMK categories of testimony, which reduced the number of depositions needed by two or three. Even with these compromises by Plaintiff, it is not possible for even the limited number of witnesses to be produced in reasonable time to allow the depositions to be taken, transcripts to be obtained, and the information reviewed and incorporated in a Motion for Class Certification. Defendant was able to agree to produce one witness on December 21, 2012. The earliest date the other witness can be made available is Saturday, December 29, 2012. Defendant has requested Plaintiff be made available for deposition before the motion for class certification is filed.

Cohelan Khoury & Singer's office closes each year for the holidays and will close on December 24, 2012 and not re-open until January 2, 2013. Co-counsel Kevin Barnes has a pre-paid family vacation scheduled for December 24, 2012 through January 6, 2013. Co-counsel Raphael Katri has a pre-paid vacation scheduled for December 27, 2012 through December 30, 2012.

Based on all these factors, Plaintiff requests the Court continue the date for filing Plaintiff's Class Certification Motion imposed by Local Rule 23-3 for ninety (90) days.

The parties are informally meeting and conferring prior to receiving Defendant's responses in an attempt to work through any discovery issues as soon as possible. Because the responses are not due until December 18, 2012 and with the upcoming holidays, any anticipated discovery motions cannot be filed until after the Local Rule 23-3 class certification filing deadline, for several reasons, including that the joint stipulation required by Local Rule 37-1 may take more than a week to prepare.

The parties have met and conferred telephonically and Defendant does not oppose this Ex Parte Application. Plaintiff sent an email to Defendant's counsel on December 12, 2012, at 11:34 a.m. advising Plaintiff's ex parte application was being filed today, and a second email at 2:01 p.m., and reminding them an opposition is due 24 hours after Plaintiff's ex parte filing.

This request is based on this Application, the memorandum of points and authorities attached hereto, and the supporting Declaration of Jeff Geraci.

Dated:   December 12, 2012        **COHELAN KHOURY & SINGER**
                                  **LAW OFFICE OF KEVIN T. BARNES**
                                  **LAW OFFICES OF RAPHAEL A. KATRI**

                                  By: /s/ Jeff Geraci
                                       Michael D. Singer, Esq.
                                       Jeff Geraci, Esq.
                                  Attorneys for Plaintiff
                                  RICARDO BERMUDEZ VAQUERO
                                  and the putative class