1  Kevin T. Barnes, Esq. (#138477)
   Gregg Lander, Esq. (#194018)
2  LAW OFFICES OF KEVIN T. BARNES
   5670 Wilshire Boulevard, Suite 1460
3  Los Angeles, CA 90036-5664
   Tel.: (323) 549-9100 / Fax: (323) 549-0101
4  Email: Barnes@kbarnes.com

5  Raphael A. Katri, Esq. (#221941)
   LAW OFFFICES OF RAPHAEL A. KATRI
6  264 South La Cienega Boulevard, Suite 200
   Beverly Hills, CA 90211 -3302
7  Tel.:(310) 940-2034/Fax: (310) 733-5644
   Email: RKatri@socallaborlawyers.com

8
   Michael D. Singer, Esq. (#115301)
9  Jeff Geraci, Esq. (#151519)
   COHELAN KHOURY & SINGER
10 605 C Street, Suite 200
   San Diego. CA 92101 – 5305
11 Tel.: (619) 595-3001/ Fax: (619) 595-3000
   Email: msinger@ckslaw.com

12
   Attorneys for Plaintiff RICARDO BERMUDEZ VAQUERO,
13 on behalf of herself and all others similarly situated

14             **UNITED STATES DISTRICT COURT**

15           **CENTRAL DISTRICT OF CALIFORNIA**

16
   RICARDO BERMUDEZ VAQUERO,          ) Case No.: 2:12-cv-08590-PA-MAN
17 on behalf of herself and all others       )
   similarly situated,                        ) **CLASS ACTION**
18                                             )
          Plaintiffs,                          ) **MEMORANDUM OF**
19                                             ) **POINTS AND AUTHORITIES**
          v.                                   ) **IN SUPPORT OF PLAINTIFF'S**
20                                             ) **EX PARTE APPLICATION TO**
   ASHLEY FURNITURE                           ) **CONTINUE DATE TO FILE**
21 INDUSTRIES, Inc., a Wisconsin             ) **FOR CLASS CERTIFICATION**
   Corporation; STONELEDGE                    ) **(LOCAL RULE 23-3), OR IN**
22 FURNITURE LLC, a Wisconsin                ) **THE ALTERNATIVE, COMPEL**
   Limited Liability Corporation, and         ) **DISCOVERY**
23 DOES 1 Through 10, Inclusive              )
                                               )
24        Defendants.                          )
                                               )
25                                             )
                                               )
26                                             )
                                               )
27                                             )
                                               )
28                                             )
   _____ )

I.      **INTRODUCTION**

Plaintiff RICARDO BERMUDEZ VAQUERO ("Plaintiff") seeks relief from Local Rule 23-3 ("L.R. 23-3" or "Local Rule") which requires a motion for class certification to be filed "within 90 days after service of a pleading purporting to commence a class action." This is a putative wage and hour class action in which Plaintiff alleges that Defendants violated the rights of him and other employees under the California Labor Code. Because of inability to obtain all written discovery and depositions from Defendants, Plaintiff requests that this Court  waive or continue the LR 23-3 requirements for the filing of Plaintiff's Class Certification Motion currently set for January 3, 2013, until Plaintiff has a reasonable opportunity to obtain the documents and depositions needed to bring the Motion.

Plaintiff has significantly reduced the number of categories of testimony requested, and the number of witnesses Defendant needs to produce to only two, they cannot be made available until December 21, 2012, and Saturday, December 29, 2012, respectively.  Critical discovery responses are not due until December 18, 2012 and with the upcoming holidays, any anticipated discovery motions cannot be filed until after the Local Rule 23-3 class certification filing date, for several reasons, including that the joint stipulation required by Local Rule 37-1 may take more than a week to prepare.

In addition to the lack of necessary documents and testimony, one Plaintiff counsel's entire office is closed from December 24, 2012 through January 2, 2013, and the other primary Plaintiff's counsel has a pre-paid family vacation scheduled for December 24, 2012 through January 6, 2013.

Enforcement of Local Rule 23-3 under these circumstances would prevent necessary discovery from being taken and may conflict with the timing requirements of the Federal Rules of Civil Procedure. For the reasons discussed in this Application, Plaintiff respectfully requests the Court grant the relief requested.

Points and Authorities in Support of Ex Parte Application to Continue Certification Filing
Case No. 12-cv-08590-PA-MAN

## II.   STATEMENT OF FACTS

### A. HISTORY OF PLEADINGS

Plaintiff filed his complaint on August 24, 2012 in California state court on behalf of Defendant's Sales Associates employed during the relevant time period. On October 5, 2012, Defendants removed to this Court. Plaintiff's Motion for Remand was denied without hearing.

