1  Kevin T. Barnes, Esq. (#138477)
   Gregg Lander, Esq. (#194018)
2  LAW OFFICES OF KEVIN T. BARNES
   5670 Wilshire Boulevard, Suite 1460
3  Los Angeles, CA 90036-5664
   Tel.: (323) 549-9100 / Fax: (323) 549-0101
4  Email: Barnes@kbarnes.com

5  Raphael A. Katri, Esq. (#221941)
   LAW OFFFICES OF RAPHAEL A. KATRI
6  264 South La Cienega Boulevard, Suite 200
   Beverly Hills, CA 90211 -3302
7  Tel.:(310) 940-2034/Fax: (310) 733-5644
   Email: RKatri@socallaborlawyers.com
8
   Michael D. Singer, Esq. (#115301)
9  Jeff Geraci, Esq. (#151519)
   COHELAN KHOURY & SINGER
10 605 C Street, Suite 200
   San Diego. CA 92101 – 5305
11 Tel.: (619) 595-3001/ Fax: (619) 595-3000
   Email: msinger@ckslaw.com
12
   Attorneys for Plaintiff RICARDO BERMUDEZ VAQUERO,
13 on behalf of herself and all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO BERMUDEZ VAQUERO, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ASHLEY FURNITURE INDUSTRIES, Inc., a Wisconsin Corporation; STONELEDGE FURNITURE LLC, a Wisconsin Limited Liability Corporation, and DOES 1 Through 10, Inclusive<br><br>　　　　Defendants. | Case No.: 2:12-cv-08590-PA-MAN<br><br>**CLASS ACTION**<br><br>**DECLARATION OF JEFF GERACI IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE DATE TO FILE FOR CLASS CERTIFICATION (LOCAL RULE 23-3), OR IN THE ALTERNATIVE, COMPEL DISCOVERY**<br><br>Action filed: August 24, 2012<br>Action Removed: October 5, 2012 |

---

**DECLARATION OF JEFF GERACI ISO PLAINTIFF'S EX PARTE APPLICATION TO WAIVE AND/OR CONTINUE THE CLASS CERTIFICATION FILING DEADLINE SET BY LR 23-3**

I, Jeff Geraci, declare:

1. I am an attorney licensed to practice before all courts of the State of California. I am Of Counsel to Cohelan Khoury & Singer, representing Plaintiff in this matter. I have personal knowledge of the facts stated in this declaration. If called as a witness, I would competently testify to those facts under oath.

2. Plaintiff filed his complaint on August 24, 2012 in California state court on behalf of himself and Defendant's Sales Associates employed during the previous four years. On October 5, 2012, Defendants removed the case to this Court.

3. On September 20, 2012, Plaintiff served an initial set of Special Interrogatories (two interrogatories) and Requests for Production of Documents (four requests) to each of the two Defendants in the state court action. Defendants were not obligated to respond after removal, and advised Plaintiff of this by an October 9, 2012 letter. An agreement was later reached regarding service of this limited, initial discovery, and Defendants' responses were received on December 10, 2012.

4. On November 8, 2012, the parties submitted a Joint Stipulation to Continue Class Certification Filing Date. The Court denied the Joint request.

5. During the Early Meeting of Counsel conducted on November 15, 2012, the parties agreed Plaintiff would serve a second set of Interrogatories and Requests for Production of Documents to Defendant Stoneledge Furniture LLC only. The discovery was served via electronic mail on November 15, 2012 and Stoneledge's responses are currently due December 18, 2012. This discovery is limited to issues related to class certification and consists of eleven (11) interrogatories and fifteen (15) document requests. True and correct copies are attached as Exhibits A and B.

6. One of Plaintiff's initial interrogatories requests contact information for

- 1 -
**DECLARATION OF JEFF GERACI ISO PLAINTIFF'S EX PARTE APPLICATION TO WAIVE AND/OR CONTINUE THE CLASS CERTIFICATION FILING DEADLINE SET BY LR 23-3**

the putative class. The parties met and conferred and Plaintiff sought to obtain this critical information as soon as possible. Rather than the usual privacy notice procedure which takes over thirty days from the mailing of a notice, the parties agreed Defendant would produce the names and addresses for the putative class, subject to the entry of a protective order, on December 7, 2012. The parties drafted a Joint Stipulation requesting a Protective Order be entered and filed it with the court on November 28, 2012. As of the filing of this Ex Parte Application, the Court has not acted on the proposed Order, and Defendant has not produced contact information.

7. Plaintiff served a Notice of Deposition of Defendant Stoneledge Furniture LLC on November 15, 2012. The deposition was noticed for November 30, 2012, but Defense advised me that a witness could not be produced on that date. The parties met and conferred on available dates but all the necessary depositions could not go forward before the January 3, 2013 Local Rule 23-3 class certification filing date.

