UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-8590 PA (MANx) | Date | June 17, 2013 |
|---|---|---|---|
| Title | Ricardo Bermudez Vaquero v. Ashley Furniture Indus., Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

Before the Court is a Motion for Class Certification filed by plaintiff Ricardo Bermudez Vaquero ("Plaintiff"). [Docket No. 29.] Defendants Ashley Furniture Industries, Inc. and Stonelegde Furniture, LLC ("Defendants") have filed an Opposition. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.

**I.    Factual & Procedural Background**

Defendants are a furniture company and its parent company. Defendants' California stores are staffed by Sales Associates who are paid solely by commission. Sales Associates who are not paid on average in a particular week at least $12.01 per hour in commissions are paid an advance on future commissions (a "draw") to bring their weekly gross pay up to the Minimum Weekly Pay of $480.40. (See Motion for Class Certification, Ex.4 ("Sales Associate – Commission Compensation Pay Agreement"), at 1.) That advance is ultimately deducted from future commissions. Id. Sales Associates do not receive separate, hourly compensation for any non-sales activity that they perform. Plaintiff alleges that he and all other Sales Associates are "covered under one or more Industrial Welfare Commission (IWC) Wage Orders, including Wage Order 7-2001, Labor Code § 510, . . . which imposed an obligation on the part of Defendants to pay [its Sales Associates] for all hours worked," including a separate, hourly compensation for non-sales activity. (Compl. ¶ 18.)

On August 24, 2012, Plaintiff filed a class action complaint in the County of Los Angeles Superior Court. Plaintiff's Complaint alleges the following violations: (1) Cal. Labor Code sections 510 and 1194, for unpaid overtime wages; (2) Cal. Labor Code section 226.7, for failure to provide meal periods; (3) Cal. Labor Code sections 226.7 and 512, for failure to provide rest periods; (4) Cal. Labor Code sections 201-03, for failure to timely pay wages; (5) Cal. Labor Code section 226(a), for failure to provide accurate itemized wage statements; (6) Cal. Business and Professions Code sections 17200-17208, the Unfair Business Practices Act; and (7) Cal. Labor Code section 2698, the Private Attorneys General Act ("PAGA"). Plaintiff has abandoned a number of the claims and theories alleged in the Complaint, and his only remaining theory of liability is that Defendants' commission-based pay

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-8590 PA (MANx) | Date | June 17, 2013 |
|---|---|---|---|
| Title | Ricardo Bermudez Vaquero v. Ashley Furniture Indus., Inc., et al. | | |

structure for Sales Associates fails to pay them for time spent in non-sales activity, in violation of California's minimum wage and hour laws.

Defendants removed the case to this Court on September 17, 2012, on the basis of the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d). Plaintiff's Motion to Remand was denied on December 3, 2012.

Plaintiff, a Sales Associate, now moves for class certification. He seeks to represent the following classes:

1. **Class 1: Pay Plan Class.** All California-based Sales Associates employed by defendant Stoneledge from August 24, 2008 through the present, who were not paid minimum wage for all non-sales related time worked.

2. **Class 2: Wage Statement Subclass.** All California-based Sales Associates employed by defendant Stoneledge from August 24, 2008 through the present, who were not paid minimum wages for all non-sales related time worked and therefore were not provided itemized wage statements, as required by California Civil Code section 207.

3. **Class 3: Waiting Time Subclass.** All California-based Sales Associates employed by defendant Stoneledge from August 24, 2008 through the present, to whom defendant Stoneledge willfully failed to pay any and all wages due upon separation, as required by California Civil Code section 203.

4. **Class 4: Bus. & Professions Code Section 17200 Class ("17200 Subclass").** All California-based Sales Associates employed by defendant Stoneledge from August 24, 2008 through the present, who were subjected by Defendants to unlawful, unfair, or fraudulent business acts or practices in the form of Labor Code and Wage Order violations regarding minimum wages, wage statements and/or payment of final wages.

