| | |
|---|---|
| 1 | J. KEVIN LILLY, Bar No. 119981 |
|   | klilly@littler.com |
| 2 | SCOTT M. LIDMAN, Bar No. 199433 |
|   | slidman@littler.com |
| 3 | LITTLER MENDELSON, P.C. |
|   | 2049 Century Park East, 5th Floor |
| 4 | Los Angeles, California 90067-3107 |
|   | Telephone: (310) 553-0308 |
| 5 | Facsimile: (310) 553-5583 |

Attorneys for Defendant
STONELEDGE FURNITURE LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO BERMUDEZ VAQUERO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ASHLEY FURNITURE INDUSTRIES, INC., A Wisconsin Corporation; STONELEDGE FURNITURE LLC, a Wisconsin Limited Liability Corporation, and DOES 1 through 10, Inclusive,<br><br>Defendant. | CASE NO. 12-CV-8590 PA (MANx)<br><br>**DEFENDANT STONELEDGE FURNITURE LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>**[FED. R. CIV. P. 56; L.R. 7-3, 56-1]**<br><br>Date: July 24, 2017<br>Time: 1:30 p.m.<br>Courtroom: 9A |

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

**TO THE HONORABLE COURT, PLAINTIFF RICARDO BERMUDEZ VAQUERO, AND HIS ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that on July 24, 2017, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 9A of the United States District Court for the Central District of California, located at First Street Courthouse, 350 W. 1st Street, Courtroom 9A, 9th Floor, Los Angeles, California 90012, Defendant STONELEDGE FURNITURE LLC ("Defendant") will, and hereby does move this Court pursuant to Federal Rule of Civil Procedure 56 for summary judgment or, in the alternative, partial summary judgment, in its favor as to Plaintiff RICARDO BERMUDEZ VAQUERO's ("Plaintiff") remaining claims in his Operative Complaint– the class-certified first cause of action for failure to pay minimum wages, individual fourth cause of action for failure to timely pay wages at termination, the class-certified fifth cause of action for failure to provide accurate itemized wage statements, the class-certified sixth cause of action under Business and Professions Code section 17200, and the seventh causes of action for violations of the California Private Attorney General Act ("PAGA") .

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place at least 10 days prior to the filing of this Motion. *See* Declaration of Scott Lidman filed concurrently herewith, ¶¶ 10-11.[1]

Defendants seek summary judgment as to all of Plaintiff's remaining claims or, in the alternative, partial summary judgment as to some or all of the issues below on the following grounds:

**ISSUE NO. 1:** Plaintiff's first cause of action for failure to pay minimum wages to Sales Associates fails as a matter of law because all of the tasks he claims were performed by Sales Associates but uncompensated are in fact related to sales and therefore properly compensated through Defendant's commission pay system.

---

[1] The Declaration of Scott M. Lidman is attached as Exhibit 1 to the Compendium of Evidence filed concurrently herewith.

LITTLER MENDELSON, P.C.
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

**ISSUE NO. 2:**[2]  To the extent Plaintiff's first cause of action for failure to pay minimum wages to Sales Associates is based on the allegation that Sales Associates spent time participating in sales meetings and attendance at same was uncompensated, it fails as a matter of law because attendance at sales meetings is in fact related to sales and therefore properly compensated through Defendant's commission pay system.

**ISSUE NO. 3:**  To the extent Plaintiff's first cause of action for failure to pay minimum wages to Sales Associates is based on the allegation that Sales Associates spent time participating in product training modules which time was uncompensated, it fails as a matter of law because participating in product training modules is in fact related to sales and therefore properly compensated through Defendant's commission pay system.

**ISSUE NO. 4:**  To the extent Plaintiff's first cause of action for failure to pay minimum wages to Sales Associates is based on the allegation that Sales Associates spent time wrapping purchased items which time was uncompensated, it fails as a matter of law because wrapping purchased items is in fact related to sales and therefore properly compensated through Defendant's commission pay system.

**ISSUE NO. 5:**  To the extent Plaintiff's first cause of action for failure to pay minimum wages to Sales Associates is based on the allegation that Sales Associates spent time assembling and/or disassembling furniture and were uncompensated, it fails as a matter of law because assembling and/or disassembling furniture to the extent it even happens is in fact related to sales and therefore properly compensated through Defendant's commission pay system.

