J. KEVIN LILLY, Bar No. 119981
Klilly@littler.com
SCOTT M. LIDMAN, Bar No. 199433
slidman@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California  90067-3107
Telephone:   (310) 553-0308
Facsimile:    (310) 553-5583

Attorneys for Defendant
STONELEDGE FURNITURE LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO BERMUDEZ VAQUERO, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>ASHLEY FURNITURE INDUSTRIES, INC., A Wisconsin Corporation; STONELEDGE FURNITURE LLC, a Wisconsin Limited Liability Corporation, and DOES 1 through 10, Inclusive,<br><br>                    Defendant. | CASE NO.  12-cv-8590 PA (MANx)<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANT STONELEDGE FURNITURE, LLC'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>**[FED. R. CIV. P. 56]**<br><br>Date:          July 24, 2017<br>Time:          1:30 p.m.<br>Courtroom:   9A<br><br>Trial Date:    None Set<br>Action Filed:  August 24, 2012 |

LITTLER MENDELSON, P.C.
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

# TABLE OF CONTENTS

PAGE

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ................................. 1

II.   LEGAL ARGUMENT ..................................................................... 2

    A.   Plaintiff Has Conceded That Either Defendant's Motion Should Be Granted Or, If Not, Both Plaintiff's And Defendant's Motions Should Be Denied And The Claims Decided By A Trier Of Fact........... 2

    B.   Plaintiff Deliberately Dismissed His Rest Break Claim From This Action. ................................................................................. 2

    C.   Plaintiff Should Not Be Allowed To Create A Minimum-Wage Based Rest Break Claim Three Years Into The Case, Or To Split His Claims And Litigate Them Concurrently In Two Forums. ............... 4

    D.   Defendant Has Not Conceded Its Commission Pay Structure Is Unlawful.............................................................................. 5

    E.   Plaintiff's Reliance On The Vaquero II Appellate Decision And A String Of Piece Rate Cases, Is Misplaced................................... 6

    F.   Plaintiff's Focus On Rest Breaks And Zone Recovery Activities Demonstrates That The Court May At Least Grant Partial Summary Judgment Finding That The Other Work Activities At Issue In This Case Are, As A Matter Of Law, Related To Sales............. 8

    G.   Plaintiff Failed To Present Sufficient Facts Or Law To Demonstrate That Partial Summary Judgment Should Not Be Granted As To His Claim For Inaccurate Wage Statements (Class-Certified Claim). ...................................................................... 9

    H.   Plaintiff Failed To Present Sufficient Facts Or Law To Demonstrate That Partial Summary Judgment Should Be Granted As To His Claim For Waiting Time Penalties (Uncertified Claim). ...... 10

    I.   Summary Judgment Should Be Granted In Favor Of Defendant As To Plaintiff's Claim Under Business & Professions Code Section 17200 And PAGA For The Same Reasons As Summary Judgment Should Be Granted As To Plaintiff's Underlying Claims On Which It Is Based. ............................................................................ 11

    J.   The PAGA Claim Cannot Proceed Because Not Certified Under Rule 23. ............................................................................... 12

III. CONCLUSION .............................................................................. 12

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067.3107
310.553.0308

i.

# TABLE OF AUTHORITIES

PAGE

**Cases**

*AmerisourceBergen Corp. v. Dialysist West, Inc.,*
   465 F3d 946 (9th Cir. 2006) ........................................................................ 4

*Barnhill v. Robert Saunders & Co.,*
   125 Cal. App. 3d 1 (1981) ........................................................................ 11

*Boyd v. Bank of America Corp.,*
   109 F.Supp.3d 1273 (C.D. Cal. 2015) ........................................................ 10

*Cicairos v. Summit Logistics,*
   133 Cal. App. 4th 933 (2005) ..................................................................... 10

*Craig v. County of Los Angeles,*
   221 Cal.App.3d 1294 (1990) ........................................................................ 4

*Elliot v. Spherion Pacific Work, LLC,*
   572 F. Supp. 2d 1169 (2008) ................................................................. 6, 12

*Foman v. Davis,*
   371 US 178 (1962) ....................................................................................... 4

