Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
5670 Wilshire Boulevard, Suite 1460
Los Angeles, CA 90036-5664
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

Raphael A. Katri, Esq. (#221941)
LAW OFFICES OF RAPHAEL A. KATRI
8549 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90211-3104
Tel.: (310) 940-2034 / Fax: (310) 733-5644
Email: RKatri@socallaborlawyers.com

Michael D. Singer, Esq. (#115301)
Jeff Geraci, Esq. (#151519)
COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101-5305
Tel.: (619) 595-3001 / Fax: (619) 595-3000
Email: Singer@ck-lawfirm.com

Attorneys for Plaintiff RICARDO BERMUDEZ VAQUERO,
on behalf of himself and all others similarly situated

ADDITIONAL COUNSEL ON NEXT PAGE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICARDO BERMUDEZ VAQUERO, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>ASHLEY FURNITURE INDUSTRIES, INC., a Wisconsin Corporation; STONELEDGE FURNITURE LLC, a Wisconsin Limited Liability Corporation, and DOES 1 through 10, Inclusive,<br><br>  Defendants. | Case No.: 2:12-cv-08590-PA-MAN<br>Honorable Percy Anderson<br>Courtroom 15<br><br>**CLASS ACTION**<br><br>**JOINT *EX PARTE* APPLICATION TO STAY ACTION PENDING CLASS-WIDE SETTLEMENT IN THE RELATED ACTION CURRENTLY PENDING IN STATE COURT ENTITLED *VAQUERO, ET AL. V. STONELEGE FURNITURE*; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Action filed: August 24, 2012<br>Trial date: November 26, 2013 |

- 1 -

**JOINT *EX PARTE* APPLICATION TO STAY ACTION**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

1  J. KEVIN LILLY, Bar No. 119981
   klilly@littler.com
2  SCOTT M. LIDMAN, Bar No. 199433
   slidman@littler.com
3  LITTLER MENDELSON, P.C.
   2049 Century Park East
4  5th Floor
   Los Angeles, CA  90067.3107
5  Telephone: 310.553.0308
   Facsimile: 310.553.5583
6
   Attorneys for Defendant
7  STONELEDGE FURNITURE LLC

8

Law Offices of
Kevin T. Barnes
5670 Wilshire Blvd.
Suite 1460
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101
Barnes@kbarnes.com

- 2 -

**JOINT *EX PARTE* APPLICATION TO STAY ACTION**

Plaintiff RICARDO BERMUDEZ VAQUERO, on behalf of himself and all others similarly situated ("Plaintiff"), and Defendant Stoneledge Furniture, LLC ("Defendant") hereby jointly apply, *ex parte*, to this Court for a stay of the action based on the following:

## JOINT *EX PARTE* APPLICATION

**A.     Relevant Procedural History**

   1.     This Action (*Vaquero I*).

On August 24, 2012, Plaintiff Ricardo Bermudez Vaquero ("Plaintiff") filed the instant action against Stoneledge Furniture LLC[1] alleging various putative class wage and hour claims ("*Vaquero I*"). The case was timely removed to this Court on September 17, 2012. In *Vaquero I*, Plaintiff is prosecuting certified minimum wage and derivative wage statement and civil penalty claims on behalf of Sales Associates working at Stoneledge retail furniture stores in California through March 29, 2014.  Plaintiff primarily alleged that the commission-only pay structure utilized by Defendant to pay its Sales Associates through March 29, 2014 failed to properly compensate Sales Associates for all activities, including those they alleged were not related to sales.

On June 17, 2013, this Court granted, in part, Plaintiff's motion for class certification. (*See* Dkt. #48).  That certification decision was appealed to the Ninth Circuit by Defendant, and on June 8, 2016, the Ninth Circuit affirmed this Court's decision.

On August 26, 2016, this Court stayed this action pending resolution of the appeal in the related case entitled *Ricardo Bermudez Vaquero and Robert Schaefer, v. Stoneledge Furniture, LLC*, California Court of Appeal Case No.

---

[1] Plaintiff also initially filed this action against Ashley Furniture Industries, Inc., but that entity was dismissed by the Court pursuant to a stipulation by the Parties. (*See* Dkt. #60).

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 3 -

**JOINT *EX PARTE* APPLICATION TO STAY ACTION**

B269657 ("*Vaquero II*"). (Dkt. No. 120).

On September 22, 2017, this Court issued an opinion (Dkt. #144) on Plaintiff's Motion for Partial Summary Judgment (Dkt. #133) and Defendant's Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment (Dkt. #131), denying Plaintiff's motion and granting and denying, in part, Defendant's motion.

On October 3, 2017, this Court set trial in this action to commence on December 12, 2017, and also ordered the Parties to complete a settlement conference by October 23, 2017. (Dkt. #145)

2. <u>*Vaquero II*</u>.