The Early Meeting of Counsel was held November 15, 2012, and on November 26, 2012, the parties submitted their Joint Report of Early Meeting pursuant to Rule 26(f) and the Court's Scheduling Conference Order.

### B. DISCOVERY REQUESTS

On September 20, 2012, Plaintiff served initial written discovery consisting of Special Interrogatories and Requests for Production of Documents to Defendants ASHLEY FURNITURE INDUSTRIES, INC. and STONELEDGE FURNITURE LLC. On October 9, 2012, Defense counsel advised the state court was divested of jurisdiction by removal and Defendants were not required to respond to the discovery requests.

During the November 15, 2012, Early Meeting of Counsel, the parties agreed a second set of Interrogatories and Requests for Production of Documents would be served on Defendant Stoneledge Furniture LLC only.  They were served that day and Stoneledge's responses are due December 18, 2012.

Plaintiff also served a Notice of Deposition of Defendant Stoneledge Furniture LLC on November 15, 2012, for November 30, 2012. Defense counsel later advised Plaintiff no witnesses could be produced on that date.  The parties met and conferred on available dates but all the necessary depositions could not go forward before the January 3, 2013 Local Rule 23-3 class certification filing date.

Plaintiff agreed to significantly reduce the number of PMK categories of testimony, which reduced the number of depositions needed by two or three. Even with these compromises by Plaintiff, it is not possible for even the limited number

Points and Authorities in Support of Ex Parte Application to Continue Certification Filing
Case No. 12-cv-08590-PA-MAN

1  of witnesses to be produced in a reasonable time to allow the depositions to be

2  taken, transcripts to be obtained, and the information reviewed and incorporated in

3  a Motion for Class Certification. Defendant was able to agree to produce one

4  witness on December 21, 2012.  The earliest date the other witness can be made

5  available is Saturday, December 29, 2012.

6          Plaintiff served an interrogatory requesting contact information for the

7  putative class.  The parties met and conferred and Plaintiff sought to obtain this

8  critical information as soon as possible. Rather than the usual privacy notice

9  procedure which takes over thirty days from the mailing of a notice, the parties

10 agreed Defendant would produce the names and addresses for the putative class,

11 subject to the entry of a protective order, on December 7, 2012.  The parties

12 drafted a Joint Stipulation requesting a Protective Order be entered and filed it with

13 the court on November 28, 2012.  As of the filing of this Ex Parte Application, the

14 Court has not acted on the proposed Order, and Defendant has not produced

15 contact information.

16         The parties are informally meeting and conferring prior to receiving

17 Defendant's outstanding discovery responses in an attempt to work through any

18 discovery issues as soon as possible. Because the responses are not due until

19 December 18, 2012, any anticipated discovery motions cannot be filed until after

20 the Local Rule 23-3 class certification filing deadline, for several reasons,

21 including and with due to the upcoming holidays,  and that the joint stipulation

22 required by Local Rule 37-1 may take more than a week to prepare.

23         **C. PUTATIVE CLASS MEMBER INFORMATION**

24         Plaintiff will be severely prejudiced by the lack of, and or, the late

25 production of, contact information. Plaintiff had already agreed to accept names

26 and addresses without telephone numbers through a protective order, rather than

27 move to compel the information with phone numbers, to move the case more

28

- 4 -

1  quickly toward filing for certification.1 The parties drafted a Joint Stipulation

2  requesting a Protective Order be entered and filed it with the court on November

3  28, 2012.  As of the filing of this Ex Parte Application, the Court has not acted on

4  the proposed Order.  Now, three weeks from the date to file for class certification,

5  Plaintiff still does not have even names and addresses for the class. Plaintiff is

6  severely prejudiced by the lack of contact information.

7  ### D. DEPOSITIONS OF  DEFENDANT'S WITNESSES

8  Plaintiff served a Notice of Deposition of Defendant Stoneledge Furniture

9  LLC on November 15, 2012, for November 30, 2012.  No witnesses could be

10  produced on that date.  The parties met and conferred on available dates, but all the

11  necessary depositions could not go forward before January 3, 2013.

12  Plaintiff significantly reduced the number of PMK categories of testimony,

13  which reduced the number of depositions needed.  Even with these compromises

14  by Plaintiff, it is not possible for even the limited number of witnesses to be

15  produced in a reasonable time to allow the depositions to be taken, transcripts to be

16  obtained, and the information reviewed and incorporated in a Motion for Class

17  Certification. Defendant was able to agree to produce one witness on December

18  21, 2012.  The earliest date the other witness can be made available is Saturday,

19  December 29, 2012.

20  It will be difficult to complete the deposition scheduled for December 21,

21  2012, obtain a transcript, review it, and use the testimony in support of a motion

22  for class certification. For the December 29, 2012 deposition, it will be impossible.