8. Plaintiff agreed to significantly reduce the number of PMK categories of testimony, which reduced the number of depositions needed by two or three. Even with these compromises by Plaintiff, defense counsel advised me it was not possible for even the limited number of witnesses to be produced in a reasonable time to allow the depositions to be taken, transcripts to be obtained, and the information reviewed and incorporated in a Motion for Class Certification. Defense counsel advised me the earliest one witness could be produced was December 21, 2012, and the earliest date the other witness can be made available is Saturday, December 29, 2012.

9. My firm and co-counsel Kevin Barnes' firm have extensive experience over many years prosecuting class actions, particularly wage and hour matters. Both firms have acted as lead counsel and been approved as class counsel in numerous cases, including cases in the Central District. I have practiced

- 2 -
DECLARATION OF JEFF GERACI ISO PLAINTIFF'S EX PARTE APPLICATION TO WAIVE AND/OR CONTINUE THE CLASS CERTIFICATION FILING DEADLINE SET BY LR 23-3

1  employment law for over twenty years in California, and prosecuted wage and
2  hour class actions on behalf of employees almost exclusively for more than the
3  past three years. Based on my experience, it is my opinion that the discovery
4  responses likely to be obtained in this action, and the anticipated timing of
5  depositions, will not allow adequate preparation of a motion for class certification
6  by January 3, 2013.

7       10.   It is my opinion that granting Plaintiff relief from Local Rule 23-3 will not prejudice Defendants.  This is based in part on the case being filed and removed to this Court so recently, and because Defendants previously joined Plaintiff in stipulating to a request for an order continuing the date for certification. Plaintiff, on the other hand, will be irreparably prejudiced if he is not granted relief from L.R. 23-3 because he will not have an adequate opportunity to conduct discovery, move to compel if necessary, and prepare a motion for class certification.

       11.   Local Rule 23-3 requires Plaintiff to file the class certification motion 90 days after the removal of the case to federal court. Defendants' filed their removal papers on October 5, 2012 and Plaintiff's motion for class certification would be due on January 3, 2012.

       12.   Plaintiff respectfully requests the Court waive the Local Rule 23-3 requirement until Plaintiff has had an opportunity to complete discovery and prepare a meaningful motion for class certification for the Court's consideration.

       13.   If the Court does not continue the date for filing a motion for class certification, Plaintiff requests the following alternative relief:

   A. Defendant Stoneledge be ordered to provide to Plaintiff, no later than December 18, 2012, contact information for the putative class, including telephone numbers.

   B. Defendant Stoneledge be ordered to provide to Plaintiff, no later than December 18, 2012, all compensation plans which applied to the putative

- 3 -
DECLARATION OF JEFF GERACI ISO PLAINTIFF'S EX PARTE APPLICATION TO WAIVE AND/OR CONTINUE THE CLASS CERTIFICATION FILING DEADLINE SET BY LR 23-3

class of California Sales Associates.

C. Defendant Stoneledge be ordered to provide to provide to Plaintiff, no later than December 18, 2012, documents showing hours worked by a random sample of 20% of California Sales Associates from August 24, 2008 to the present, as requested in Plaintiff Request for Production of Documents, Set No. 2, Request 6.

D. Defendant Stoneledge be ordered to provide to provide to Plaintiff, no later than December 18, 2012, payroll records for 20% sample of California Sales Associates as requested in Plaintiff Request for Production of Documents, Set No. 2, Request 7.

E. Defendant Stoneledge be ordered to produce Troy Muller on December 19, 2012 or 20, 2012, for deposition in Los Angeles County, California.

F. Defendant Stoneledge be ordered to produce Jose de la Pena on December 20, 2012, or December 21, 2012, for deposition in Los Angeles County, California.

14. The discovery and depositions described above are the absolute minimum needed, and the timing for their production the absolute latest they can be received, to allow Plaintiff to prepare an adequate motion for certification.

15. Cohelan Khoury & Singer's office closes each year for the holidays and will closed on December 24, 2012 and not re-open until January 2, 2013. I am informed and believe that co-counsel Kevin Barnes has a pre-paid family vacation scheduled for December 24, 2012 through January 6, 2013, and co-counsel Raphael Katri has a pre-paid vacation scheduled for December 27, 2012 through December 30, 2012. If necessary, co-counsel will file separate declarations.

16. If the Court cannot grant this relief ex parte, Plaintiff requests the Court shorten the time within in which a motion can be brought, waive the requirements of Local Rule Local Rule 37-1, and hear the motion at the earliest possible date.

- 4 -
DECLARATION OF JEFF GERACI ISO PLAINTIFF'S EX PARTE APPLICATION TO WAIVE AND/OR CONTINUE THE CLASS CERTIFICATION FILING DEADLINE SET BY LR 23-3

17. The parties have met and conferred regarding the relief requested and Defendant's counsel does not oppose the Ex Parte Application for continuance of the date to file for certification. Defense counsel does oppose the alternative relief requested.

18. I sent an email to counsel for the Defendants on December 12, 2012, at 11:34 a.m. advising Plaintiff's ex parte application was being filed today, and a second email at 2:01 p.m., reminding them opposition, if any, is due 24 hours after Plaintiff's ex parte filing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: December 12, 2012              <u>Jeff Geraci</u>
                                      Jeff Geraci