(See Motion for Class Certification at 3.)

Each subclass is derivative of the Pay Plan Class. That is, Defendants' liability under the three subclasses turns, in whole or in part, on whether Plaintiff can establish the unlawfulness of the challenged pay plan.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8590 PA (MANx) | Date | June 17, 2013 |
|---|---|---|---|
| Title | Ricardo Bermudez Vaquero v. Ashley Furniture Indus., Inc., et al. | | |

Having considered the parties' submissions, and for the reasons that follow, the Court grants in part and denies in part Plaintiff's Motion for Class Certification.

**II. Analysis**

    A.    Rule 23(a) Requirements

Rule 23(a) establishes four prerequisites for class action litigation: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. To obtain class certification, "actual, not presumed, conformance with Rule 23(a) [is] … indispensable," and the Court conducts a "rigorous analysis" to ensure these requirements are satisfied. General Tel. Co. v. Falcon, 457 U.S. 147, 160-61, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982). This rigorous analysis, as the Ninth Circuit explained in Dukes, "does not mean that a district court must conduct a full-blown trial on the merits prior to certification. A district court's analysis will often, though not always, require looking behind the pleadings, even to issues overlapping with the merits of the underlying claims." Dukes, 603 F.3d at 581 (discussing Falcon, 457 U.S. at 160-61). Thus, while a court at the class certification stage is prohibited from making determinations on the merits that do not overlap with the Rule 23 inquiry, district courts must make determinations that each requirement of Rule 23 is actually met. Id. at 582. Thus, Plaintiff must demonstrate to the Court's satisfaction, and not merely allege, that the suit is appropriate for class resolution. Id.

Although neither the Ninth Circuit nor the Supreme Court has decisively attached a standard of proof to Rule 23's requirements, many courts apply the preponderance standard. See, e.g., Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc., 546 F.3d 196, 202 (2d Cir. 2008) ("Today, we dispel any remaining confusion and hold that the preponderance of the evidence standard applies to evidence proffered to establish Rule 23's requirements."); In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 321-22 (3d Cir. 2008); Mekhitarian v. Deloitte & Touche (ICS), LLC, 2009 U.S. Dist. LEXIS 131754 (C.D. Cal. Nov. 3, 2009), at *14 ("Because the Court finds that the preponderance standard of Rule 23(b)(3) is not met, it does not decide if all of the Rule 23(a) factors are satisfied."). The Court believes that this is the appropriate burden of proof.

        1.    Numerosity

A proposed class meets Rule 23(a)'s numerosity requirement where the class is so numerous that joinder of all members individually is "impracticable." Fed R. Civ. P. 23(a)(1). No exact numerical cut-off is required; rather, the specific facts of each case must be considered. In re Cooper Cos. Sec. Litig., 254 F.R.D. 628, 634 (C.D. Cal. 2009) (citing General Tel. Co. of Northwest, Inc. v. E.E.O.C., 446 U.S. 318, 330, 100 S. Ct. 1698, 64 L. Ed. 2d 319 (1980)). However, numerosity is presumed where the plaintiff class contains forty or more members. Id. (citing Consolidated Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995)). "Additionally, it is not necessary to state the exact number of class members when the plaintiff's allegations 'plainly suffice' to meet the numerosity requirement." Id. (quoting Schwartz v. Harp., 108 F.R.D. 279, 281-82 (C.D. Cal. 1985)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8590 PA (MANx) | Date | June 17, 2013 |
|---|---|---|---|
| Title | Ricardo Bermudez Vaquero v. Ashley Furniture Indus., Inc., et al. | | |

  Here, Plaintiffs' allegations meet the standard for numerosity.  Defendants state that the each class consists of (the same) 605 Sales Associates.  Given the number of class members involved, the Court finds that the numerosity requirement is met.