**ISSUE NO. 6:**  To the extent Plaintiff's first cause of action for failure to

---

[2] To the extent the Court finds that some but not all of the tasks alleged by Plaintiff are sales-related and, thus, were not properly compensated through Defendant's commission pay system, Defendant moves for partial summary judgment as to each of the various tasks identified by Plaintiff, as well as partial summary judgment as to the other independent issues identified herein and in Defendant's other moving papers.

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

2.

pay minimum wages to Sales Associates is based on the allegation that Sales Associates spent time carrying purchased items to customers' cars and was uncompensated, it fails as a matter of law because carrying purchased items to customers' cars to the extent it even happens is in fact related to sales and therefore properly compensated through Defendant's commission pay system.

**ISSUE NO. 7:** To the extent Plaintiff's first cause of action for failure to pay minimum wages to Sales Associates is based on the allegation that Sales Associates spent time performing "zone recovery" duties, including alleged "stocking," and was uncompensated, it fails as a matter of law because performing "zone recovery" duties is in fact related to sales and therefore properly compensated through Defendant's commission pay system.

**ISSUE NO. 8:** To the extent Plaintiff's first cause of action for failure to pay minimum wages to Sales Associates is based on the allegation that Sales Associates spent time "training" other Sales Associates and was uncompensated, it fails as a matter of law because "training" other Sales Associates was only performed in connection with actual sales duties and therefore properly compensated through Defendant's commission pay system.

**ISSUE NO. 9:** Plaintiff's fourth cause of action for waiting time penalties under California Labor Code Section 203 fails as a matter of law because Plaintiff cannot show that Defendant "willfully" failed to pay Plaintiff's all wages due upon his termination.

**ISSUE NO. 10:** Plaintiff's fifth cause of action for wage statement penalties under California Labor Code Section 226 (based on Defendant's alleged failure to pay all minimum wages owed) fails as a matter of law because Sales Associates' wage statements accurately reflect the wages that Defendant actually paid to Sales Associates.

**ISSUE NO. 11:** Plaintiff's fifth cause of action for wage statement penalties under California Labor Code Section 226 (based on Defendant's alleged failure to pay

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

3.

all minimum wages owed) fails as a matter of law because Plaintiff cannot show that Defendant "knowing[ly] and intentional[ly]" failed to provide accurate wage statements.

**ISSUE NO. 12:** Plaintiff's sixth cause of action for violation of the Unfair Business Practice Act, California Business & Professions Code Sections 17200-17208 is entirely derivative of his first cause of action for failure to pay minimum wages; therefore, because that claim fails as a matter of law insofar as all of the tasks Plaintiff claims were performed by Sales Associates but uncompensated are in fact related to sales and therefore properly compensated through Defendant's commission pay system, so too does Plaintiff's sixth cause of action for violation of the Unfair Business Practice Act, California Business & Professions Code Sections 17200-17208.

**ISSUE NO. 13:** Plaintiff's seventh cause of action for violation of the Private Attorneys General Act, California Labor Code Section 2698, *et seq.*, fails as a matter of law because Plaintiff failed to move for class certification of said claim which is improper under federal procedural rules which apply in this instance.

**ISSUE NO. 14:** Plaintiff's seventh cause of action for violation of the Private Attorneys General Act, California Labor Code Section 2698, *et seq.*, to the extent it is based on and derivative of his first cause of action for failure to pay minimum wages fails as a matter of law. This is because the first cause of action for failure to pay minimum wages fails as a matter of law insofar as all of the tasks Plaintiff claims were performed by Sales Associates but uncompensated are in fact related to sales and therefore properly compensated through Defendant's commission pay system.

This Motion is based upon this Notice, the Memorandum of Points and Authorities and Request for Judicial Notice (and all exhibits attached thereto) filed concurrently herewith, the Compendium of Evidence which contains the Declarations of Scott M. Lidman, Jessie De La Pena, Gary Donovan, Hicham El Ghadban, Glen Meyers, Joseph Kunnell, Elizabeth Bell, Evelia Gomez, Virginia Flores, Henry

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4.

Nguyen, and John Santos, and all of the Exhibits attached thereto, as well as all other papers and records on file with the Court in this action and such oral argument as may be presented during the hearing of this Motion.

DATED: June 19, 2017

                                      /s/ *SCOTT M. LIDMAN*
                                      J. KEVIN LILLY
                                      SCOTT M. LIDMAN
                                      LITTLER MENDELSON, P.C.
                                      A Professional Corporation
                                      Attorneys for Defendant
                                      STONELEDGE FURNITURE LLC

Firmwide:148031925.1 061736.1008

LITTLER MENDELSON, P.C.
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

5.