*Gonzalez v. Downtown LA Motors, LP,*
   215 Cal. App. 4th 36 (2013) .................................................................... 6, 7

*Muldrow v. Surrex Solutions Corp.,*
   208 Cal. App. 4th 1381 (2012) ............................................................ 7, 8, 9

*Mycogen Corp. v. Monsanto Co.,*
   28 Cal.4th 888 (2002) .................................................................................. 4

*Ramirez v. Yosemite Water Co.,*
   20 Cal. 4th 785 (1999) ................................................................................. 7

*Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.,*
   559 U.S. 393 (2010) .................................................................................. 12

*Wal-Mart Stores, Inc. v. Dukes,*
   131 S.Ct. 2451 (2011) ............................................................................... 12

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA 90067.3107
310.553.0308

ii.

1

## TABLE OF AUTHORITIES
### (CONTINUED)

2

PAGE

3

**Statutes**

California Business & Professions Code,
§ 17200 ................................................................................................. 11

California Labor Code,
§ 203 ........................................................................................... 10, 11
§ 204.1 .............................................................................................. 7
§ 226 ........................................................................................... 9, 10

**Other Authorities**

Federal Rules of Civil Procedure,
Rule 15 ............................................................................................. 4
Rule 23 ............................................................................................ 12
Rule 56 ..................................................................................... *passim*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA 90067.3107
310.553.0308

iii.

## I.   **INTRODUCTION AND SUMMARY OF ARGUMENT**

Plaintiff has not sufficiently disputed any of the material facts presented by Defendant; the Motion must be granted.

Rather than presenting evidence requiring at trial, Plaintiff incorrectly argues that Defendant has "conceded" that its commission pay structure was unlawful. On the contrary, Defendant has presented evidence and argument that based on the undisputed facts, no minimum wage violations occurred.  Plaintiff merely argues that it is for a trier of fact to make such a determination, which, of course, is nothing other than a concession by Plaintiff that Defendant has not conceded unlawful conduct.  In other words, Plaintiff concedes that unless Defendant prevails on its Motion, then both parties' motions should be denied and a trial shall be held.

Plaintiff spends the vast majority of his Opposition arguing that Defendant failed to address the issue of time spent taking rest breaks, which he now claims for the first time is part and parcel of his claim for minimum wages.  However, that rest break time has never been part of Plaintiff's minimum wage claim.  He deliberately dismissed his rest break claim from this action and re-asserted it in another class action currently pending in state court.  Defendant did not address rest breaks in its moving papers because they are simply not material to this case.

Plaintiff also primarily focuses his Opposition on the fact that rest breaks taken by Sales Associates (a claim not at issue in this case) and the Zone Recovery cleaning performed by Sales Associates went unpaid.  He does not, however, make any effort to dispute, legally or factually, that all of the other work tasks at issue in this case performed by Sales Associates were, as a matter of law, related to sales and thus lawfully compensated by commissions.  Hence, at a minimum, partial summary judgment can and should be granted as to those unaddressed tasks (such as assembling furniture, wrapping purchases, attending sales meetings and carrying items to customers' cars).

Lastly, as explained in detail below, Plaintiff pays little attention or effort to

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1.

attempting to save his derivative claims for wage statement violations, waiting time penalties, 17200 and PAGA violations.  Thus, as a matter of law, these claims fail.

## II.   LEGAL ARGUMENT

### A.   Plaintiff Has Conceded That Either Defendant's Motion Should Be Granted Or, If Not, Both Plaintiff's And Defendant's Motions Should Be Denied And The Claims Decided By A Trier Of Fact

Plaintiff argues that "there are disputed facts as to every issue raised by Stoneledge and its Motion must be denied in its entirety."  Opp., p. 2:12-13.  Similarly, in his own Rule 56 Motion, Plaintiff admitted  he "does not request summary adjudication of which activities are not 'directly involved in selling,' and cannot be compensated with commissions . . . ."  Dkt. No. 133-1 (Pl. Motion, p.14:4-6).