On September 30, 2013, Plaintiff and another former Sales Associate, Robert Schaefer, filed a second lawsuit against Stoneledge in California state court. Los Angeles Superior Court Case No. BC522676 ("*Vaquero II*"). *Vaquero II* alleges that the Sales Associates who comprise the class in *Vaquero I* who were paid primarily on a draw/commission basis were not properly compensated for rest periods. *Vaquero II* alleges a substantive claim for rest break violations pursuant to Labor Code section 226.7, as well as a claim for waiting time penalties.

On October 7, 2014, pursuant to a stipulation between the Parties, the Court in *Vaquero II* certified a class of Sales Associates working at Stoneledge stores through March 29, 2014 – substantially the same class that is at issue in *Vaquero I*.

On December 29, 2015, the Court in *Vaquero II* granted Stoneledge's motion for summary judgment and held that *Armenta* and its progeny did not apply to Stoneledge's commission-only pay structure, and that its pay plan properly compensated Sales Associates for time spent taking rest periods.

On February 28, 2017, the California Court of Appeal issued its decision, reversing the trial court's ruling granting summary judgment in favor of Defendant, and directing the trial court to enter a new order denying Stoneledge's motion for summary judgment and Stoneledge's motion for summary adjudication

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 4 -
**JOINT *EX PARTE* APPLICATION TO STAY ACTION**

on the cause of action for violation of section 226.7. On March 20, 2017, the Court of Appeal modified its opinion, with no change in judgment. *Vaquero II* was then remanded back to state court and it currently remains pending.

      3.      <u>Mediation/Settlement Negotiations and A Global Settlement Reached in *Vaquero I* and *Vaquero II*</u>.

Since *Vaquero I* was first filed and after *Vaquero II* was filed, the Parties participated in two formal mediations. At both mediations, the Parties at all times were discussing resolution of both cases combined on a global basis. The second mediation which occurred in late 2014 was presided over by experienced class action mediator Robert J. Kaplan. Although that mediation did not result in a resolution, Mr. Kaplan continued to work with counsel for the Parties to achieve a global settlement of the cases.

On or about October 17, 2017, with the help of Mr. Kaplan, the Parties finally agreed to a global class-wide settlement of all claims in both *Vaquero I* and *Vaquero II*, subject to Court approval. On October 17, 2017, the Parties executed a written Memorandum of Understanding detailing the primary terms of the global class-wide settlement, and are currently working on a long form agreement.

**B.**     <u>**To Avoid Confusion to The Class Members in *Vaquero I* and *Vaquero II* and For Efficiency of the Courts, Approval Of The Settlement Should Be Processed by The State Court in *Vaquero II* And This Action Should Be Stayed Pending Same**</u>**.**

Because: (i) the classes in *Vaquero I* and *Vaquero II* are substantially overlapping; (ii) the claims in both cases are based on the same legal theory and the same commission-only pay plan; and (iii) both cases have the same class and defense counsel, the Parties when discussing potential settlement at all times were discussing a global resolution of both cases.

Now that the Parties have indeed reached a global class-wide settlement of both cases, they must proceed to have a court approve and process it. The Parties

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 5 -

**JOINT *EX PARTE* APPLICATION TO STAY ACTION**

believe that requiring them to process two separate settlements in both state and federal court would be confusing to the settlement class members and would result in significant inefficiencies.

First, if the global settlement were processed in two courts with independent settlements, the settlement class members would receive two separate notices and would likely result in substantial confusion.

Second, if the Parties had to proceed in two courts with two separate class-wide settlements, they would naturally proceed on two different timelines which would result in one settlement having to be delayed while the other was processed. Further, if any objections are filed and potentially sustained, it is possible that one settlement could wind up on appeal while the other must sit and wait.

Third, with two separate courts evaluating the fairness of the settlement, there is the potential for conflicting rulings, not to mention the Parties utilizing the resources of two courts for essentially the same purpose of evaluating the global settlement. This would result in a waste of judicial resources.

Accordingly, the Parties agree that both cases should be jointly provided to one tribunal to adjudicate all further proceedings regarding settlement and dismissal of this matter. This would be in the interest of judicial economy and preservation of the Court's and the parties' time and resources. And although the Parties are confident that this Court could is more than capable of evaluating the global class-wide settlement fairly, they believe that the Honorable Elihu M. Berle in Department 323 of the Central Civil West complex courthouse of the Los Angeles County Superior Court who is overseeing *Vaquero II* can do the same and has the availability and capacity to adjudicate the fairness of the settlement without any delay due to the nature of the complex department in Los Angeles County Superior Court.

As such, the Parties hereby jointly request that this Court: (i) vacate all pending dates in this action; (ii) stay this action pending approval and resolution of

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 6 -
**JOINT *EX PARTE* APPLICATION TO STAY ACTION**

the global settlement in *Vaquero I* and *Vaquero II*; (iii) require the Parties to submit joint status reports every 45 days to report on the status of the settlement; and (iv) require the Parties to report to this Court upon final approval of the settlement so that this action may be dismissed.