23  Cohelan Khoury & Singer's office closes each year for the holidays and will

24  closed on December 24, 2012 and not re-open until January 2, 2013.  Co-counsel

25  Kevin Barnes has a pre-paid family vacation scheduled for December 24, 2012

26  through January 6, 2013.  Co-counsel Raphael Katri has a pre-paid vacation

27

28  [1] Plaintiff agreed to accept the contact information in that form without prejudice to seeking the telephone numbers at a later time.

- 5 -

Points and Authorities in Support of Ex Parte Application to Continue Certification Filing
Case No. 12-cv-08590-PA-MAN

1  scheduled for December 27, 2012 through December 30, 2012.

2      Plaintiff has already pared the depositions down to the bare minimum

3  needed before moving for certification.  Plaintiff will be severely prejudiced if

4  Local Rule 23-3 is enforced in this situation.

5
6  **III.   APPLYING THE LOCAL RULE WILL PREVENT NECESSARY PRECERTIFICATION DISCOVERY, PREJUDICING PLAINTIFF AND THE PUTATIVE CLASS**
7

8      Plaintiff respectfully requests this Court grant relief from L.R. 23-3 and

9  allow necessary precertification discovery before a motion for class certification.

10  The Court has discretion to grant this Application and allow sufficient time to

11  perform precertification discovery before any deadline for filing a motion for class

12  certification. *See,* Fed. R. Civ. P. 16, 23, & 26 (granting courts broad discretion

13  over the scheduling of proceedings, discovery, and class certification); L.R. 23-3

14  (expressly authorizing court to order alternative schedule). In addition, applying

15  the Local Rule may constitute an abuse of that discretion, as the Local Rule's

16  bright-line timing standard conflicts with the "early practicable time" standard

17  under Rule 23 as applied to the facts of this case. Based on all the circumstances of

18  this case it is not "practicable" for Plaintiff to file a motion for class certification

19  by January 3, 2013.

20      No prejudice will result to Defendant by granting this relief. Defendant does

21  not oppose this relief and has previously stipulated to a continuance of the date for

22  Plaintiff to move for certification.

23  **A. FEDERAL RULES OF CIVIL PROCEDURE CONTROL OVER CONFLICTING LOCAL RULES**

24      Rule 83 authorizes district courts to make rules governing their own

25  procedures only if those rules *are not inconsistent with* the Federal Rules of Civil

26  Procedure.  Fed. R. Civ. P. 83(a); *Colgrove v. Battin*, 413 U.S. 149, 161 n.18

27  (1973); *see also Hamilton v. Keystone Tankship Corp.*, 539 F.2d 684, 686 (9th

28  Cir. 1976).

1    Where a local rule conflicts with the Federal Rules of Civil Procedure, it is
2  invalid to the extent that the two conflict. *United States v. Hvass*, 355 U.S. 570,
3  575 (1958); *Marshall v. Gates*, 44 F.3d 722, 724 (9th Cir. 1994); *Shady Grove*
4  *Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S.___, 130 S. Ct. 1431, 1442
5  (2010). (declining to apply state law procedural rule in putative class action where
6  the state law rule conflicted with Rule 23).

7    **B.    THE LOCAL RULE CONFLICTS WITH RULE 23 BECAUSE**
8    **IT IS IMPRACTIBLE FOR PLAINTIFF TO FILE A MOTION**
     **FOR CLASS CERTIFICATION BEFORE COMPLETING**
9    **PRCERTIFICATION DISCOVERY**

10   "Rule 23 unambiguously authorizes *any* plaintiff, in *any* federal civil
11  proceeding, to maintain a class action if the Rule's prerequisites are met." *Shady*
12  *Grove Orthopedic Assocs., P.A,* 559 U.S.___, 130 S. Ct. 1431, 1442 (2010)
13  (emphasis in original).

14   Rule 23(c)(1)(A) and L.R. 23-3 set forth conflicting standards for the timing
15  of a class certification motion.  Rule 23 instructs a Court to determine when to
16  certify at "an early practicable time," while the Local Rule requires a motion to
17  certify be filed "[w]ithin 90 days after service of a pleading purporting to
18  commence a class action . . . [ ], unless otherwise ordered by the Court."

19   **C.    IT IS IMPRACTICABLE FOR PLAINTIFF TO FILE FOR**
     **CLASS CERTIFICATION IN TIME REQUIRED BY LR 23-3**
20   An "early practicable time," will not always be ninety (90) days after filing,
21  and it is not in this case.