    2.  Commonality

  The commonality requirement is met if "there are questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  The commonality requirement is construed "permissively."  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998).  All questions of fact and law need not be common; rather, "[t]he existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class."  Id.  Commonality requires that the claims of a named plaintiff and all putative class members "depend upon a common contention . . . of such a nature that it is capable of class-wide resolution—which means that the determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011).  "[F]or the commonality requirement to be met, there must only be one single issue common to the proposed class."  Haley v. Medtronic, 169 F.R.D. 643, 648 (C.D. Cal. 1996).

  Here, Plaintiff contends that members of the proposed class and subclasses share a common interest in determining whether Defendants' wholly commission-based pay structure for Sales Associates is lawful – particularly, whether Defendants violated California wage and hour laws in failing to pay Sales Associates separate, hourly wages for non-sales activity, such as "attending mandatory meetings before the store opens," assembling and disassembling furniture for customers, "carry[ing] out furniture and help[ing] to load it onto customers' cars," and cleaning and stocking of the store.[1]  (See Motion for Class Certification at 5-7.)  This issue is germane to all Plaintiff's proposed classes and subclasses.

  Defendants nonetheless argue that commonality does not exist because Plaintiff offers "no plan whatsoever as to how to resolve individualized questions such as "Was time spent on a particular activity 'non-sales?'  How much time was spent in such activities?"  (Opp'n at 10.)  These questions

---

[1]  Under California law, "sales activity" that may be compensated by commissions is narrowly defined as work "directly involved in 'selling . . . items or obtaining orders or contracts[,]'"  Ramirez v. Yosemite Water Co., 20 Cal. 4th 785, 797 (Cal. 1999) (quoting IWC Wage Order No. 7-80, 2(I)), and includes the "essential prerequisites necessary to accomplishing the sale,"  Muldrow v. Surrex Solutions Corp., 208 Cal. App. 4th 1381, 1392 (Cal. App. 4th Dist. 2012) (holding that time spent "searching on the computer, searching for candidates on the website, cold calling, interviewing candidates, inputting data, and submitting resumes," was "sales activity").  California law differs from federal law on this point, in that California law "does not contain any provision that reclassifies intrinsically nonexempt nonsales work as exempt based on the fact that it is incidental to sales."  Ramirez, 20 Cal. 4th at 797.

Case 2:12-cv-08590-PA-MAN  Document 48  Filed 06/17/13  Page 5 of 12  Page ID #:1184

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-8590 PA (MANx) | Date | June 17, 2013 |
|---|---|---|---|
| Title | Ricardo Bermudez Vaquero v. Ashley Furniture Indus., Inc., et al. | | |

relate only to damages, however, and "the amount of damages is invariably an individual question and does not defeat class action treatment." Leyva v. Medline Indus., 2013 U.S. App. LEXIS 10649, at *8 (9th Cir. May 28, 2013) (reversing district court and finding that certification of California wage and hour class was proper) (quoting Blackie v. Barrack, 524 F.2d 891, 905 (9th Cir. 1975)). In any event, Defendants do not contend that Plaintiff has failed to pinpoint a central question of law or fact common to the proposed classes and class members.

Given that the central issue in this action – the lawfulness of Defendants' clear, company-wide pay structure for Sales Associates – is common to all putative class members in every proposed class, and is based on a common core of salient facts, the Court concludes that commonality requirement is met.[2] Cf. Howard v. Gap, Inc., 2009 U.S. App. LEXIS 6364, at *6 (9th Cir. Mar. 24, 2009) (holding that without a clear company-wide policy, the commonality requirement was not met).

3.  Typicality

Typicality requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Representative claims are "typical" if they are "reasonably co-extensive with those of absent class members"; they "need not be substantially identical." Hanlon, 150 F.3d at 1020. However, class representatives "must be able to pursue [their] claims under the same legal or remedial theories as the unrepresented class members." In re Paxil Litigation, 212 F.R.D. 539, 549 (C.D. Cal. 2003). The Ninth Circuit has established that the "purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992). Thus, "class certification should not be granted if there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it.'" Id. at 508 (quoting Gary Plastic Packaging Corp. v. Merrill Lynch, 903 F.2d 176, 180 (2d. Cir. 1990)). "However, the Court should not 'disqualify a named plaintiff based upon any groundless, far-fetched defense that the defendant manages to articulate.'" Blank v. Jacobs, 2009 U.S. Dist. LEXIS 91605, at *13 (E.D.N.Y. Sept. 30, 2009) (quoting Rocco v. Nam Tai Elecs., 245 F.R.D. 131, 135 (S.D.N.Y 2007)).

Defendants do not argue that Plaintiff's claims are atypical of those of any putative class member, and the Court notes that both Plaintiff and the putative class members have suffered from the same allegedly wrongful conduct by Defendant – the allegedly unlawful pay structure and the violations of California law that derive from it. That is, Plaintiff and the putative class members were all injured by common, uniformly-applied employment practices. Accordingly, the Court finds that the typicality requirement is met.

---

[2]  A number of other common questions of law and fact are present as well, such as whether particular types of non-sales activity allegedly performed by Sales Associates should be classified as "selling"– and thus compensable by commissions – or "non-selling" under California law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8590 PA (MANx) | Date | June 17, 2013 |
|---|---|---|---|
| Title | Ricardo Bermudez Vaquero v. Ashley Furniture Indus., Inc., et al. | | |

4. Adequacy of Representation

Rule 23(a) also requires that the representative parties be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Representation is adequate if the named plaintiffs (1) "do not have conflicts of interest with the proposed class" and (2) are "represented by qualified and competent counsel." Dukes, 509 F.3d at 1185. Defendants do not dispute that the adequacy requirement is met.

Here, Plaintiff's counsel appear to be qualified and competent, as they have had extensive experience successfully litigating labor and employment class actions. (See Motion for Class Certification, Ex. 15-16.) Moreover, Plaintiff does not have appear to have any conflicts of interest with the members of the proposed classes, nor does he appear to be subject to any unique defenses as to the common questions present in this action. Rather, Plaintiff can adequately protect the interests of the class because he was employed by Defendants, suffered under the same practices as the putative class members, has no conflicts with unnamed plaintiffs, and has shown vigorous pursuit of the claims at issue. See Buchanan v. Homeservices Lending LLC, 2013 U.S. Dist. LEXIS 60156, at *18-19 (S.D. Cal. Apr. 25, 2013). Thus, the Court finds that Plaintiff and his counsel have demonstrated that they are able to "fairly and adequately protect the interests of the class[es]." Fed. R. Civ. P. 23(a)(4).

In light of the foregoing, Plaintiff has satisfied the prerequisites of Rule 23(a).

B. Rule 23(b)(3) Requirements

Rule 23(b)(3) requires the Court to find that (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The predominance inquiry tests "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Hanlon, 150 F.3d at 1022. This analysis requires more than proof of common issues of law or fact. Id. Rather, the common questions must "present a significant aspect of the case [that] they can be resolved for all members of the class in a single adjudication." Id. The superiority inquiry requires determination of "whether objectives of the particular class action procedure will be achieved in the particular case." Id. at 1023. Notably, the class-action method is considered to be superior if "classwide litigation of common issues will reduce litigation costs and promote greater efficiency." Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1996) (citation omitted).

1. Predominance of Common Issues

Predominance "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation," a standard "far more demanding" than the commonality requirement of Rule 23(a). Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623-24, 117 S. Ct. 2231, 138 L. Ed. 2d 689 & n.18 (1997); see Dukes, 603 F.3d at 593. "When common questions present a significant aspect of the case

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-8590 PA (MANx) | Date | June 17, 2013 |
|---|---|---|---|
| Title | Ricardo Bermudez Vaquero v. Ashley Furniture Indus., Inc., et al. | | |

and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." Local Jt. Exec. Bd. Culinary/Bartender Tr. Fund v. Las Vegas Sands, Inc., 244 F.3d 1152, 1162 (9th Cir. 2001). Put another way, while Rule 23(a)(2) "is about invoking common questions, . . . Rule 23(b)(3) requires a district court to formulate some prediction as to how specific issues will play out in order to determine whether common or individual issues predominate in a given case." Dukes, 603 F.3d at 593 (citations and quotations omitted).

Defendants oppose certification of the proposed class and subclasses in general on the grounds that the following individual issues will predominate over common questions: (1) whether the pay structure (of not separately compensating for non-sales activity) was "agreed to between the parties, *i.e.* whether the parties understood that collateral activities are intended to come within the commission bargain"; and (2) whether Sales Associates "performed a non-sales related duty and, if so, how long they spent on it." (Opp'n at 14.) Defendants also argue that certification of Plaintiff's Waiting Time Subclass is improper because a finding of liability on that claim is premised on an employer's "willfulness," which is "an fact intensive inquiry." (Opp'n at 19.) The Court addresses these arguments in turn.

      a.  "Averaging" of Commissions and Hourly Wages under California Law

Defendants first argue that individual liability issues will predominate in Plaintiff's minimum wage claim – of which Plaintiff's other claims are derivative – because "there is ample evidence that many Sales Associates understood their commission pay was intended to cover all time spent during the work day, whether or not they believed it was related to 'selling.' . . . This variance in understanding means that the issue [of liability] cannot be resolved in a single trial." (Opp'n at 15.) Because employees may not voluntarily waive the minimum wage and hour protections provided by the California Civil Code, Defendants essentially argue that their pay structure for Sales Associates is lawful because the Sales Associate's weekly pay – through a combination of earned commissions and draws on future commissions – exceeds the minimum hourly wage when averaged over all hours worked (a practice known as "averaging").

Defendants' claims find some support in California law. California Wage Order 7, also known as the Mercantile Wage Order, written by Industrial Welfare Commission ("IWC") pursuant to California Labor Code § 1197, requires every employer to pay "each employee . . . not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise." Mercantile Wage Order § 4(B). The Mercantile Wage Order contains no limitation on commissions only being used to compensate employees for "sales hours." Defendants believe that the Mercantile Wage Order's silence on the type of work that commissions may be used to compensate necessarily means that it may use commissions to compensate for all work. (See Opp'n at 13-14.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8590 PA (MANx) | Date | June 17, 2013 |
|---|---|---|---|
| Title | Ricardo Bermudez Vaquero v. Ashley Furniture Indus., Inc., et al. | | |

  However, this interpretation of California law is at odds with a long line of California and federal cases interpreting this same issue, beginning with Armenta v. Osmose, 135 Cal. App. 4th 314. In Armenta, a defendant utility company compensated its employees only for "productive time" (i.e. time maintaining poles) and not for "nonproductive time" (i.e. traveling between locations, attending meetings, loading vehicles, completing paperwork, and maintaining vehicles). Armenta, 135 Cal. App. 4th at 317-18. To determine whether employees had received at least the minimum wage for all hours, the defendant averaged the compensation earned for "productive time" over the total hours worked. Id. at 319. The Armenta court rejected this approach, citing California Wage Order No. 4, § 4(A), which provides that "[e]very employer shall pay to each employee wages not less than . . . [minimum wage] per hour for all hours worked." Armenta, 135 Cal. App. 4th at 323. The Armenta court explained that this language "expresses the intent to ensure that employees be compensated at the minimum wage for each hour worked." Id. The Armenta court, citing the trial court, further justified its reasoning by asserting that California's policy was to "liberally construe state wage and hour provision for the benefit of employee." Id. at 321. Thus, "[u]nder the California minimum wage law, employees must be compensated for each hour worked at either the legal minimum wage or the contractual hourly rate, and compliance cannot be determined by averaging hourly compensation." Bluford v. Safeway Inc., 2013 Cal. App. LEXIS 411, at *14 (Cal. App. 3d Dist. May 8, 2013); see also, e.g., Sheppard v. North Orange County Regional Occupational Program, 191 Cal. App. 4th 289, 297 (Cal. App. 4th Dist. 2010); Quezada v. Con-Way Freight, Inc., 2012 U.S. Dist. LEXIS 98639, at *2, *6 (N.D. Cal. 2012) (holding that defendant failed to compensate employees directly for "all hours worked" because employees were paid per mile driven along with an hourly rate for work at defendant's facilities, but not for vehicle inspections, paperwork completion, or the first hour of work); Cardenas v. McClane Food Servs., Inc., 796 F. Supp. 2d 1246, 1249-53 (C.D. Cal. 2011) (concluding that Armenta required employer to pay truck drivers for pre and post-shift inspections as such time was not included in the hourly rate); Ontinveros v. Zamora, 2009 U.S. Dist. LEXIS 13073 (E.D. Cal. 2009) (applying Armenta when holding that paying mechanics based on the number of repairs completed failed to compensate them for time not performing repairs).

  It is true that the guaranteed "draw against commissions" here distinguishes Defendants' pay structure from that at issue in Armenta. That distinction is of no moment, however, as "the crux of Armenta is that compensation must be directly tied to the activity being done, whether it is selling on commission or preparing to sell on commission. Armenta instead suggests that [Defendants'] averaging method for commissioned employees is prohibited and that the Plaintiff's claims, if true, are valid." Balasanyan v. Nordstrom, Inc., 2012 U.S. Dist. LEXIS 181350, at *14 (S.D. Cal. Dec. 20, 2012) (denying employer's motion for summary judgment where employer's salespersons were compensation via commissions and draws on future commissions only).

  The Court finds the Armenta line of cases persuasive. Thus, the Court holds that each individual Sales Associate's own understanding of whether non-sales work would be uncompensated or subject to averaging is irrelevant, as such a policy is unlawful pursuant to California law. Accordingly, those understandings do not present individual issues on which Defendant's liability turns.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8590 PA (MANx) | Date | June 17, 2013 |
|---|---|---|---|
| Title | Ricardo Bermudez Vaquero v. Ashley Furniture Indus., Inc., et al. | | |

        b.        Determining Each Class Member's Amount of Monetary Relief

       Defendants next argue that certification should be denied because once liability is established, individual issues of a particular employee's damages – that is, determining how much time an employee spent on non-sales activity – will predominate over common issues.

       It is true that for each sub-class the damages inquiry will be highly individualized. However, "damages determinations are individual in nearly all wage-and-hour class actions." Leyva v. Medline Indus., 2013 U.S. App. LEXIS 10649, at *8 (9th Cir. May 28, 2013) (citing Brinker Rest. Corp. v. Superior Court, 53 Cal. 4th 1004, 139 Cal. Rptr. 3d 315, 273 P.3d 513, 546 (Cal. 2012) ("In almost every class action, factual determinations of damages to individual class members must be made. Still we know of no case where this has prevented a court from aiding the class to obtain its just restitution. Indeed, to decertify a class on the issue of damages or restitution may well be effectively to sound the death-knell of the class action device.")). Thus, it has long been understood that in the Ninth Circuit "damage calculations alone cannot defeat certification. [Quite simply,] '[t]he amount of damages is invariably an individual question and does not defeat class action treatment.'" Yokoyama v. Midland Nat'l Life Ins. Co., 594 F.3d 1087, 1094 (9th Cir. 2010) (quoting Blackie v. Barrack, 524 F.2d 891, 905 (9th Cir. Cal. 1975)). This rule was recently reaffirmed without reservation in Leyva, 2013 U.S. App. LEXIS 10649, at *8. There, the Ninth Circuit panel unanimously reversed a district court's denial of class certification in a California wage and hour case, holding that "[t]he district court applied the wrong legal standard by concluding that individual questions predominate over common questions. The only individualized factor that the district court identified was the amount of pay owed. 'In this circuit, however, damage calculations alone cannot defeat certification.'" Id. at *7-8 (citing Yokoyama, 594 F.3d at 1094).

       Accordingly, in light of the Ninth Circuit's established rule that individualized damages inquiries are not a grounds for a finding of a predominance of individual issues, the Court rejects this challenge to Plaintiff's Motion for Class Certification.

        c.        Willfulness as an Individual Issue in Plaintiff's Wage Statement Claim

       Finally, Defendants argue that Plaintiff's Waiting Time Subclass may not be certified because individual liability issues predominate. Plaintiff's waiting time claim is brought pursuant to Cal. Civil Code section 203, which provides a waiting time penalty only if an employer *willfully* fails to pay wages owed in accordance with Sections 201 and 202. Cal. Labor Code § 203(a). Thus, "a good faith dispute that wages are due will preclude imposition of waiting time penalties under Section 203." Alvarez v. Nordstrom, Inc., 2011 U.S. Dist. LEXIS 56646, at *13 (C.D. Cal. May 24, 2011). "A 'good faith dispute' that any wages are due occurs when an employer presents a defense, based in law or fact which, if successful, would preclude any recovery on the part of the employee. The fact that a defense is ultimately unsuccessful will not preclude a finding that a good faith dispute did exist. Defenses presented which, under all the circumstances, are unsupported by any evidence, are unreasonable, or are presented in bad faith, will preclude a finding of a 'good faith dispute.'" 8 Cal. Code. Reg. § 13520(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8590 PA (MANx) | Date | June 17, 2013 |
|---|---|---|---|
| Title | Ricardo Bermudez Vaquero v. Ashley Furniture Indus., Inc., et al. | | |

Relying on In re Taco Bell Wage & Hour Actions, 2011 U.S. Dist. LEXIS 109169 (E.D. Cal. Sept. 26, 2011), Defendants argue that willfulness is an issue unique as to each individual Sales Associate. The Court agrees. In this context, "[w]illfulness raises an inherently fact intensive inquiry focusing on state of mind and surrounding circumstances." Id. at *15 (denying certification of waiting time subclass). "If, as Plaintiff proposes, the class constitutes every former employee who was not timely paid final non-commission wages, then mini-trials would be required for each class member to determine whether waiting time penalties are proper." Id.; see also Alvarez, 2011 U.S. Dist. LEXIS 56646, at *13-14 (denying certification of waiting time subclass because "[i]f, as Plaintiff proposes, the class constitutes every former employee who was not timely paid final non-commission wages, then 'mini-trials' would be required for each class member to determine whether waiting time penalties are proper"). Plaintiff's Waiting Time Subclass suffers from these same "serious problems." Alvarez, 2011 U.S. Dist. LEXIS 56646, at *13.

This argument goes to Defendants' *liability* under the California Civil Code, and not just to a particular Sales Associate's total amount of damages. Thus, Defendants have shown that individual issues as to liability under Cal. Civil Code section 203 will predominate over common ones. Accordingly, the Court denies Plaintiff's Motion for Class Certification as to the Waiting Time Subclass only.

        2.        Superiority of Class Treatment

"Rule 23(b)(3) also requires that class resolution be 'superior to other available methods for the fair and efficient adjudication of the controversy.'" Hanlon, 150 F.3d at 1023 (quoting Rule 23(b)(3)). The test for superiority of the class action vehicle requires "determination of whether the objectives of the particular class action procedure will be achieved in the particular case," which "necessarily involves a comparative evaluation of alternative mechanisms of dispute resolution." Hanlon, 150 F.3d at 1023. Factors pertinent to the Court's determination of whether a class action is superior to other methods of adjudication include:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8590 PA (MANx) | Date | June 17, 2013 |
|---|---|---|---|
| Title | Ricardo Bermudez Vaquero v. Ashley Furniture Indus., Inc., et al. | | |

As a general matter, "[c]ourts recognize that employer practices and policies with regard to wages and hours often have an impact on large numbers of workers in ways that are sufficiently similar to make class-based resolution appropriate and efficient." Arendondo v. Delano Farms Co., 2011 U.S. Dist. LEXIS 44134, at *52-53 (E.D. Cal. Apr. 18, 2011); Lerwill v. Inflight Motion Pictures Inc., 582 F.2d 507, 512-13 (9th Cir.1978) (upholding the trial court's decision to certify the class of technicians seeking overtime pay and finding that "[n]umerous individual actions would be expensive and time-consuming and would create the danger of conflicting decisions as to persons similarly situated").

Moreover, in light of the small size of the putative class members' potential individual monetary recovery, class certification may be the only feasible means for them to adjudicate their claims. See Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc., 244 F.3d 1152, 1163 (9th Cir. 2001) ("If plaintiffs cannot proceed as a class, some—perhaps most—will be unable to proceed as individuals because of the disparity between their litigation costs and what they hope to recover."). Thus, class certification is also the superior method of adjudication.

Defendants argue only that class treatment of Plaintiff's claims is not manageable because of the individual damages determination that will be required. However, only in rare circumstances – if ever – can the need for individual damages determinations defeat certification. See Leyva, 2013 U.S. App. LEXIS 10649, at * 13 ("The district court incorrectly held that class certification was not the superior method of adjudication because of the difficulty of managing the approximately 500 member class and determining 'the extent to which each putative class member lost wages, and, consequently, suffered damages.' The district court again abused its discretion when it based its manageability concerns on the need to individually calculate damages.").

In any event, Courts adjudicating California wage and hour claims are encouraged to "use a variety of methods to enable individual claims that might otherwise go unpursued to be vindicated, and to avoid windfalls to defendants that harm many in small amounts rather than a few in large amounts[,] [such as] [r]epresentative testimony, surveys, and statistical analysis all are available as tools to render manageable determinations of the extent of liability." Brinker Restaurant Corp., 273 P.3d at 546. Such tools, properly constrained, are an acceptable means to determine damages on a class-wide basis under Rule 23(b)(3). See, e.g., Comcast Corp. v. Behrend, 133 S. Ct. 1426, 1435, 185 L. Ed. 2d 515 (2013) (reversing an order granting class certification because the plaintiffs relied on a regression model that "did not isolate damages resulting from any one theory of antitrust impact," and concluding that "a model purporting to serve as evidence of damages in this class action must measure only those damages attributable to that theory"); Dilts v. Penske Logistics, LLC, 267 F.R.D. 625, 638 (S.D. Cal. 2010) (certifying a meal break subclass because liability could be established through employer records and representative testimony, and class damages could be established through statistical sampling and selective direct evidence). Thus, because employer records and statistical sampling can determine classwide damages – subject to the Defendants' right to cross-examine particular plaintiffs to the extent required by due process and Rule 23(b)(3) – the Court finds Defendants' manageability concerns unjustified.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8590 PA (MANx) | Date | June 17, 2013 |
|---|---|---|---|
| Title | Ricardo Bermudez Vaquero v. Ashley Furniture Indus., Inc., et al. | | |

Accordingly, the Court determines that class treatment of Plaintiff's wage and hour claims is "superior to other available methods for the fair and efficient adjudication of the controversy." Hanlon, 150 F.3d at 1023.

In light of the foregoing, the Court finds that certification pursuant to Rule 23(b)(3) of each of Plaintiff's proposed classes and subclasses – *except* the Waiting Time Subclass – is appropriate.

### Conclusion

In light of the foregoing, the Court grants in part and denies in part Plaintiff's Motion for Class Certification. In particular, the Court denies Plaintiff's Motion as to the Waiting Time Subclass. The Court hereby certifies Plaintiff's Pay Plan Class, Wage Statement Subclass, and 17200 Subclass.

IT IS SO ORDERED.