Accordingly, by Plaintiff's own admission, this Court can determine that Defendant has met its burden that it has not violated the law, or simply decide that both Plaintiff's and Defendant's Rule 56 Motions should be denied so that a trier of fact can make the requisite determinations as to the sales-related nature of the tasks at issue.  The logical conclusion is that Plaintiff is not requesting, nor has he provided this Court with the legal authority or evidence, to enter any form of judgment in his favor.  Either Defendant prevails, or a trial must be held.

### B.   Plaintiff Deliberately Dismissed His Rest Break Claim From This Action.

Plaintiff claims that Defendant failed to address the time Sales Associates allegedly spent taking rest breaks.  However, Defendant did not address time spent taking rest breaks as part of the minimum wage claim because it has never been part of that claim, Plaintiff dismissed his rest break claim from this case, and he is currently litigating it against Defendant in another pending class action.

When Plaintiff commenced this action, his Complaint asserted a claim for minimum wages premised on the assertion that Defendant's commission plan failed to compensate Sales Associates for specifically identified activities.  SUF No. 1.  The Complaint also asserted a separate and independent claim that Defendant failed to

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

1    authorize and permit paid rest breaks.  *See Id.*

2          With regard to his claim for minimum wages, Plaintiff's Complaint alleges that

3    Defendant's Sales Associates were not compensated for "time spent on non-sales

4    activities, such as cleaning the store, dis-assembling and assembling furniture,

5    delivering and loading furniture into the cars of Defendant's customers, and attending

6    meetings."  *Id.*  Time spent taking rest breaks was not identified in the Complaint as

7    being part of the minimum wage claim.  *Id.*  Also, in discovery, Plaintiff identified *all*

8    of the tasks which he contends were "non-sales activities: (i)

9    assembling/disassembling furniture ; (ii) delivering items to customers' cars; (iii)

10   cleaning after the store closed; (iv) stocking; and (v) attending sales meetings.  Supp.

11   Declaration of Scott Lidman ("Supp. Lid. Dec."), ¶2, Exh. A.  Again, Time spent

12   taking rest breaks was not identified as an uncompensated task.  *Id.*

13         Plaintiff then moved for class certification of his minimum wage and derivative

14   claims.  Dkt. No. 29.  In that motion, Plaintiff made no mention whatsoever of rest

15   breaks, and did not move for certification of his rest break claim.  *Id.*; Dkt. No. 29-1

16         And then, on August 16, 2013, this Court approved Plaintiff's knowing and

17   deliberate request to dismiss his claim for rest breaks.  SUF No. 6.  Subsequent

18   thereto, on September 30, 2013, Plaintiff filed against Defendant a second putative

19   class action ("*Vaquero II*") alleging that the same commission play plan at issue in

20   this case failed to compensate Sales Associates for rest breaks.  Supp. Lid. Dec., ¶3,

21   Exh. B.  The *Vaquero II* Complaint identified the primary issue to be resolved –

22   "whether Defendants failed and continue to fail to pay for rest periods to the members

23   of the Rest Period Class . . . ."  *Id.*

24         Plaintiff chose to dismiss his claim for rest break-related violations from this

25   case and pursue them in *Vaquero II*.  As such, Plaintiff's attempt to now claim that

26   time spent taking rest breaks is subsumed within his claim for minimum wages belies

27   all of his actions to date, and would inject into this case a claim that he dismissed.

28

**C.     Plaintiff Should Not Be Allowed To Create A Minimum-Wage Based Rest Break Claim Three Years Into The Case, Or To Split His Claims And Litigate Them Concurrently In Two Forums.**

A pleading may be amended to set forth allegations concerning events which took place before or after the original pleading was filed. F.R.C.P 15. Rule 15 has the purpose of providing the parties with fair notice of the general nature of the pleader's claim. *Foman v. Davis*, 371 US 178, 181-182 (1962).

Plaintiff's Complaint, discovery responses, and original Rule 56 Motion all establish that the alleged non-sales related activities for which Plaintiff is seeking minimum wages in this case do *not* include time spent taking rest breaks. That Plaintiff subsequently filed and continues to pursue his rest break-related claims in *Vaquero II* further establishes that time spent taking rest breaks has to date never been part of Plaintiff's minimum wage claim in this action.

The time for Plaintiff to have sought to amend his Complaint to add time spent taking rest breaks to his minimum wage claim has long since expired. Even so, Plaintiff has never sought to even try to amend his Complaint, nor supplement his discovery responses, to add such rest break time to his case.

That very significant delay has occurred, Defendant has already filed its dispositive motion and Plaintiff deliberately dismissed his rest break claim in this case and re-filed it in *Vaquero II*, demonstrates the prejudice Defendant would suffer if Plaintiff were not permitted to seek rest break time as part of his minimum wage claim. *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F3d 946, 953 (9th Cir. 2006).

Further, it would result in an improper splitting of claims insofar as Plaintiff would essentially be permitted to litigate his rest-break related claims based on Defendant's same commission pay structure in two forums. *Craig v. County of Los Angeles*, 221 Cal.App.3d 1294, 1301 (1990) (full recovery on a primary right must be obtained in a single lawsuit and cannot be "split" into successive suits, even based on different theories of recovery); *Mycogen Corp. v. Monsanto Co.*, 28 Cal.4th 888, 899

1    (2002) (party cannot split a cause of action based on simply seeking different relief for

2    the same primary right in two actions).

3           Defendant must be given proper notice as to what is at issue in a case so it can

4    properly defend against it.   Not identifying rest break time in this case, and actually

5    dismissing it leads to only one rational conclusion – rest break time is not part of

6    Plaintiff's minimum wage claim.  Allowing Plaintiff to proceed with this bait and

7    switch is impermissible on its own, but would also open the floodgates to allow

8    Plaintiff to continue at his leisure to add various work activities allegedly performed

9    by Sales Associates to his minimum wage claim, when he long ago in discovery very

10   specifically listed each and every activity for which he was seeking compensation on

11   behalf of the class.  Litigation is not designed to require Defendant to defend against a

12   moving target.

13          Accordingly, Plaintiff's argument that Defendant somehow failed to address

14   rest break time in its moving papers holds no weight.  Defendant was not required to

15   address a claim that Plaintiff not only dismissed, but is currently prosecuting in a

16   separate, pending action.

17   **D.     Defendant Has Not Conceded Its Commission Pay Structure Is Unlawful.**

18          In his Opposition, Plaintiff makes a baseless and unsupported assertion that

19   Defendant has somehow conceded that its commission only pay structure was

20   "unlawful."  Opp., p.1:14-16.  The truth is that Defendant has never made any such

21   concession.  To the contrary Defendant contends that all of the activities which

22   Plaintiff contends were not related to sales were part and parcel of the overall sales

23   process such that, as a matter of law, commissions properly compensated Sales

24   Associates for all such activities.

25          If Defendant is correct than it has not committed any minimum wage violations

26   and its commission only pay structure in the context of this case is entirely lawful.

27   Further, both in his own Rule 56 Motion and in his Opposition to this Motion,

28   Plaintiff asserts that determining whether any of the specifically identified tasks

performed by Sales Associates at issue in this case is for a trier of fact. It is Plaintiff who concedes that Defendant can prevail in this case, not the other way around. Plainly, Defendant's commission only pay structure cannot be found to be generally unlawful – rather, it is only deemed unlawful if it is determined that it did not properly pay for the various work activities Plaintiff has placed at issue in this case. Defendant has never even remotely conceded that to be the case.

**E.** **Plaintiff's Reliance On The *Vaquero II* Appellate Decision And A String Of Piece Rate Cases, Is Misplaced.**

Plaintiff relies heavily on the decision in *Vaquero*, 9 Cal. App. 5th 98, to wrongly contend that the pay plan at issue in this case was "unlawful" and, therefore, dispositive of the issues in this case. Reliance on this appellate decision is misplaced and does not resolve the core issues involved here -- whether various work activities are or are not related to sales.

*Vaquero*, 9 Cal. App. 5th 98 involved a finite and discrete issue – whether "employees paid on commission only are entitled to separate compensation for rest breaks mandated by state law." *Id*. at 102. *Vaquero* held merely that Defendant's commission pay structure failed to compensate Sales Associates for rest breaks which is time an employee is relieved of all work duties.[1] *Id*. at 117. *Vaquero* did not hold that the commissions paid by Defendant could not satisfy minimum wage obligations with regard to various _work_ activities.

Thus, although *Vaquero* evaluated the same commission plan at issue in this case, its discussion and ultimate holding was quite limited in that it addressed rest break time only – an activity not at issue in this case. It simply provides no guidance here, and is not dispositive of any of the issues addressed in this Motion.

Plaintiff also improperly relies on *Gonzalez v. Downtown LA Motors, LP*, 215

---

[1] And, even during rest breaks, a Sales Associate could still be in the process of earning a commission if he/she was working with a customer and took a break while the customer perused the store, and then purchased an item from the Associate after the break was completed.

Cal. App. 4th 36 (2013) -- another case that did not involve commissions, and did not address whether or not certain activities were or were not related to sales. However, Plaintiff continues to ignore that *Gonzalez* explicitly stated it was not considering issues related to commission plans: "***We do not address or consider employees who are compensated under commission payment plans or any other incentive-based compensation systems.***" *Id.* at 54-55 (emphasis added).

The relevant inquiry in this case not addressed by the cases cited by Plaintiff – whether certain activities were related to sales and hence lawfully compensated by commissions – has been addressed. Labor Code section 204.1 states that "commission wages are compensation paid to any person for *services rendered in the sale* of such employer's property or services and based proportionately upon the amount or value thereof." Cal. Lab. Code § 204.1. Pursuant to the plain language of the Labor Code, commission pay may lawfully compensate employees for any "services rendered in the sale of" goods or services.

Also, while Plaintiff mightily tries to rely on *Ramirez v. Yosemite Water Co.*, 20 Cal. 4th 785, 803 (1999) to support his assertion that any activity that is not itself part of some theoretical and singular sales act, he misstates the law. *Ramirez* explained, that activities that are done for the purpose of making a sale are not merely "incidental to" sales and are to be considered sales work. This proves Defendant's point – a sale is not a singular act, but rather a process, ever part of which is critical to the whole and the goal – building a relationship to close a sale.

*Muldrow v. Surrex Solutions Corp.*, 208 Cal. App. 4th 1381 (2012) confirmed and expanded upon the principles articulated in *Ramirez*. *Id.* at 1392. *Muldrow* held that activities done for the purpose of facilitating sales or future sales are all considered "selling" or sales activities. *Id.* at 1392. In other words, it recognized that selling is a broad process, not a singular act. *Id.* It held that various activities a sales person engages in prior to and after the actual point in time the sale is made are considered sales-related activities. It correctly articulated selling as a process, and not

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

a singular act to be viewed in a vacuum.  *Id*.

Rather than address *Muldrow* in a substantive manner, Plaintiff instead attempts to argue that a sale is merely a singular act, and any other work performed by a sales person cannot be related to sales.  Not only is this not true, it not the law.

Accordingly, Plaintiff's summary of the law as it relates to pay averaging and reliance on a piece rate cases (none of which address the issue relevant here – whether certain activities are related to sales) is irrelevant.

**F.   Plaintiff's Focus On Rest Breaks And Zone Recovery Activities Demonstrates That The Court May At Least Grant Partial Summary Judgment Finding That The Other Work Activities At Issue In This Case Are, As A Matter Of Law, Related To Sales.**

Plaintiff's Opposition primarily focuses on two particular tasks which they claim were uncompensated by the commission pay: (i) rest break time; and (ii) zone recovery cleaning.  As explained above, rest break time is not even at issue in this case.  As for zone recovery cleaning, Plaintiff has failed to present sufficient legal argument or genuine issues of disputed fact that would require a trier of fact to determine whether such an activity is indeed related to sales.

Defendant submitted undisputed evidence of the nature of Zone Recovery, which includes activities such as fluffing pillows, adjusting an accessory to the right place within the zone, straightening items and price tags, and light dusting if needed.  SUF Nos. 46-62.  Additionally, Defendant's undisputed evidence regarding the nature and purpose of Zone Recovery – to enhance the customer experience by allowing them to visualize the furniture as their own and increase the likelihood of a sale.  *Id*.  Plaintiff has failed dispute this, by facts or law.

Plaintiff also has made no attempt to dispute Defendant's undisputed facts regarding the nature of sales meetings and learning training modules.  SUF Nos. 32-45.  Accordingly, the Court must accept that the purpose of those meetings is to review sales goals, review sales from the day before, review current sales standings, role play, inform Sales Associates regarding products, introduce new products to sell,

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

and review the eight steps of selling. *Id*. The Court must also accept as true that the purpose of product knowledge modules is to inform the Sales Associates about Defendant's products so that the Sales Associates can effectively sell them. *Id*.

It belies common sense to suggest that a Sales Associate can sell a product without being informed as to its nature, qualities and benefits. Arguing such meetings and training modules are not related to sales is not supported by evidence or the law.

The same is true regarding wrapping, assembling, and carrying purchased items to a customer's car. To Plaintiff, the sale seemingly stops once the customer pays. However, based on *Muldrow*, the sales process is far more broad. Indeed, Plaintiff has failed to submit any evidence disputing the fact that, when Sales Associates undertake activities such as wrapping, carrying out sold products, or assembling furniture, this is done for the purpose of building an ongoing customer relationship that may foster further sales for that particular Sales Associate, by encouraging repeat business. SUF Nos. 67-86. Plaintiff does not, and cannot, reasonably dispute that these activities are integral to, and part and parcel of, the overall sales process.

Based on the foregoing and because activities done <u>for the purpose of facilitating sales or future sales</u> are all considered sales activities, the Court should grant partial summary judgment finding these tasks, as a matter of law, are related to sales and properly compensated by the commissions paid.

## G. Plaintiff Failed To Present Sufficient Facts Or Law To Demonstrate That Partial Summary Judgment Should Not Be Granted As To His Claim For Inaccurate Wage Statements (Class-Certified Claim).

In his Rule 56 Motion, Plaintiff did <u>*not*</u> seek summary judgment on his (class-certified) Labor Code section 226 claim for wage statement violations. Nonetheless, Plaintiff opposes Defendant's Motion as to that claim, but provides no legal authority, legitimate argument, nor any genuine issues of disputed facts to sufficiently oppose that the claim fails as a matter of law.

The purpose of Section 226 to require only that employers provide sufficient, itemized wage-related statements that allow employees to determine whether he or she

has been appropriately compensated for hours worked.  *See Cicairos v. Summit Logistics,* 133 Cal. App. 4th 933, 955 (2005).

The plain language of Section 226, its legislative history, and the case law interpreting it make clear that its purpose is to ensure that employees are provided with sufficient information to ascertain *what they were in fact paid*, not to address issues regarding disputed wages.  Stated otherwise, a Section 226 claim cannot be legally premised on an argument that a wage statement did not include amounts *which were not paid* but which are later claimed to be owed but disputed.  And that is precisely what Plaintiff is contending here.  So, because Plaintiff does not allege that the wage statements were independently inaccurate, and only derivative of his claim for disputed minimum wages, his claim under 226 cannot proceed as a matter of law.

Even further, 226 requires that any wage statement violation be "knowing and intentional.  Lab. Code ¶226)(e)(1).  Considering this requirement, since Defendant had, and continues to have, a good faith belief that Sales Associates were properly compensated for their work-related tasks by commissions (an issue Plaintiff himself contends must be decided by a trier of fact), Plaintiff cannot make any rational showing that any alleged wage statement violations were "knowing and intentional." *See Boyd v. Bank of America Corp.*, 109 F.Supp.3d 1273, 1308 (C.D. Cal. 2015) (defendant's belief that employees were properly classified as exempt, even if ultimately incorrect, precludes a finding of a knowing and intentional violation of 226).  His 222 claim, therefore, fails as a matter of law.

**H.    Plaintiff Failed To Present Sufficient Facts Or Law To Demonstrate That Partial Summary Judgment Should Be Granted As To His Claim For Waiting Time Penalties (Uncertified Claim).**

Plaintiff makes no effort to provide any legal authority or legitimate argument that partial summary judgment should not be entered in Defendant's favor on his Labor Code section 203 claim for waiting time penalties.  Indeed, Plaintiff merely states that summary judgment should not be granted on that claim because Defendant's commission pay structure "has been found, consistently since 2005, to

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

10.

underpay employees by failing to pay for all hours worked." Plaintiff does not, however, provide any legal authority or actual evidence to support this assertion.

And, to date, there is still no binding authority which mandates as a matter of law that Defendant's commission pay structure did not properly compensate Plaintiff for all of the work-related tasks he performed during his employment. Thus, to argue that Defendant has known since 2005 that its commission pay structure was unlawful is belied by all relevant facts and law.

Further, Plaintiff did not address that so long as there is a good faith dispute that wages are owed, 203 penalties are not recoverable. *See Amaral*, 163 Cal. App. at 1201-04 (2008); *Barnhill v. Robert Saunders & Co*., 125 Cal. App. 3d 1, 7-8 (1981); *Dalton*, 2011 U.S. Dist. LEXIS 29835, at *5 (203 claim invalid on grounds that a good faith dispute existed).

Plaintiff argues that a trier of fact must decide whether the tasks performed by Plaintiff were related to sales and, thus, properly compensated by his commission pay. By arguing such, he admits that Defendant can prevail at trial if a trial is indeed necessary. And, as explained above, Defendant prevailed in *Vaquero II* in the trial court based in its good faith defense that its commission pay structure compensated Sales Associates for all hours worked, including rest break time. Supp. Lid. Dec., ¶4, Exh. C. Thus, even though that decision was reversed on appeal, it demonstrates the existence of a good faith defense. These facts, in and of themselves, renders Plaintiff's Labor Code section 203 claim invalid as a matter of law.

## I.   Summary Judgment Should Be Granted In Favor Of Defendant As To Plaintiff's Claim Under Business & Professions Code Section 17200 And PAGA For The Same Reasons As Summary Judgment Should Be Granted As To Plaintiff's Underlying Claims On Which It Is Based.

Plaintiff asserts that his claims under Business & Professions Code section 17200 and PAGA should survive Defendant's Motion for the same reasons that his underlying claims should survive. However, the converse is true. For the very same reasons that Plaintiff's underlying claims should be summarily adjudicated in favor of

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

11.

Defendant, so too should the claims under 17200 and PAGA since they are completely derivative of said underlying claims.  Plaintiff has provided no argument or legal authority to allow for any other result.

And, even if this Court does not grant complete summary judgment in favor of Defendant as to all claims and issues, to the extent partial summary judgment is granted as to any particular activity alleged by Plaintiff, partial summary judgment should also be granted as to the same claim as in the 17200 and PAGA claims.  *See Elliot v. Spherion Pacific Work, LLC*, 572 F. Supp. 2d 1169, 1181-82 (2008) (granting SJ on PAGA claim "wholly dependent" on failed Labor Code claims);

**J.     The PAGA Claim Cannot Proceed Because Not Certified Under Rule 23.**

It is undisputed that Plaintiff never moved for class certification of his claim under PAGA.  Plaintiff cites to various district court cases indicating that a PAGA claim need not be certified.  However, no such cases are binding on this Court and do not provide an indication of how the Ninth Circuit would rule on such an issue. Plaintiff also ignored Supreme Court authority that because a "class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only,'" representative actions must satisfy the requirements of Rule 23. *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2451, 2551 (2011); *see also Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 400 (2010) (affirming that Rule 23 automatically applies 'in all civil actions).

## III.   CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that the Court grant its Motion for Summary Judgment in its entirety.

DATED:     July 10, 2017

/s/ *Scott M. Lidman*
SCOTT M. LIDMAN
LITTLER MENDELSON, P.C.
A Professional Corporation
Attorneys for Defendant
STONELEDGE FURNITURE LLC

Firmwide:148568312.4 061736.1008

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

12.