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 7 -

**JOINT *EX PARTE* APPLICATION TO STAY ACTION**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. LEGAL ARGUMENT

### A. This Court Has The Inherent Power to Stay This Action

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Lockyer v. Mirant Corp.*, 398 F. 3d 1098, 1110 (9th Cir. 2005); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *Ellison Framing, Inc. v. Zurich American Ins. Co.*, 805 F.Supp. 2d 1006, 1012 (E.D. Cal. 2011). Those interests include: (i) the possible damage that may result from the granting of a stay; (ii) the hardship or inequity which a party may suffer in being required to go forward; and (iii) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected from the result of a stay. *Landis, supra*, 299 U.S. at 254-255.

Stays in district courts are routinely imposed when other courts are anticipated to address important and related legal matters at issue. *See, Hess v. Fremont Unified School Dist.,* 2009 WL 32519 (N.D. Cal. Jan. 5, 2009) (federal court action alleging wage/hour claims stayed pending resolution of a state court action involving similar issues and which had progressed further and was on appeal); *Ganezer v. DirectBuy, Inc.*, 571 F.3d 846 (9th Cir. 2009) (remanding with instructions to stay proceedings pending a decision by the United States Supreme Court in a related case); *McArdle v. AT & T Mobility LLC*, 2010 WL 2867305, at *1-2 (N.D. Cal. July 20, 2010) (granting stay based on defendant's argument that a decision in a similar case pending before the Supreme Court could require the district court to vacate any rulings, including any class certification, in the putative class action before it); *Gong-Chun v. Aetna, Inc.*, 2010 WL 1981175, at *5 (E.D.

- 8 -
JOINT *EX PARTE* APPLICATION TO STAY ACTION

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

Cal. May 17, 2010) (case stayed pending the California Supreme Court's decision in *Brinker Restaurant Corp. v. Superior Court (Hohnbaum)*, 53 Cal. 4th 1004 (2012)); *Lew v. Countrywide Financial Corp.*, 2009 WL 1384975 (N.D. Cal. Feb. 24, 2009) (same); *Thomas v. Avis Budget Group LLC*, 2009 WL 2767719, at *2 (C.D. Cal. Aug. 26, 2009) (same); *Bibo v. Fed. Express, Inc.*, 2009 WL 1068880, at *14 (N.D. Cal. Apr. 21, 2009) (same); *Gabriella v. Wells Fargo Financial, Inc.*, 2009 WL 188856, at *1 (N.D. Cal. Jan. 26, 2009) (same).

**B.   Good Cause Exists For A Stay of These Proceedings.**

As explained above and below, good cause exists for, and all of the relevant factors set forth in *Landis, supra*, 299 U.S. at 254-255 weigh in favor of, staying these District Court proceedings pending approval and resolution by the state court in *Vaquero II* of the global class-wide settlement

**1.   No Damage Will Be Caused If a Stay Is Issued.**

The Parties agree that there is no legitimate damage that would be suffered by either Party if a further stay is issued pending approval and resolution by the state court in *Vaquero II* of the global class-wide settlement.  Indeed, it will avoid confusion to the class members, avoid inconsistent rulings and judgments, and will conserve judicial resources.  Indeed, that the Parties are jointly filing this request concedes that fact insofar as neither Party would agree to a stay if they reasonably believed it could cause any damage.

And, as explained throughout this application, the Parties agree that a stay would actually be helpful to the Court and the Parties by potentially conserving valuable resources and avoiding any confusion to the class members.  Thus, no damage will be caused to the Parties or the classes if a stay is issued.

**2.   The Hardship or Inequity Which The Parties May Suffer If A Stay Is Not Issued.**

If a stay is not issued, the Parties will have to potentially break up the global settlement and seek approval of same in two separate courts.  This will require the

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 9 -

**JOINT *EX PARTE* APPLICATION TO STAY ACTION**

1 unnecessary expenditure of significant resources, create the potential of conflicting
2 rulings and/or judgments, place settlement on two different timelines and require
3 two courts to expend resources addressing the same issue.

### 3. A Stay Would Result In An Orderly Course Of Justice Because Only One Court Would Have to Assess The Fairness Of The Global Class-Wide Settlement.

By staying these proceedings pending approval and resolution by the state court in *Vaquero II* of the global class-wide settlement, the Court can avoid confusing class members, and can conserve its time and resources and avoid the potential of issuing rulings which might conflict with the Court in *Vaquero II*.

## II. CONCLUSION

For all of the reasons set forth herein, the Parties jointly request that this Court vacate all pending dates, and stay all proceedings in this District Court pending approval and resolution by the state court in *Vaquero II* of the global class-wide settlement.

Dated: October 24, 2017         LAW OFFICES OF KEVIN T. BARNES
                                LAW OFFICES OF RAPHAEL A. KATRI
                                COHELAN KHOURY & SINGER

                                By:   */s/ Kevin T. Barnes*
                                      Kevin T. Barnes, Esq.
                                      Michael D. Singer, Esq.
                                      Attorneys for Plaintiff

Dated: October 24, 2017         LITTLER MENDELSON, P.C.

                                By:   */s/ Scott Lidman*
                                      Scott Lidman, Esq.
                                      Attorneys for Defendant

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 10 -
**JOINT *EX PARTE* APPLICATION TO STAY ACTION**