22    "The propriety of a class action cannot be determined in some cases without
23  discovery." *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975).
24  Particularly in evidence-intensive wage and hour class actions such as this one,
25  there is broad recognition that discovery, often extensive, is necessary to support a
26  class certification motion. *See id.*

27   While district courts have broad discretion to control the class certification
28  process, the Ninth Circuit has noted that "the better and more advisable practice for

- 7 -

1  a District Court to follow is to afford the litigants an opportunity to present

2  evidence as to whether a class action [is] maintainable." *Doninger v. Pac. Nw.*

3  *Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977). *Accord Mantolete v. Bolger*, 767

4  F.2d 1416, 1424-25 (9th Cir. 1985).

5      The "parties' pleadings alone are often not sufficient to establish whether

6  class certification is proper, and the district court [should] go beyond the pleadings

7  and permit some discovery and/or an evidentiary hearing to determine whether a

8  class may be certified." *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309, n. 14

9  (11th Cir. 2008); *see also In Re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1086 (6th Cir.

10  1996) ("The court should defer decision on certification pending discovery if the

11  existing record is inadequate for resolving the relevant issues") (citation and

12  internal punctuation omitted).

13      The Ninth Circuit has noted, in some circumstances, "the failure to grant

14  discovery before denying class treatment is reversible error." *Doninger*, 564 F.2d

15  at 1313**.** "In determining whether to grant discovery the court must consider its

16  need, the time required, and the probability of discovery resolving any factual issue

17  necessary for the determination." *Kamm*, 509 F.2d at 210; *Yaffee v. Powers*, 454

18  F.2d 1362, 1366 (1st Cir. 1972).

19      It is impracticable for Plaintiff to file a motion for class certification in this

20  case without first having an adequate opportunity to conduct precertification

21  discovery. The use of the term "practicable" in Rule 23 creates a flexible standard

22  that reflects the necessity of adequate discovery being available to a plaintiff

23  before being required to file a motion for class certification. *See* Fed. R. Civ. P.

24  23(c)(1) (2003), Advisory Committee Notes.

25      Plaintiff has not had an opportunity to conduct adequate discovery and, as a

26  result, cannot move for class certification in the time required by Local Rule 23-3.

27

28

Points and Authorities in Support of Ex Parte Application to Continue Certification Filing
Case No. 12-cv-08590-PA-MAN

**IV.   CONTINUING THE DATE FOR CERTIFICATION, OR IN THE ALTERNATIVE, ORDERING DISCOVERY**

If the date to file for class certification is not continued, Plaintiff must request the following discovery orders, in the alternative:

    A. Defendant Stoneledge be ordered to provide to Plaintiff, no later than December 18, 2012, contact information for the putative class, including telephone numbers.

    B. Defendant Stoneledge be ordered to provide to Plaintiff, no later than December 18, 2012, all compensation plans which applied to the putative class of California Sales Associates.

    C. Defendant Stoneledge be ordered to provide to provide to Plaintiff, no later than December 18, 2012, documents showing hours worked by a random sample of 20% of California Sales Associates from August 24, 2008 to the present, as requested in Plaintiff Request for Production of Documents, Set No. 2, Request 6.

    D. Defendant Stoneledge be ordered to provide to provide to Plaintiff, no later than December 18, 2012, payroll records for 20% sample of California Sales Associates as requested in Plaintiff Request for Production of Documents, Set No. 2, Request 7.

    E. Defendant Stoneledge be ordered to produce Troy Muller on December 19, 2012 or 20, 2012, for deposition in Los Angeles County, California.

    F. Defendant Stoneledge be ordered to produce Jose de la Pena on December 20, 2012, or December 21, 2012, for deposition in Los Angeles County, California.

If the Court cannot grant this relief ex parte, Plaintiff requests the Court shorten the time within in which a motion can be brought, waive the requirements of Local Rule Local Rule 37-1, and hear the motion at the earliest possible date.

1  **V.      CONCLUSION**

2          Plaintiff respectfully requests this court grant this ex parte application and

3  continue the date for a motion for class certification to be filed, by ninety (90)

4  days. This will allow discovery to be taken, and should allow any discovery issues

5  to be resolved.

6  Dated:   December 12, 2012      **COHELAN KHOURY & SINGER**
                                   **LAW OFFICE OF KEVIN T. BARNES**
7                                  **LAW OFFICES OF RAPHAEL A. KATRI**

8

9                                  By: /s/ Jeff Geraci
                                       Michael D. Singer, Esq.
10                                     Jeff Geraci, Esq.
                                   Attorneys for Plaintiff
11                                 RICARDO BERMUDEZ VAQUERO
12                                 and the putative class

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -